IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

Jimmie E. Parker, Pro Se
Full name and prison number
of plaintiff(s) AIS # 199999

2007 JUL -9 A 9:41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.

Troy King, AL. Attny. Gen., et al., in official
and individual cap., and W.M. Coppage,
AL. Dir. of Public Safety, et al., and
Richard Allen et al., Comm. of AL Dept.
of Corrs., in their official capacities.
Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

CIVIL ACTION NO. 2:07cv624-WKW
(To be supplied by Clerk of
U.S. District Court)

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES ( )  NO (X)

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES ( )  NO (X)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) _____

            Defendant(s) _____

            _____

        2.  Court (if federal court, name the district; if
            state court, name the county) _____

            _____

3. Docket number ✓

4. Name of judge to whom case was assigned ✓

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) ✓

6. Approximate date of filing lawsuit ✓

7. Approximate date of disposition ✓

II. PLACE OF PRESENT CONFINEMENT Hamilton A+I, 223 Sasser Dr, Hamilton, AL. 35570

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED Same Hamilton A+I

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME                                   ADDRESS

1. Troy King, 11 South Union St, Montgomery, AL. 36130-0151
2. W.M. Coppage, P.O. Bx. 1511, 500 Dexter Ave, Montgomery AL. 36102
3. Richard Allen, 1400 Lloyd St Montgomery, AL. 36107

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED imminent danger of Constitutional Rights violations before and/or after my July 25th 2007 release date, and Prosecution for exercising my Constitutional Rights.

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: Constitutional challenge to the retroactive application of the AL. Comm. Not. Act, AL. Title Code 15-20-20 et.al, Acts 1996 thru 2005, hereinafter the Act, on it's face, in it's effects, and as applied retro. to a single, 1983, misdemeanor, criminal conviction, occurring over a decade prior to the Act, which removes many Const. vested rights, alters one's status under the law, increases legal consequences and legal obligations under the law, creates new offenses for conduct previously legal, when applied to a crim. conv. prior to the Act, violates Due Process, the Separation of Powers Doctrine, Double Jeopardy, Ex Post Facto and Bills of Attainder. Plaintiff is ending a D.U.I. sentence with no probation nor parole. (A,1)

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

The AL. Attny. General, The AL. Dir. of Public Safety, and the Commissioner of AL. DOC. are respectively charged with the duties of enforceing, implementing and applying the Act.. This Court has Jurisdiction under 28 USC. 1331 and venue is proper under 42 USC. 1983.

GROUND TWO: Ex Post Facto Law is violated by any statute, no matter how labled crim. or civil, that relates to a crim. conv. occurring prior to the statute, and removes const. vested rights, and increases legal consequences as does the Act.

SUPPORTING FACTS: The Act, removes many Constitutionally vested rights, alters one's legal status, and situation to their disadvantage, imposes affirmative disabilities and restraints, increases one's legal obligations, creates new offenses for conduct previously legal, removes and/or infringes on Liberty, Freedom and The Pursuit of Happiness, in violation of Ex Post Facto Law, when applied retro to a Crim. Conv. occurring over a decade prior to the Act.

GROUND THREE: Due Process guarantees fair warning of legal consequences and is violated by retro legislation and/or retro judicial interpretation. Retro application of the Act. violates Due Process.

SUPPORTING FACTS: The Legislative intent section, 15-20-20.1, states "proper exercise of State's police power regulating present and on-going conduct" etc., can never be said to apply to a single, criminal offense occurring over a decade prior to the Act.

Any retro interpretation or application violates Due Process, where the Act. removes and/or infringes on fundamental and inalienable and other Constitutionally vested rights, increases legal obligations and consequences, alters one's status under the law, and creates new offenses for conduct legal prior to the Act., in relation to a criminal conviction occurring over a decade prior to the Act.

