In The United States District Court
For The Middle District of Alabama, Civil Div.

Jimmie E. Parker, Pro Se
Plaintiff/Petitioner

v.

Troy King, AL. Attny. Gen., et al.,
in official and individual capacity,
and, W.M. Coppage, Director
of AL. Dept. of Public Safety
et al., in official capacity and
Richard Allen, Comm. of AL.
Dept. of Corr. et al, in official
capacity
                    Defendants

Civil Case No# 2:07CV624-WKW
To be supplied by Court Clerk

## Motion For Temporary Restraining Order, and Affidavit

Comes now Petitioner in the above styled cause, and moves this Honorable Court pursuant to Federal Rules of Civil Procedure, Rule 65, to issue orders restraining all defendants from applying and/or enforcing as a whole or in part, any provision of the Alabama Community Notification Act, (hereinafter the Act,), AL. Title Code 15-20-20 et. al., and to order the removal of Petitioner's name and information from all publically disseminated registries, to include but not limited to the internet and the Community Notification Flyer.

(1)

until a time the attendant motion for a Preliminary Injunction can be heard and decided, and thereafter in the case attendant motion is granted.

As grounds for this motion Petitioner avers as follows;

1. Reasons supporting claim as to why notice should not be given

1.A. The Courts have ruled challenges to the Act, not ripe for review, till actually subjected to the Act, such as notice of intended residence upon release, and that said residence be in compliance with residence restrictions of the Act. This information is required by the Act, 45 days prior to release, and triggers the Community Notification Flyer. Petitioner is incarcerated, indigent, and unable to attend any hearing or obtain representation unless the Court so decides to grant the attendant motion for appointment of Counsel in order to hold a hearing with fair representation, prior to Petitioner's release date of July 25th, 2007, leaving little opportunity for a hearing.

SEE: Kirby V. Siegelman, 195 F.3d.1285, U.S. Court of Appls, (5th and 11th Dists 1999),

dismissed as not ripe for review until disadvantaged by the Act, or eminent danger thereof

(2)

2. The following are examples of similar cases where injunctive relief has issued;

State V. C.M, 746 So.2d. 410, (AL Cr. Ap. 1999), Temporary Stay of application of the Act.
Act. violated Ex Post Facto clause of the U.S. Const., because 1998 amendment created penalty not prescribed in 1996 at time of adjudication.

M.W.D. V. State 748 So.2d 225 (AL. 1999), injunction against residence restrictions for juveniles, inflicts greater punishment than was authorized at time of classifying offense.

Doe V. Pryor, U.S. 11th Dist. 61 F. Supp. 1224 (AL. 1999) injunction against community notification.

Creekmore V. A.G., 341 F. Supp. 648, U.S. 5th Dist. (2004) injunction against Registration and Community Notification, citing Doe V. Pryor, noting Alabama's Act. deprives a person of many rights, and changes a person's legal status

(3)

3. <u>4 Prong Test For Injunctive Relief, cited in Clark Constr. Co. v. Pena, 930 F. Supp. 1470 (1996)</u>

A. A substantial likelihood of success on the merits, see complaint and;

A.(1) Statutes are not to be applied retroactively absent expressed retroactive language. Any statute no matter how labled civil or criminal, which removes Constitutionally vested rights, alters ones status under the law, creates new offenses for conduct legal prior to the Act/statute, imposes affirmative disabilities and restraints as does the Act., when applied retroactively to an offense occurring before the effective date of the Act., violates Const. Law prohibiting Double Jeopardy, and Ex Post Facto Laws, and violates the Separation of Powers Doctrine, the Privileges and Immunities clause, and the Equal Protection of the Laws, and Due Process The Act. contains no retroactive language. The exact opposite is true wherein the Legislative Intent section states; "The proper exercise of the States Police Power to regulate present and ongoing conduct, etc." can never be said to apply to a single offense, occurring over a decade prior to the effective date of the Act.. Then due to the concurrently effective 13A-11-200 - Registration of Sex Offenders, which was in effect at time of offense, and achieves all the Constitutionally permisable goals stated in the intent section, to subject plaintiff to a second registration under separate statute, whether info has changed or not makes the legal consequences — cont.

(4)

(Continuation) **TEST FOR INJUNCTIVE RELIEF**

more onerous, with increased obligations in prior notice, and registration in greater frequency, with attendant public dissemination of information via the internet and the Community Notification Flyer which imposes affirmative disabilities and restraints, and restraints on liberty and freedoms in the housing and employment restrictions, and the historical punishment of branding in the fixing of a Sex Offender designation on any State I.D. or Drivers License, violates many Const. vested rights and Const. laws when applied retroactively for an offense occurring more than a decade prior to the Act. Remedial Statutes are those which impair no vested right,

Kittrell v. Benjamin, 396 So.2d. 93, 94 (AL '81)

Jones v. Casey, 445 So.2d. 875 (AL 1983)

White v. U.S., 191 48 L.ed. 295, (1903) cited in,

Seniors Civil Liberties Assn. v Kemp, 761 F.Supp. 1528 (11th Cir 1991)

Plaintiff believes strongly in the Constitution and Laws of the Land and a substaintial likelihood of success on the merits of this case,

(5)

## Test For Injunctive Relief (cont.)

B. Irreparable injury to Petitioner if injunction/restraining order does not issue.

(B)(1) Plaintiff will suffer gross violations of Const. vested rights and Const. Laws, restraints on liberty and freedoms, possible arrest and prosecution, resulting in substantial felony penalties for even procedural and/or unknowing innocent violations constitutes a Class C felony and the State has determined the criminal Habitual Felony Offender Act 13A-5-9 applies to convictions of this supposed civil remedial statute.

