In The United States District Court for
The Middle District of Alabama, Civil Div.

Jimmie E. Parker, Pro Se
Plaintiff/Petitioner

V.

Troy King, AL. Attny. Gen. et.al., in official
and individual capacity, And
W.M. Coppage, Dir. of AL. Dept.
of Public Safety, et.al., in official
capacity and,
Richard Allen, et.al. Comm. of
AL. Dept. of Corr.s, in official capacity
            Defendants

RECEIVED

2007 JUL -9 A ?: ?

DEBRA P. HACKETT CL...
U.S. DISTRICT COURT
MIDDLE DISTRICT A...

Civil Case No. #

2:07cv624-WKW

To be supplied by Court Clerk

## Motion For Preliminary Injunction, And Affidavit

Comes now Petitioner in the above styled cause and moves
this Honorable Court to grant this Preliminary Injunction,
pursuant to Federal Rules of Civil Pro., Rule 65, enjoining
all above named Defendants from applying and/or enforcing,
in whole or in part, any provision of the Community Notification
Act, AL. Title Code 15-20-20 et.al. (hereinafter the Act,)
and to order they remove Petitioner's name and information
from all publically disseminated registries, to include, but not
Limited to, the Internet and the Community Notification Flyer,
Until the conclusion of the attendant civil case, and forever
thereafter if decided in Petitioner's favor.
As grounds for this motion, Petitioner avers as follows;

(1)

1, The following ARE examples of similar cases
 WHERE injunctive RELIEF has issued;

State V. C.M., 746 So,2d, 410, (AL,Cr. Ap. 1999), Temporary Stay
 of Application of the Act,
Act, violated Ex Post Facto clause of the U.S. Const, because
1998 Amendment created penalty not prescribed in 1996
At time of Adjudication,

M.W.D, V. State 748 So,2d, 225 (AL, 1999), injunction
AGAINST RESIDENCE RESTRICTIONS for JUVENILES, inflicts greater
punishment than was Authorized At time of
 Classifying offense,

Doe V. Pryor, U.S. 11th Dist, 61 F. Supp. 1224 (AL, 1999)
 injunction against Community Notification,

Creekmore V. A.G., 341 F. Supp. 648, U.S. 5th Dist, (2004)
injunction against Registration and Community Notification,
citing Doe V. Pryor, noting Alabama's Act, deprives a
person of many rights, And changes a person's
Legal status,

(2)

2. 4 PRONG TEST FOR INJUNCTIVE RELIEF, cited in
CLARK CONSTR. Co. V. PENA, 930 F. Supp. 1470 (1996)
A. A substantial LIKELIhood of SUCCESS on the merits,
SEE Complaint and;

(A)(I) STATUTES ARE NOT to be applied RETROACTIVELY ABSENT EXPRESSED
RETROACTIVE LANGUAGE. ANY statute NO MATTER how Labled, CIVIL OR
CRIMINAL, Which REMOVES Constitutionally vested Rights, ALTERS ONES
STATUS UNDER the LAW, CREATES NEW offenses for conduct LEGAL
PRIOR to the Act/statute, imposes AFFIRMATIVE disabilities AND
RESTRAINTS; AS does the Act, when applied RETROACTIVELY to AN
OFFENSE OCCURRING before the effective date of the Act,
VIOLATES Const. LAW prohibiting DOUBLE JEOPARDY, AND EX POST
FACTO LAWS, AND VIOLATES the SEPARATION of POWERS Doctrine,
the PRIVILEGES AND IMMUNITIES CLAUSE, AND THE EQUAL
PROTECTION of the LAWS, AND DUE PROCESS
The Act CONTAINS NO RETROACTIVE LANGUAGE, The EXACT opposite
is true, WHEREIN the Legislative INTENT SECTION STATES,
"The PROPER EXERCISE of the States Police POWER to regulate
PRESENT AND ongoing conduct, etc,", CAN NEVER be said to
Apply to A SINGLE OFFENSE, OCCURRING OVER A DECADE PRIOR
to the effective date of the Act,
THEN due to the CONCURRENTLY Effective 13A-11-200 —
REGISTRATION of SEX OFFENDERS, Which WAS IN effect at time
of OFFENSE AND ACHIEVES ALL the Constitutionally
PERMISABLE goals stated in the INTENT SECTION, to subject
PLAINTIFF to A SECOND REGISTRATION under SEPARATE STATUTE,
WHETHER INFORMATION has changed or Not, MAKES the
LEGAL CONSEQUENCES — — — CONT. —