(A.2)

Ground 4 The Separation of Powers Doctrine is violated by retro legislation and/or retro judicial interpretation to effect what is Constitutionally forbidden of the Legislature. Retroactive application of the Act, which removes or inhibits inalienable and other Constitutionally vested rights, removes and infringes upon one's Liberty, Freedom, and pursuit of happiness, and one's right to interstate travel, and the rights to contract and freely apply one's trade, when applied to a single criminal conviction occurring over a decade prior to the Act, violates the Separation of Powers Doctrine by legislative punishment and/or judicial interpretation.

Supporting Facts

Statutes are not to be applied retroactively absent expressed retroactive language. The Legislative intent section indicates prospective language only. The Act removes Constitutionally vested, inalienable, fundamental, and other rights. The Alabama Judiciary and the AL. Attny. General have given the Act. retroactive language the Act. does not possess, in violation of the Separation of Powers Doctrine, when the Act. is applied retroactively for a criminal conviction occurring over a decade prior to the Act.

(A,3)

<u>Ground 5</u> Constitutional prohibitions against Double Jeopardy is violated by retroactive application of the Act. to a criminal conviction occurring over a decade prior to the Act, which on its face, in its effects, and as applied constitutes punishment.

<u>Supporting Facts</u>, Deprivations of Constitutional Rights, Liberty, Freedom, and The Pursuit of Happiness, accompanied by in person periodic reporting to law enforcement, whether or not one's info has changed, and advance notice of intent to change one's residence and/or employment locations, in relation to a past criminal conviction, is by definition and in effect an illegal custody, not authorized at time of conviction, and the Act. violates Double Jeopardy laws when applied retroactively to a conviction occurring over a decade prior to the Act.

<u>Ground 6</u> Bill of Attainder/Pains and Penalties, is violated by the retroactive application of the Act. to a criminal offense occurring over a decade prior to the Act, on its face, in its effects and as applied

<u>Supporting Facts</u> The Act. removes and/or infringes on inalienable and other constitutionally vested rights, operates to disadvantage and oppress, creates new offenses for conduct legal prior to the Act., increases the legal obligations and consequences, creates stigma plus disabilities, causing affirmative disabilities and restraints, and violates laws prohibiting Bills of Attainder/Pains and Penalties, when applied retroactively for a criminal conviction occurring over a decade prior to the Act.

(A.4)

<u>Ground 7</u>   The Act violates the Privileges and Immunities Clause by removing and/or infringing upon Constitutionally vested rights, retroactively for a criminal conviction occurring over a decade prior to the Act.

<u>Support Facts</u>   The Act imposes restrictions and prohibitions on Liberty, Freedom, the Pursuit of Happiness, the Right to Contract, the Right to Freely Apply one's Trade within the Community, Close Family Associations, the Right to Lease Lands, the Right to Interstate Travel, by prohibiting any change in residence or employment on short notice or no notice at all, then prohibiting working and/or contracting, risiding and/or living accomodations in prohibited areas and with certain individuals. These prohibitions and restrictions on Liberty, Freedom, Pursuit of Happiness, Rights of Close Family Associations, Property Rights, and Economic Rights, which are enjoyed by all Citizens of the United States, can never be denied retroactively for a criminal conviction occurring over a decade prior to the Act.

(A.5)

<u>Ground 8</u>  The Act. violates Ex Post Facto Law, on it's face and in it's effects as applied retroactively to a criminal conviction occurring over a decade prior to the Act.

<u>Supporting Facts</u>  The Act. applies to all classifying convictions the same, it has no escape, relief or release clause, violations are prosecuted without opportunity to correct violations as most civil statutes allow for. Violations are prosecuted in criminal court, violations carry sever felony punishments, sentences for convictions of violations of the Act. are enhanced by application of the Habitual Felony Offender Act, 13A-5-9, which states; "when a <u>criminal defendant</u>" has been previously convicted of a felony" etc., indicating the State's acknowlegement the Act. is a criminal statute, and retroactive application of the Act. violates Ex Post Facto Law when applied to a criminal offense occurring over a decade prior to the Act..