Examples of application of the H.F.O.A-13A-5-9:

<u>Caddell v. State 833 So.2d, (AL 2001)</u>

<u>Boyd v. State, Lexis 18, (AL Cr. Ap. 2006)</u>

<u>Sellers v. State, Lexis 262 (AL 2005)</u>

Giving Plaintiff a possible sentence of 10 to 99 yrs. or Life because of priors, for violations of this "civil remedial statute"! Plaintiff if injunction/restraining order does not issue, will suffer psychological stresses, damage to psyche, family disassociations, public stigma, scorn, ostracism, humiliation, restrictions and loss of opportunities for housing, employment, and contracts of finance for same, fear of, and possible physical assaults.

(6)

## Test For Injunctive Relief (cont.)

C. Threatened injury outweighs any damage injunction may cause opposing party.

(C)(1) For injury to Petitioner see the foregoing (B)(1). Defendants will suffer no damage or injury.

D. If issued not adverse to the Public Interest.

(D)(1) Petitioner's Registration under 13A-11-200, Registration of Sex Offenders, Petitioners keeping a current address with the Courts, and the usual criminal statutes, will keep Law Enforcement and The Courts well aware of Petitioner's whereabouts and protect the Public Interest.

(7)

Sworn Affidavit Under 28 USCS §1746

1. Petitioner is ending a D.U.I. sentence on July 25th, 2007, with no parole nor probation.

2. Petitioner has a single, out-of-state, 1983, misdemeanor conviction, for sexual battery of a minor, for which the sentence was 2 two yrs probation.

3. Petitioner is not required to register under any federal guidelines.
The 1994 Jacob Wetterling Act., 42 U.S.C.S. 14071(A)(1)(A) and (B)(6)(A)(1)(A) states the duration of length of registration, for a single offense against a minor or a sexually violent offense is 10 yrs, from release of custody.
The 2006 Adam Walsh Act, 42 U.S.C.S. 16911(2) and, 16915(A)(1) states the duration of length of registration is 15 yrs. for a tier 1 one offender, after release from custody.
Petitioner is well beyond the duration of registration periods, for a single, 1983, misdemeanor offense with 2 yrs probation.

4. Petitioner concedes registration is required under AL. Title Code 13A-11-200, the statute in effect at time of offense, and concurrently in effect with the Act. Limiting information access to law enforcement only.
See AL. Title Code 13A-11-200 and 15-20-33(C).

(8)

5. Petitioner's normal occupation and employment, for 30 yrs, is commercial and residential services of painting and lawn care. In the course of which I may work at several different and/or new locations during a day and/or a week. Sometimes traveling both intrastate and interstate, on as little as 24 hrs. notice. Making near impossible to comply with the "Acts." Advance notices of changes in residence and employment locations, and the restrictions thereof, and in violation of my personal and property rights in liberty and freedom of movement, right of interstate travel, right to freely apply my trade, and the right to contract.

6. Petitioner, if injunction does not issue, will also suffer, psychological stresses, damage to psyche, family disassociations, public stigma, scorn, ostracism, humiliation, restrictions of and loss of opportunities for housing, employment, and contracts for same, and finacial contracts for same, creating affirmative disabilities and restraints, an altered oppressive legal status under the law, increased obligations under the law, violations of constitutionally vested rights, possibilities of arrests and prosecutions with sever felony penaltys plus sentence enhancements, for even innocent violations, and conduct that was legal at time of classifying conviction over a decade before the "Acts" passage, and fear of and possible physical assaults.

(9)

## PRAYER FOR RELIEF

Petitioner prays this Honorable Court issue orders prohibiting all defendants from applying and/or enforceing as a whole or in part, any provision of The Community Notification Act, Alabama Title Code 15-20-20 et. al., and to order the removal of Petitioners name and information from all publically disseminated registries, to include but not limited to the internet and the community notification flyer.

Respectfully Submitted
Jimmie E. Parker

(10)

## Attestation, Certificate and Proof of Service, Under 28 USC, 1746

I certify under 28 USC, 1746, and penalty of perjury, the foregoing to be true and correct to the best of my knowledge and belief and that copies of same have been mailed to the District Court Clerk, for service along with the complaint and summonses, under 28 USC 1915 - in forma pauperis, and 28 USC, 1915(d), and Federal Rules of Civil Pro, Rule 4(c)(2) - providing for service by the Court Clerk, on the Parties named and addressed below, and in the complaint and summonses, this 5th day of July, 2007.   *Jimmie E. Parker*

Jimmie E. Parker  AIS. 199999
Hamilton A&I  D-7  4-B
223 Sasser Dr.
Hamilton, AL. 35570

**Defendants**

Troy King, AL. Attny. Gen.
11 South Union St., 3rd Flr.
Montgomery, AL. 36130-0151

W.M. Coppage, Dir. AL. Dept. of Public Safety
P.O. Bx. 1511
500 Dexter Ave.
Montgomery, AL. 36102

Richard Allen, Comm.
AL. Dept. of Corr, s
1400 Lloyd St.
Montgomery, AL. 36107

Mailed to;
U.S. Dist. Court Clerk
P.O. Bx. 711
Montgomery, AL. 36101-0711

State of Alabama
County of Marion
Subscribed and Sworn before me this 5 day of July, 2007.

*Lillie Ann Williford*
Notary

My Commission Expires 7-15-09
Comm. Exp. Date

(11)