(3)

(CONT.) TEST FOR INJUNCTIVE RELIEF

- MORE ONEROUS, WITH INCREASED OBLIGATIONS IN PRIOR NOTICE, AND REGISTRATION IN GREATER FREQUENCY, WITH ATTENDANT PUBLIC DISEMINATION OF INFORMATION VIA THE INTERNET AND THE COMMUNITY NOTIFICATION FLYER, WHICH IMPOSES AFFIRMATIVE DISABILITIES AND RESTRAINTS ON LIBERTY AND FREEDOMS IN THE HOUSING AND EMPLOYMENT RESTRICTIONS, AND THE HISTORICAL PUNISHMENT OF BRANDING, IN THE FIXING OF A SEX OFFENDER DESIGNATION ON ANY STATE ID, OR DRIVERS LICENSE, VIOLATES MANY CONST. VESTED RIGHTS AND CONST. LAWS, WHEN APPLIED RETROACTIVELY FOR AN OFFENSE OCCURRING MORE THAN A DECADE PRIOR TO THE ACT.
REMEDIAL STATUTES ARE THOSE WHICH IMPAIR NO VESTED RIGHT, SEE;

KITTRELL V. BENJAMIN, 396 So.2d, 93,94 (AL 1981)

JONES V. CASEY, 445 So.2d 875 (AL 1983)

SENIORS CIVIL LIBERTIES ASS'N. V. KEMP, ← CITED IN WHITE V. U.S, 191, 48 L.ed 295 (1903)
761 F.Supp. 1528 (11th Cir. 1991)

PLAINTIFF BELIEVES STRONGLY IN THE CONSTITUTION AND LAWS OF THE LAND, AND A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF THIS CASE,

(4)

# TEST FOR INJUNCTIVE RELIEF (CONT.)

B. IRREPARABLE INJURY to PETITIONER if injunction ORDER DOES NOT ISSUE.

(B)(1) Plaintiff will suffer gross violations of Const. vested rights and Const. Laws, restraints on Libertys and freedoms, possible arrest and prosecution resulting in substatial felony penalties for even procedural and/or unknowing innocent violations, constitues a class C felony and the State has determined the criminal Habitual Felony offender act-13a-5-9 applies to convictions of this supposed civil remedial statute.

Examples of application of the H.F.O.A, 13a-5-9;

Cadell v. State, 833 So. 2d 87 (AL. 2001)

Boyd v. State, Lexis 18 (AL. CR. Ap. 2006)

Sellers v. State, Lexis 262 (AL. 2005)

Giving Plaintiff a possible sentence of 10 to 99 yrs, or Life, because of priors, for violations of this "civil remedial statute," Plaintiff if injunction does not issue will suffer psychological stresses, damage to psyche, family disassociations, public stigma, scorn, ostracism, humiliation, restrictions and loss of opportunities for housing, employment and contracts of finance for same, fear of, and possible physical assaults,

## Test For Injunctive Relief (cont.)

C. Threatend Injury outweighs any damage injunction may cause opposing party.

(C)(1) For injury to Petitioner see the foregoing (B)(1). Defendants will suffer no damage or injury.

D. If issued Not Adverse to the Public Interest.

(D)(1) Petitioner's Registration under 13a-11-200, Registration of Sex Offenders, Petitioners keeping a current address with the Courts, and the usual criminal statutes, will keep Law Enforcement and the Courts well aware of Petitioner's whereabouts and protect the Public Interest.

# Sworn Affidavit Under 28 USC. § 1746

1. Petitioner is ending a D.U.I. sentence on July 25th, 2007, with no parole nor probation.

2. Petitioner has a single, out-of-State, 1983, misdemeanor conviction, for sexual battery of a minor, for which the sentence was 2yrs. probation.