(A.6)

<u>Ground 9</u>   The Act is overly broad and excessive in scope, application and duration, on it's face, and in it's effects, and as applied retroactively to a single criminal conviction occurring over a decade prior to the Act, and almost 25 yrs. in the past, considering 13A-11-200, the Sex Offender Registration statute in effect at time of conviction and still concurrently in effect with the Act.

<u>Supporting Facts</u>   15-20-33(c) states the concurrent effect of 13A-11-200, which requires those with classifying convictions to register with Law Enforcement within 7 days of establishing a residence within any County in Alabama, 13A-11-200 adequately protects the public interest in relation to new state residents and those with classifying convictions before the Act, indicating Legislative acknowledgement of non-retroactive application of the Act, by leaving 13A-11-200 concurrently effective, and also shortening the period in which to register from 30 to 7 days, and increasing the penalty from misdemeanor to felony in 2005, under 13A-11-200.

(A. 7)

Ground 10  15-20-26.2, Documentation of Identity, is punishment in violation of Due Process, Double Jeopardy, Ex Post Facto, and the Separation of Powers Doctrine, on it's face, in it's effects, and as applied retroactively for a criminal offense occurring over 2 decades before the effective date of the Statute (Acts 2005), in that it is the modern day version of the historical punishment of branding, with the same effects of the branding punishment, by creating stigma plus disabilities of lossed opportunities for housing and employment and community ostracism.

Supporting Facts  15-20-26.2 requires one obtain and always possess a State I.D. or Driver's License that bears a Sex Offender Designation, creating stigma plus disabilities and affirmative disabilities and restraints, within the community by presentment of said I.D. or Driver's License for employment, housing or everyday mundane transactions, violating Due Process, Double Jeopardy, Ex Post Facto, and the Separation of Powers Doctrine when applied retroactively to a single criminal offense occurring over 2 decades prior to the statute.

(A.8)

<u>Ground 11</u>   15-20-26(A) prohibiting certain residence and employment locations, removes inalienable, fundamental and other Constitutionally vested rights, and is unconstitutionally vague, in violation of the Void for Vagueness Doctrine under Due Process, in that neither those possibly subject to the statute, nor Law Enforcement nor the Judiciary are made aware of who is "otherwise exempted". Allowing for arbitrary, discriminatory, and erronious applications, arrests, and felony punishment, in violation of Due Process, when applied retroactively for a criminal conviction occurring over a decade prior to the statute.

<u>Supporting Facts</u>   15-20-26(A) begins with the statement, "unless otherwise exempted by law", leaving great uncertainty, speculation and apprehension of those possibly subject to the statute and possible wrongful and/or illegal arrests, and judicial punishment for a Class C felony with mandatory criminal sentence enhancements of up to a life sentence under the H.F.O.A, 13A-5-9, which the State has determined applies to convictions of this supposed civil statute.

15-20-26(A) violates the Void for Vagueness Doctrine under due process.

(A.9)


<u>Ground 12</u> 15-20-26 et.al., prohibiting certain residence and living accomodations, and employment locations, removes inalienable, fudamental, family, economic, and property rights guaranteed by the Constitution and violates Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder/Pains and Penalties, and the Separation of Powers Doctrine when applied retroactively for a criminal conviction occurring over a decade prior to the Act.

<u>Supporting Facts</u> 15-20-26 et.al., prohibits certain residence and living accomodations, and employment locations and retro application for a criminal offense occurring over a decade prior to the statute which removes many Constitutionally vested rights, violates Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder/Pains and Penalties, and the Separation of Powers Doctrine.

(A. 10)

Ground 13   15-20-25, Community Notification and the Community Notification Flyer, hereinafter the Flyer, is distributed AGGRESSIVELY within the community, whether or not the community or individuals desire this information and is in no way similar to visiting or to peruse the criminal archives. The Flyer effects stigma plus disabilities which imposes affirmative disabilities and restraints, and achieves the same results of the historical shaming punishments of the past, and violates Constitutionally vested rights to Privacy of Address, and Liberty and Privacy interest in good reputation, and when applied retroactively to a single criminal conviction occurring over a decade prior to the Act, and almost 25 yrs. in the past violates Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder/Pains and Penalties, and the Separation of Powers Doctrine.