3. Petitioner is not required to register under any Federal Guidlines.
The 1994 Jacob Wetterling Act, 42 USCS. 14071 (A)(1)(A) and (B)(6)(A)(1)(A) states the duration of length of registration, for a single offense against a minor, or a sexuall violent offense is 10 yrs. from release of custody.
The 2006 Adam Walsh Act, 42 USCS. 16911 (2) and, 16915 (A)(1), states the duration of length of registration is 15 yrs. for a tier 1 one offender, after release from custody.
Petitioner is well beyond the duration of registration periods, for a single, 1983, misdemeanor offense, with 2 yrs. probation.

4. Petitioner concedes registration under AL. Title Code 13a-11-200, the statute in effect at time of offense, and concurrently in effect with the Act., limiting information access to Law Enforcement only.
SEE: AL. Title Code 13a-11-200 and 15-20-33(C)

(7.)

5, Petitioner's normal occupation and employment, for 30 yrs, is commercial and residential services of painting and lawn care, in the coarse of which I may work at several different and/or new locations during a day and/or week. Sometimes traveling both intrastate and/or interstate on as little as 24 hrs. notice.

Making it impossible to comply with the "Acts." Advance notices of changes in residence and employment locations, and the restrictions thereof, and in violation of my personal and property rights in liberty and freedom of movement, right of interstate travel, right to freely apply my trade, and the right to contract,

6, Petitioner, if injunction does not issue, will also suffer, psychological stresses, damage to psyche, family disassociations, public stigma, scorn, ostracism, humiliation, restrictions of and loss of opportunities for housing, employment and contracts of finance for same, creating affirmative disabilities and restraints, an altered oppressive legal status under the law, violations of constitutionally vested rights, possibilities of arrests and prosecutions with sever felony penalties, plus sentence enhancements for even innocent violations, and conduct that was legal at time of classifying conviction, over a decade before the "Acts." passage, and fear of, and possible physical assaults,

(8)

## PRAYER FOR RELIEF

PETITIONER PRAYS this HONORABLE Court issue ORDERS prohibiting ALL defendants from Applying AND/OR enforceing As A whole or in PART, ANY provision of The Community Notification Act, Alabama Title Code 15-20-20 et. al., and to ORDER the REMOVAL of PETITIONER'S NAME AND information from ALL publically disseminated Registries, to include but not Limited to the INTERNET AND the community Notification FLYER.

RespectFully Submitted

Jimmie E. Parker

Jimmie E. PARKER.

(9)

Attestation, certificate and proof of Service, under 28 USC. 1746

I certify under 28 USC. 1746 and penalty of perjury,
the foregoing to be true and correct to the best of
my knowledge and belief and that copies of same have
been mailed to the District Court Clerk, for service along
with the complaint and summonses, under 28 USC. 1915 in forma
pauperis, and 28 USC. 1915 (d), and Federal Rules of Civil Pro, Rule 4(c)(2)-
providing for service by the Court Clerk, on the parties named and
addressed below, and in the complaint and summonses, this

5th day of July, 2007.        Jimmie E. Parker

Defendants                    Jimmie E. Parker A.S. 199999
Troy King, AL. Attny Gen.      Hamilton A+I D-7 4-B
11 South Union St., 3rd Flr.   223 Sasser Dr.
Montgomery, AL. 36130-0151     Hamilton, AL. 35570

W.M. Coppage, Dir. AL. Dept.   Mailed to;
of Public Safety                 US. Dist. Court Clerk
P.O. Bx. 1511                    P.O. Bx. 711
500 Dexter Ave.                  Montgomery, AL. 36101-0711
Montgomery, AL. 36102
                               County of Marion
                               State of Alabama
Richard Allen, Comm.
AL. Dept. of Corr.s            Subscribed and Sworn before me this
1400 Lloyd St,                 5 day of July, 2007.
Montgomery, AL. 36107

                                                    My Commission Expires 7-15-09

        Lillie Ann Williford
            Notary                          Comm.Exp. date

                        (10)