Supporting Facts   15-20-25 - Community Notification Procedures, states the procedures and means of community notification, via the newspaper and or the Flyer, by regular mail or hand delivery. The Flyer contains offender's NAME, address, sex, D.O.B., physical description, CURRENT photograph, statement of offense, age and gender of victim, geographic location of offense, and date of release. The Flyer is AGGRESSIVELY distributed at offender's release and/or after submission of the advance notice of intent to transfer residence and/or periodically. This statute removes many Const. vested rights, and violates many Const. Laws when applied retro to a criminal offense occurring over a decade prior to the statute.

(A.11)

<u>Ground 14</u>  15-20-23, and 23.1, Notice of Intent to change Residence and/or Employment; removes inalienable, and fundamental constitutionally vested Rights of Liberty, Freedom, and the Pursuit of Happiness, removes property and economic rights, and the right to interstate travel in that one can not change residence or employment on short notice or no notice at all, in violation of Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder, Pains and Penalties, and the Separation of Powers Doctrine, when applied retroactively for a criminal offense occurring over a decade prior to the Act.

<u>Supporting Facts</u>  15-20-23 and 23.1, requires advance notice of intent to change residence or employment 30 and 7 days respectively, in advance, and the failure to comply is a class C felony, 1 to 10 yrs., plus enhancements of sentence under the Habitual Felony Offender Act, for this supposed civil statute. Retroactive application of this statute violates Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder, Pains and Penalties, and the Separation of Powers Doctrine, in that it removes many constitutionally vested rights for a criminal offense occurring over a decade prior to the statute.

(A.12)

<u>Ground 15</u>  15-20-24, in person verification of residence every 6 months, whether or not one's information has changed, and fingerprinting requirements, removes the property interests in one's fingerprints, which are already on file, and one's I.D. is not in question, nor suspected of committing a new offense. The in person reporting to law enforcement infringes on one's liberty and freedom, increases the legal obligations, and creates new offenses for conduct legal prior to the Act, and when applied retro to a criminal conviction occurring over a decade prior to the statute, violates Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder, and the Separation of Powers Doctrine.

<u>Supporting Facts</u>  15-20-24 requires in person reporting to law enforcement every 6 months, and to submit to fingerprinting, and photographing. Failure to report in person, and verify address, or the giving of false information, and failure to submit to fingerprinting and photographing is a Class C felony, punishable by 1 to 10 yrs. incarceration and subject to an enhancement of a life sentence under the Habitual Felony Offender Act, which is for "criminal defendants" only, but the State has determined the H.F.O.A. applies to convictions under this supposed civil statute. The statute removes Const. vested rights and when applied retroactively violates many Const. laws.

(A.13)

Ground 16   15-20-22 - Requires submission of advance notice of address of intended residence, 45 days prior to release from custody at the end and completion of a period of incarceration. This removes Inalienable and Fundamental Constitutionally vested rights of Liberty, Freedom, and the Pursuit of Happiness due to any and all U.S. Citizens at the end and completion of any period of incarceration, and for the indigent, unable to afford a residence, makes poverty a crime in Alabama, in violation of Equal Protection of the Law. Thus when this statute is applied retroactively to a criminal conviction occurring over a decade prior to this statute, violates Due Process, Double Jeopardy, Ex Post-Facto, Bill of Attainder/Pains and Penalties, and the Separation of Powers Doctrine.

Supporting Facts   15-20-22, states any failure to provide advance notice of intended residence, 45 days prior to release from custody at the end and completion of a period of incarceration, mandates immediate arrest at end of sentence, and the commission of a class C felony, with sentence enhancements up to a Life sentence under the Habitual Felony Offender Act., which is 13a-5-9 and states, "when a criminal defendant etc., and is applied to this supposed civil statute. This statute removes Inalienable and Fundamental Constitutionally vested rights of Liberty, Freedom and the Pursuit of Happiness due any and all U.S. Citizens at the end of a sentence of incarceration, and when applied retro for a criminal conviction occurring over a decade prior to the Act, violates Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder/Pains and Penalties, and the Separation of Powers Doctrine.

(A.14)

Ground 11: The Act, removes Constitutional Rights against Self Incrimination by mandating in person giving of information, 15-20-24, and/or written notice of information, 15-20-22, 15-20-23, and 23.1, to Law Enforcement, where reporting and information is compelled by statute and coerced under pain of prosecution for failure to comply, and information may form basis of investigation for prosecution of violations of prohibitions of the Act, 15-20-26, and when reporting and giving of information statutes are applied retroactively for a criminal conviction occurring over a decade prior to the Act, violates Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder, the Separation of Powers Doctrine, the Priviledges and Immunities Clause, and the Right against Self Incrimination.

Supporting Facts: 15-20-24, 15-20-23, and 23.1 mandates in Person Reporting and information, and/or written notice, to Law Enforcement, failure to comply is a Class C felony, and violations of prohibitions of the Act, are Class C felonies, all of which sentences are enhanced by 13a-5-9, the criminal statute known as the Habitual Felony Offender Act, for a possible sentence of up to Life. Danger of injurious disclosure is real and substantial. Compelled giving of such information removes Constitutional Rights against self incrimination, and when applied retroactively violates Due Process, Double Jeopardy, Ex Post Facto, Bill of Attainder/Pains and Penalties, the Separation of Powers Doctrine, the Priviledges and Immunities Clause, and the Rights against Self Incrimination.

(A. 15)

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Plaintiff seeks injunctive and declaratory judgment prohibiting retroactive application and enforcement of the AL. Comm. Not. Act., 15-20-20 et al., and the removal of Plaintiff's name and info from all publically disseminated Registries to include but not Limited to the internet and the Comm. Not. Flyer, and any other and futher relief deemed appropriate.

_Jimmie E. Parker_
Signature of plaintiff(s)
Jimmie E. Parker

I declare under penalty of perjury that the foregoing is true and correct, and that copies are provided the Clerk, for service, under 28 U.S.C. 1915(D) and Federal Rules of Court, Rule 4(c)(2), on defendants listed below.

EXECUTED on July 5th 2007.
(Date)

_Jimmie E. Parker_
Signature of plaintiff(s)

**Defendants**

Troy King, AL. Atty. Gen.
11, South Union St. 3rd Flr.
Montgomery, AL. 36130-0151

W.M. Coppage, Dir. AL. Dept. of Public Safety, P.O. Bx 1511
500 Dexter Ave.
Montgomery, AL. 36102

Richard Allen, Comm. AL. Dept. of Corrs., 1400 Lloyd St,
Montgomery, AL. 36107

Jimmie E. Parker, AIS #199999
Hamilton A+I  D-7 4-B
223 Sasser Dr.
Hamilton, AL. 35570

Address change after July 25th 2007
Jimmie E. Parker,
2960 Bell Aire Blvd.
Theodore, AL. 36582

Mailed to; U.S. Dist. Court Clerk,
P.O. Bx. 711
Montgomery, AL. 36101-0711

State of _Alabama_
County of _Marion_

Subscribed and Sworn before me this _5_ day of _July_, 2007.

4

_Lillie Ann Williford_
Notary

My Commission Expires 7-15-09
Comm. Exp. Date



Jimmie E. Parker (AIS-176996)
Hamilton A-I DO-7 4-B
223 Sasser Dr.
Hamilton, AL. 35570

United States District Court Clerk
P.O. Bx. 711
Montgomery, Alabama 36101-0711

7004 2890 0000 4264 5003