IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMIE E. PARKER, #199999,    )
                                )
      Plaintiff,             )
                                )
VS.                            )     CASE NO.: 2:07-CV-624-WKW
                                )
TROY KING, et al.         )
                                )
      Defendants.          )

## DEFENDANTS' JOINT SPECIAL REPORT

**COME NOW**, the Defendants, **Troy King, Richard Allen, and Colonel Mike Coppage** and in accordance with this Honorable Court's Order of July 9, 2007, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Jimmie Parker, AIS# 199999, ("Mr. Parker") is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated at Hamilton A&I Correctional Facility ("Hamilton") in Hamilton, Alabama.

2. Mr. Parker has named the following Defendants:

   a. Troy King ("Attorney General King"), Attorney General of the State of Alabama.

   b. Richard Allen ("Commissioner Allen"), Commissioner of the ADOC.

1

    c.  Colonel Mike Coppage ("Colonel Coppage"), Director of the Alabama Department of Public Safety ("ADPS").

## <u>PLAINTIFF'S ALLEGATIONS AND DEMANDS</u>

Mr. Parker seeks declaratory relief, a preliminary injunction and damages. Mr. Parker alleges in his complaint that Defendants have violated his constitutional rights. Specifically, Mr. Parker alleges:

1. The Act violates the *Ex Post Facto* clause of Article 1, § 10 of the United States Constitution because "Plaintiff has a single, out-of-state, 1983, misdemeanor conviction, for sexual battery of a minor."

2. The Act as applied to him violates his rights to Equal Protection.

3. Ala. Code § 15-20-20, et seq. (1975), otherwise known as "The Community Notification Act" ("the Act"), violates Mr. Parker's due process rights because application of the Act would deprive Mr. Parker of life, liberty, property, and reputation.

4. The Act as applied to him violates his rights to be free from Double Jeopardy.

5. The Act is overly broad and excessive.

## DEFENDANTS' EXHIBITS

1.      Exhibit A – ABI Form 47, dated December 6, 2001

2.      Exhibit B – ABI Form 47, dated August 17, 2001

3.      Exhibit C – ABI Form 47, dated December 13, 2000

4.      Exhibit D – ABI Form 47, dated July 7, 2000

5.      Exhibit E – ABI Form 47, dated December 16, 1999

6.      Exhibit F – ABI Form 47, dated October 26, 1999

7.      Exhibit G – Criminal Sex Offender Release Notification and Criminal History.

## DEFENDANTS' SUPPLEMENTAL RESPONSE

1.  Insofar as Mr. Parker seeks monetary damages, Defendants, Attorney General King, Director Allen, and Colonel Coppage named in their official capacities are immune by virtue of sovereign immunity.

2.  Defendants deny violating Mr. Parker's constitutional rights.

3.  Defendants request that this Honorable Court consider this report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Mr. Parker's claims and the Defendants are entitled to judgment as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

In 2001, Mr. Parker submitted two sworn ABI Form 47 Sex Offender Registration Forms to the Mobile County Sheriff's Department, claiming that he, Parker, sexually fondled the private parts of his ten-year old male victim/stepson in Topeka, Kansas, in *1985* not 1983 as stated in his complaint. (See Exhibits "A" and "B"). In 2000, he submitted two Form 47 Sex Offender Registration Forms, claiming he was convicted in *1984* of Sexual Misconduct against an 11 year-old male. (See Exhibits "C"

and "D"). In another submitted ABI Form 47 Sex Offender Registration Form dated December 6, 1999, Mr. Parker states nothing about fondling the victim, but that he, "Masturbated over him while asleep". (See Exhibit "E"). In yet another Form 47 dated October 26, 1999, just 41 days earlier, Mr. Parker claims his offense was Sexual Battery and that it occurred in *1982*. (See Exhibit "F"). In an effort to determine the truth, the Defendants have properly acquired the facts from the Shawnee County, Kansas Criminal Court. Mr. Parker was originally arrested on October 10, 1983, and charged with Sexual Battery, but later pled guilty to *Taking Indecent Liberties with a Child* in 1983. (See Exhibit "G").

In actuality, the confusion is somewhat understandable considering the extent of Mr. Parker's criminal history. In addition to the conviction for Taking Indecent Liberties with a Child, Mr. Parker has been previously charged with Attempted Burglary, Criminal Assault, Possession of Marijuana with the Intent to Sell, Conspiracy to Sell Marijuana, Criminal Trespass, Unsafe Driving, Driving While Intoxicated, Interference with City Officers, multiple counts of Criminal Damage to Property, several counts of Driving Under the Influence, Attempt to Possess Cocaine, Attempt to Elude Police, Driving with No Driver's License, Assault in the Third Degree, Criminal Misconduct in the Second Degree, and Domestic Violence in the Third Degree. (Exhibit "G"). The Defendants, however, will attempt to focus only on the criminal sex

offense and the State's basis for full application of the Alabama Community Notification Act.

On August 15, 2005, Mr. Parker was convicted of a Felony DUI and given a 10 year sentence. (See Exhibit "G"). Mr. Parker is due to be released on July 25, 2007, from Hamilton A&I Correctional Facility in Hamilton, Alabama. (See Plaintiff's Complaint) Mr. Parker was properly informed that, upon release, he must fully comply with all provisions of the Alabama Community Notification and Registration Acts. (See Exhibit "G").

## ARGUMENT OF FACT AND LAW

From the outset, the State asserts that all legislative enactments, including the Community Notification Act ("the Act"), are presumed to be constitutional. Town of Vance v. City of Tuscaloosa, 661 So. 2d 739, 742 (Ala. 1995). In Home Indemnity Co. v. Anders, 459 So.2d 836 (Ala.1984), the Alabama Supreme Court stated:

> "In determining whether [an] act is constitutional, we are bound by the following presumption:
>
> "'[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.'"

459 So.2d at 840.

In his complaint, the Plaintiff contends that the Act violates the Ex Post Facto, Due Process, Equal Protection, and Double Jeopardy clauses of the United States Constitution and his rights as guaranteed by parallel clauses of the Alabama Constitution of 1901. Finally, the Plaintiff asserts that the Act is overly broad and excessive and violates his rights to freely associate, to make personal family choices and to seek and obtain employment and contracts. These contentions, however, are untenable in the light of existing law.

**I.     The Community Notification Act does not violate either the Ex Post Facto or Bill of Attainder Clauses of the United States Constitution.**

Mr. Parker contends that the Community Notification Act imposes unconstitutional punishment under the Ex Post Facto and Bill of Attainder Clauses. The Ex Post Facto Clause directs that the government may not apply a law retroactively that inflicts a greater punishment, than the law annexed to the crime, when committed." <u>Calder v. Bull</u>, 3 U.S. 386, 390, 1 L.Ed. 648 (1798). Under the Bill of Attainder Clause, legislatures are forbidden to engage in "[l]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." <u>United States v. Brown</u>, 381 U.S. 437, 448-49, 85 S.Ct. 1707, 1715 (1965).

In <u>Smith v. Doe</u>, 538 U.S. 84 (2003), the Court addressed an Ex Post Facto challenge to the Alaska Sex Offender Registration Act, one similar to the Alabama Community Notification Act in both its registration and notification requirements. Specifically, the Court "considered a claim that a sex offender registration and notification law constitutes retroactive punishment forbidden by the Ex Post Facto Clause." <u>Smith</u>, 538 U.S. at 92. The Court held that "[t]he [Alaska] Act is nonpunitive, and its retroactive application does not violate the Ex Post Facto Clause." *Id.,* 538 U.S. at 105-106.

Moreover, the United States Supreme Court upheld Kansas's Sexually Violent Predator Act against a challenge that it violated the Ex Post Facto Clause. <u>Kansas v. Hendricks</u>, U.S. ___, 117 S. Ct. 2072 (1997). In upholding the Kansas statute, the Supreme Court held that "the Ex Post Facto Clause, which forbids the application of any new punitive measure to a crime already consummated, has been interpreted to apply to penal statutes." <u>Hendricks</u> at 2086. See also <u>Maples v. McDonald</u>, 668 So. 2d 790, 793 (Ala. Civ. App. 1995). In deciding that the Kansas Act was not an Ex Post Facto law, the Supreme Court held that the act did not impose additional punishment.

The Court explained that, in order to determine whether a statute is punitive in nature, it proceeds through a two-step inquiry. The first inquiry is a matter of statutory construction. The second inquiry will only reject the "legislature's manifest intent where a party challenging the

8

statute provides 'the clearest proof' that the statutory scheme is so punitive in purpose or effect as to negate the State's intention." Hendricks at 2082 (emphasis added).

The preamble to Alabama's Community Notification Act sets out what the Alabama Legislature intended when it enacted the statute. There, the legislature stated that it acted due to the "danger of recidivism posed by criminal sex offenders." The preamble also states that the Community Notification Act was intended both as a tracking tool for law enforcement agencies in the investigation of criminal sex offenders, as well as for the protection of the public, especially children, from the dangers posed by criminal sex offenders. The primary purpose of the notification provisions is to facilitate the disclosure of information about sex offenders so that the community can protect itself and its children. See also Lambert v. California 355 U.S 225, 229, 78 S. Ct. 240, 243 (1957) (Felony registration is "[a]t most ... a law enforcement technique designed for the convenience of law enforcement agencies through which a list of the names and addresses of felons then residing in a given community is compiled. The disclosure is merely a compilation of former convictions already publicly recorded in the jurisdiction where obtained"). As the Alabama Supreme Court stated in Clayton v. Board of School Commissioners, 552 So. 2d 152, 154 (Ala. 1989), "[A] statute is not rendered retroactive simply because it draws upon facts and information existing prior to its enactment." The mere fact that the

Community Notification Act may be "tied to criminal activity is insufficient to render the statute punitive." <u>Hendricks</u> at 2082.

In regard to the Hendricks decision's second prong, the Plaintiff has not proffered "the clearest proof" needed to demonstrate that the Community Notification Act is so punitive in purpose or effect as to negate the legislature's expressed intention. In fact, he has not made any allegations whatsoever that would support a determination that the Community Notification Act indeed has such a pervasive punitive effect. The Plaintiff suggests that the State of Alabama retroactive application will wrongfully impose living restrictions upon him and that as result, he will be stigmatized. By contrast, the requirement specified in the Community Notification Act results not from public display for ridicule and shaming or punishment, but from the necessity of accurate information about an adult criminal sex offender convicted of numerous crimes, most of which are already public. The dissemination of truthful information in furtherance of a legitimate governmental objective is not punishment. To the contrary, our system requires a public indictment, a public trial, and a public imposition of sentence, all of which this offender has previously received.

Virtually every court that has addressed the issue of whether community notification statutes are Ex Post Facto laws has applied the analysis employed in <u>Hendricks</u>, and has reached the conclusion that such legislative acts, which are designed to give the public notice of and

10

protection from sex offenders in their communities, are not unconstitutional.[1] Recently, in <u>Bush v. Whaley</u>, 2006 WL 2577819 (M.D.Ala.2006), this Court held that the retroactive application of residency requirements of the CNA, providing that no adult criminal sex offender shall establish a residence within 2,000 feet of the property on which any school or child care facility is located, was nonpunitive, both on its face and in terms of its effects. *Id.* at 10. *See also* <u>Lee v. State</u>, 895 So.2d 1038 (Ala.Crim.App.2004); <u>Salter v. State</u>, 2007 WL 1300708 (Ala.Civ.App.2007); <u>Robinson v. State</u>, 1998 WL 599472, No. CR-97-0607 (Ala.Crim.App. Sept. 11, 1998)(all holding that the registration and notification requirements of the Community Notification Act are not punishment).

Indeed, Alabama's Community Notification Act is a remedial and regulatory statute, not a punitive one. In the context of the regulatory scheme the State can dispense with individual predictions of future dangerousness and allow the public to assess the risk on the basis of accurate, non-private information about the offender's convictions without violating the prohibitions of the Ex Post Facto Clause.

---

[1] <u>Arizona Dept. of Public Safety v. Superior Court</u>, 949 P. 2d 983 (Ariz. Ct. App. 1997); <u>People v. Fioretti</u>, 63 Cal. Rptr. 2d 367 (Cal. Ct. App. 1997); <u>Ortega v. State</u>, 712 So. 2d 833 (Fla. Dist. Ct. App. 1998); <u>State v. Costello</u>, 643 A.2d 531 (N.H. 1994) <u>People v. Starnes</u>, 653 N.E. 2d 4, 210 (Ill. App. Ct. 1995); <u>State v. Pickens</u>, 558 N.W. 2d 396 (Iowa 1997); <u>State v. Hemby</u>, 957 P. 2d 428 (Kan. 1998); <u>Doe v. Attorney General</u>, 686 N.E.2d 1007 (Mass. 1997); <u>State v. Manning</u>, 532 N.W. 2d 244 (Minn. Ct. App. 1995); <u>In re Parolee</u>, 668 N.Y.S. 2d 53 (N.Y. App. Div. 1998); <u>M.G. v. Travis</u>, 667 N.Y.S. 2d 11 (N.Y. App. Div. 1997); <u>State v. Bruns</u>, 1998 WL 412451 (Ohio Ct. App. Jul 24, 1998); <u>Williford v. Board of Parole and Post-Prison Supervision</u>, 904 P. 2d 1074 (Or. Ct. App. 1995); <u>Commonwealth. v. Mountain</u>, 711 A.2d 473 (Pa. Super. Ct. 1998); <u>Commonwealth. v. Gaffney</u>, 702 A. 2d 565 (Pa. Super. Ct. 1997); <u>Perez v. State</u>, 938 S.W. 2d 761 (Tex. Crim. App. 1997; <u>Kitze v. Commonwealth</u>, 475 S.E. 2d 830 (Va. Ct. App. 1996); <u>Snyder v. State</u>, 912 P. 2d 1127 (Wyo. 1996); <u>State v. Ward</u>, 869 P. 2d 1062 (Wash. 1994).

The legislature did not act with punitive intent, and any arguably punitive impact on those persons subject to the provisions of the Community Notification Act is simply an incidental consequence of the statute's remedial provisions. Although some consequences may result from the enforcement of the Community Notification Act, that alone does not render it an ex post facto law, nor does it otherwise make the Act unconstitutional. The legislature's intent was not to punish an individual for past activity. Rather, the legislature intended to create a regulatory scheme, and the "restriction of [any] individual comes about as a relevant incident to a regulation of a present situation." De Veau v. Braisted, 363 U.S. 144, 160, 80 S.Ct. 1146, 1155 (1960). Therefore, the Community Notification Act is not an Ex Post Facto law, and the Defendant's arguments to the contrary should be rejected.

In the light of the foregoing, the State submits that Mr. Parker fails to establish a substantial likelihood of success on the merits on any of his claims for relief and the State is entitled to a judgment as a matter of law.

## II.  The Community Notification Act does not violate the Equal Protection Clause of the United States Constitution.

In his complaint, the Plaintiff alleges that the Act somehow violates his right to equal protection. This contention is unsupportable, because the Act does not classify the offender along suspect lines—such as race, religion or gender—and there is clearly a rational basis for treating criminal sex offenders differently from the general populace. See ALA. CODE § 15-20-20.1 (Supp. 1999); see generally Chapman v. United States

500 U.S. 453, 111 S. Ct. 1919 (1991); <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 105 S. Ct. 3249 (1985).

The Plaintiff improperly suggests that the State of Alabama is wrongfully applying the Act to him based on his socioeconomic status and not as a criminal sex offender. By contrast, the application of the Community Notification Act results not from any evaluation of any offender's socioeconomic status, but simply from the realities of the offender's extensive and heinous criminal record, most of which is already public. The application of the Act is certainly in furtherance of a legitimate governmental objective and does not violate the Equal Protection Clause.

In the light of the foregoing, the State submits that Mr. Parker has failed to identify any similarly situated inmate who has been treated differently under the Act. Accordingly, he has not established that he is likely to succeed on the merits of his equal protection claim.

**III.  The Plaintiff has not been deprived of any protected liberty interest and therefore, has no right to individualized procedural or substantive due process prior to enforcement of the Community Notification Act.**

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." To succeed on his procedural due process claim, Parker must establish that (1) the Community Notification Act deprives him of a protected liberty interest, and (2) the procedures accompanying the deprivation are constitutionally

inadequate. <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908 (1989). Under the facts of this case, the Defendant has failed to demonstrate a likelihood of success on the merits of his claim that the Act deprives him of a protected liberty or property interest in violation of his due process rights.

In this instance, the Plaintiff is not entitled to procedural due process because the enforcement of the Act would not deprive him of a property right or any other legally protected liberty interest. Although the Act strictly places restrictions on where the offender may reside and work and with whom he may live, persons found to have committed a criminal sex offense have a reduced expectation of privacy because of the public's interest in safety and in the effective operation of government. Moreover, the danger of recidivism posed by criminal sex offenders and the protection of the public from these offenders is a paramount concern or interest to government.

The restrictions set forth in the Act do not contravene principles of procedural due process under the Constitution. The restrictions apply to all offenders who have been convicted of certain criminal sex crimes, regardless of what estimates of future dangerousness might be proved in individualized hearings. Once legislative classifications have been determined, additional procedures are unnecessary, because the statute does not provide exemptions for individuals who seek to prove that they are not individually dangerous or likely to re-offend.

14

Additionally, the Act does not allow the State to physically invade or otherwise appropriate the Plaintiff's property. Even if enforcing the Act were to deprive the Plaintiff of his property, he nonetheless has no right to procedural due process in this case, because no such right attends legislative enactments—such as the Community Notification Act—that affect a general class of persons—such as a class comprised of convicted sex offenders. "When a legislature enacts a law ... that affects a general class of persons, all of those persons have received procedural due process by the legislative process itself and they have no right to individual attention. The challenges to such laws ... must be based on their substantive compatibility with constitutional guarantees." United States v. LULAC, 793 F.2d 636, 648 (5th Cir. 1986). See also Atkins v. Parker, 472 U.S. 115, 129-30, 105 S. Ct. 2520, 2529 (1985); Richmond Boro Gun Club, Inc. v. City of New York, 97 F.3d 681, 689 (2nd Cir. 1996); Jackson Court Condominiums, Inc. v. City of New Orleans, 874 F.2d 1070, 1074 (5th Cir. 1989); Gillespie v. City of Indianapolis, 13 F. Supp. 2d 811, 825 (S.D. Ind. 1998); Sammy's of Mobile, Ltd. v. City of Mobile, 928 F. Supp. 1116, 1123 (S.D. Ala. 1996); 2 Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure § 17.8 at 646 (2d ed. 1992). This principle derives from the U.S. Supreme Court's decision in Bi-Metallic Investment Co. v. State Bd. of Equalization, 239 U.S. 441, 36 S. Ct. 141 (1915), in which Justice Holmes, writing for the Court, stated:

> "When a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption.  The Constitution does not require all public acts to be done in town meeting or an assembly of the whole.  General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard.  Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule."

239 U.S. at 445, 36 S. Ct. at 142.

Assuming argument, even if the Plaintiff were generally entitled to procedural due process, he is not so entitled in this case because there is no factual dispute as to the applicability of the Act to the Plaintiff under his current circumstances.  "Generally, if government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard. ... However, a hearing is not required if there is no factual dispute."  Sec. and Exch. Comm'n v. Elliott, 953 F.2d 1560, 1566 (11th Cir. 1992) (citing Codd v. Velger, 429 U.S. 624, 97 S. Ct. 882 (1977) (emphasis added).  See also Oklahoma Educ. Ass'n v. Alcoholic Beverage Laws Enforcement Comm'n, 889 F.2d 929, 936 (10th Cir. 1989); 2 Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure § 17.8 at 645-46 (2d ed. 1992).  In the present case, there is simply no factual dispute to be resolved.  In 1983, the Plaintiff was convicted of Taking Indecent Liberties with a Child (See Exhibit "G").

16

Section 15-20-21(1) of the Code defines an adult criminal sex offender as "A person convicted of a criminal sex offense, including a person who has pleaded nolo contendere to a criminal sex offense, regardless of whether adjudication was withheld." Ala. Code § 15-20-21(1) (Supp. 2005). In this instance, the facts relate to Taking Indecent Liberties with a Child, a criminal sex offense under Alabama law. See Ala. Code § 15-20-21 (4)(m) (Supp. 2005). Therefore, because it is undisputable that the terms of the Act plainly apply to the Plaintiff, there is no danger that the provisions of the Act will be wrongfully applied to him. Thus, there is no need to conduct a hearing or take any further steps—i.e. to give the Plaintiff procedural due process—before the Act's provisions are brought to bear on the Plaintiff.

Moreover, substantive due process is not implicated as Parker has failed to demonstrate the existence of a legitimate privacy interest in preventing compilation and dissemination of accurate information that is already, albeit less conveniently, available in the public domain. In Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140 (2003), the Court stated: 'The purpose and the principal effect of notification are to inform the public for its own safety, not to humiliate the offender. Widespread public access is necessary for the efficacy of the scheme, and the attendant humiliation is but a collateral consequence of a valid regulation.'" Smith, 538 U.S. at [99], 123 S.Ct. at 1150 (2003).

17

Moreover, the residency restrictions do not implicate any fundamental right of Mr. Parker that would trigger strict scrutiny of the statute.  In <u>Reno v.Flores</u>, 507 U.S. 292, 113 S.Ct. 1439 (1993), the Supreme Court's admonished that "'[s]ubstantive due process' analysis must begin with a careful description of the asserted right, for '[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.'" <u>Reno v. Flores</u>, 507 U.S. at 302.   In this instance, however, Mr. Parker alleges that the Community Notification Act infringes on his right to privacy and the right of his family to live together.  He alleges the law affects his relations with his family and that the Act's restrictions prevent him from choosing with whom he may reside.

Mr. Parker further alleges the Act prevents him from seeking and obtaining employment by suggesting the Community Notification Act creates a shaming punishment against him.  Any stigma associated with the Act results not from public display for ridicule and shaming but from the dissemination of accurate information about Mr. Parker's extensive criminal record, most of which is already public.  Moreover, a favorable reputation is not a protected liberty interest.  See <u>Paul v. Davis</u>, 96 S.Ct. 1155 (1976).  Moreover, nothing in Mr. Parker's argument provides any evidence that the Act has led to any substantial occupational disadvantages for him that would not have otherwise occurred.  Employers could conduct background checks on the criminal records of prospective

employees even with the Act not in force and he still retains other tort remedies.

In <u>Smith v. Doe</u>, 538 U.S. 84, 86, 123 S.Ct. 1140 (2002), the United States Supreme Court stated as follows:

> Although the public availability of the information may have a lasting and painful impact on the convicted sex offender, these consequences flow not from the Act's registration and dissemination provisions, but from the fact of conviction, already a matter of public record. The State makes the facts underlying the offenses and the resulting convictions accessible so members of the public can take the precautions they deem necessary before dealing with the registrant.

538 U.S. at 101, 123 S.Ct. at 1151.

The United States Supreme Court stated, "[W]here a legislative restriction is an incident of the State's power to protect the health and safety of its citizens, it will be considered as evidencing an intent to exercise that regulatory power, and not a purpose to add to the punishment." <u>Smith v. Doe</u>, 538 U.S. at 93-94, 123 S.Ct. 1140 (<u>quoting</u> <u>Flemming v. Nestor</u>, 363 U.S. 603, 616, 80 S.Ct. 1367 (1960))(internal marks omitted).

Releasing information about criminal sex offenders to law enforcement agencies and, providing access to or releasing such information about criminal sex offenders to the general public, will further the primary government interest of protecting vulnerable populations and in some instances the public, from potential harm. Finally, the Legislature has determined that residency and employment

restrictions for criminal sex offenders provide additional protections to vulnerable segments of the public such as schools and child care facilities.

Indeed, the Act places restrictions on where the Plaintiff may reside and work and with whom he may live, including prohibitions against living with minors (See Section 15-20-26). Nonetheless, persons found to have committed a criminal sex offense, such as Mr. Parker, have a reduced expectation of privacy because of the public's interest in safety and in the effective operation of government. Moreover, the danger of recidivism posed by criminal sex offenders and the protection of the public from these offenders is a paramount concern or interest to government and the Act is narrowly tailored to achieve this goal. The importance of the governmental interests advanced and the extent to which they are served by the challenged statute are legitimate.

In the light of the foregoing, the State submits that Mr. Parker fails to establish a substantial likelihood of success on the merits on any of his claims for relief and the State is entitled to a judgment as a matter of law.

**IV.    The Plaintiff has not been deprived of any right to Double Jeopardy.**

The Plaintiff argues that the Act violates the Double Jeopardy clauses contained in the Fifth Amendment to the Unites States Constitution. Specifically, the Plaintiff argues that the Act runs afoul of the Double Jeopardy Clause because it inflicts a second punishment upon

a sex offender for a singular offense. It is argued that the registration and notification requirements are disproportionate measures imposed after a criminal sentence has been served, and therefore, a second punishment is imposed.

The Double Jeopardy Clause states that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." (See Fifth Amendment to the United States Constitution). Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting to a second time to criminally punish for the same offense. See Kansas v. Hendricks, 521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519. The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment. Hudson v. United States (1997), 522 U.S. 93, 101, 118 S.Ct. 488, 494, 139 L.Ed.2d 450, 460.

This Court, as noted, in Bush, addressed whether the Act is a "criminal" statute, and whether the registration and notification provisions involved "punishment". Because Bush held that the Act is neither "criminal," nor a statute that inflicts punishment, the Act does not violate the Double Jeopardy Clauses of the United States and Alabama Constitutions.

In the light of the foregoing, the State submits that Mr. Parker fails to establish a substantial likelihood of success on the merits on any of his claims for relief and the State is entitled to a judgment as a matter of law.

**IV.  The provisions of the Community Notification Act, as applied to the Plaintiff, are not unconstitutionally vague.**

Lastly, the Plaintiff contends that the Act is overly broad and excessive.  In Dill v. State, 1998 WL 272850, slip op. at 25 (Ala. Crim. App. 1998), the Alabama Court of Criminal recognized the following principles:

> "'"[B]ecause '[t]he essential purpose of the "void for vagueness" doctrine is to warn individuals of the criminal consequences of their conduct,' Jordan v. De George, 341 U.S. 223, 230, 71 S. Ct. 703, 707, 95 L. Ed.2d 886 (1951), '[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness,' Parker v. Levy, 417 U.S. 733, 756, 94 S. Ct. 2547, 2562, 41 L. Ed.2d 439 (1974), 'even though the statute may well be vague as applied to others,' Aiello v. City of Wilmingham, 623 F.2d 845, 850 (3d Cir. 1980). Therefore, a defendant who challenges the statute on the grounds of vagueness 'must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of the potentially vague applications to others.' Aiello, 623 F.2d at 850."'" Ex parte Woodyard, 631 So.2d 1065, 1069 (Ala. Crim. App. 1993) (emphasis original), quoting Senf v. State, 662 So.2d 435, 437 (Ala. Crim. App. 1993)."

Dill v. State, 1998 WL 272850, slip op. at 25 (Ala. Crim. App. 1998).

Section 15-20-21(1) of the Code defines an adult criminal sex offender as "A person convicted of a criminal sex offense, including a person who has pleaded nolo contendere to a criminal sex offense, regardless of whether adjudication was withheld." Ala.  Code § 15-20-

21(1) (Supp. 2005). In this instance, the facts relate to Taking Indecent Liberties with a Child, a criminal sex offense under Alabama law. See Ala. Code § 15-20-21 (4)(m) (Supp. 2005). Because it is undisputable that the terms of the Act plainly apply to the Plaintiff, there is no validity to Plaintiff's argument that the provisions of the Act are vague. Moreover, the Defendants have previously discussed the constitutional legitimacy of the government's interest in application of both the registration and notification acts, including residency restrictions and public information sharing.

In conclusion, the State submits that Mr. Parker cannot prove a set of facts that would entitle him to relief under any of the theories proffered in his complaint. Therefore, the Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

Based on the foregoing, **Defendants Attorney General Troy King Director Richard Allen, and Colonel Mike Coppage** respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


/s/ *Joshua S. Bearden*
Joshua Bearden (BEA 070)
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants, Troy King,
Richard Allen and Mike Coppage


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7300
(334) 242-2433 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this 24th day of July, 2007, served a copy of the foregoing on the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jimmie E. Parker, #199999
Hamilton A& I Correctional Facility
D-7 4-B
223 Sasser Drive
Hamilton, AL  35570

ALABAMA DEPARTMENT OF
PUBLIC SAFETY-LEGAL UNIT
PO Box 1511
Montgomery, AL  36102-1511

Richard Allen, Commissioner
Alabama Department of Corrections
1400 Lloyd Street
Montgomery, AL 36107


 /s/  *Joshua S. Bearden*
OF COUNSEL

# CRIMINAL SEX OFFENDER INFORMATION FORM

*ABI Form 47 ( Revised 02/16/00)*    **Complete *ALL* Sections in Full (Type or Print)**

---

**SECTION A – Status**

- ☐ **Establishing New Address**
- ☐ **Annual Verification**
- ☐ **60 Day Verification**
- ☒ **(Address) / Job Change**
- ☐ **Adult Conviction**
- ☐ **Juvenile / YOA Conviction**

*Circle one*
*Probation / Parole / EOS*

**SECTION B – Responsible Agency Information** (*General Instructions on Reverse Side*)

Agency Name: MOBILE COUNTY SHERIFF'S OFFICE    Reporting Officer: A. JOHNSON OAII

Agency Address: P. O. BOX 113
Street Address

MOBILE        MOBILE        AL        36601
City        County        State        Zip

Phone Number: (251) 574-8652    Fax: (251) 574-5962    E-Mail: _____

- ☐ Checked for Warrants
- ☐ Checked Criminal History for Sex Crime

---

**SECTION C – Offender Information** (*If physical address is different from mailing address use Section F to include mailing address*)

Full Name: Jimmie        Edward        PARKER
First        Middle        Last

Address: 2960 Belle A're Blvd. Theodore ALA 36582
House or Apartment Number    Street    City    County    State    Zip

Time at this Residence? 1 wk

Previous Address: 10165 Airport Blvd. Mobile ALA 36582
House or Apartment Number    Street    City    County    State    Zip

Time at this Residence? 6 mths

Any minors living with you ? Relationship / Age (if none, state as so): none

Telephone Number: Home: (321) 973-1820    Work: (    ) _____

Sex (check one) 1. ☒ Male 2. ( ) Female    Race (check one) 1. ☒ White 2. ( ) Black 3. ( ) Hispanic 4. ( ) Other _____

SS#: 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    DOB: 12-15-59    Height: 5'8"    Weight: 175    Hair: BR    Eyes: BR    Complexion: Med

AIS#: 149999    SID#: _____    FBI#: _____    Driver License #: I234306    State: ALA

---

**SECTION D – Offender Employment Information**

Place of Employment: Self Employed    Address: _____
Street Address    City    State    Zip

---

**SECTION E – Offense Information** [Additional Space Provided on Reverse Side]

Victim's Age (at time of offense) / Gender of Victim, if related state how: 11yr, Male, was a stepson

Location of Sexual Offense (City,Cty,St): Topeka, KS    Date of Conviction / Disposition: 1985 probation

Type of Conviction (ie. Juvenile, Youthful Offender, Probation, ect.): _____    Release Date: 1986

Title of Conviction and Degree: Sexual Battery    Prior Sex Convictions: none

Description of Offense / Crime: fondling

**Additional Space on Reverse Side**

---

**SECTION F – Miscellaneous** [Additional Space Provided on Reverse Side]

Scars / Tatoos: _____

Alias: _____

Mailing Address: _____

---

**GENERAL INSTRUCTIONS** *After fully completing this form you must return it in person within 10 days to the Chief of Police of the City (if applicable) or Sheriff of the County in which you are currently residing and verify your address with that agency in accordance with Sec. 15-20-24. By signing below, I affirm that all the information I have given is true and correct and is in compliance with Article 2 of Title 15 Chapter 20, Code of Alabama 1975. Failure to complete and return this form could result in a Class A Felony Conviction.*

**Offender's Right Thumb Print**

Offender Signature *Jimmie E Parker* Date 12-6-01    Officer Signature *Angela Johnson* Date 12-6-01

Please Type or Print Information on Form

## SECTION – A    To be completed by Law Enforcement.

**Establishing a New Address** – An adult Criminal Sex Offender shall be deemed to have established a new residence (1) Whenever domiciled for 5 consecutive days or more or (2) whenever domiciled following his or her release from a period of incarceration. 15-20-23(b)1,2

**Annual Verification** – The Department of Public Safety mails a non-forwardable verification form to all registered Criminal Sex Offenders annually on his or her birth month. This form is to be completed by the Offender and returned within 10 days to the law enforcement agency of the city or county in which the offender resides. 15-20-24(a)

**60 Day Verification** – The Department of Public Safety mails a non-forwardable verification form to all registered Criminal Sex Offenders 60 days after the offender's most current release. This form is to be completed by the Offender and returned within 10 days to the law enforcement agency of the city or county in which the offender resides. 15-20-24(a)

**Address / Job Change** – If a Criminal Sex Offender intends to transfer his or her legal residence to a different location, he or she shall submit a notice of intent to move to the sheriff or chief of police in the jurisdiction in which he or she resides and to the sheriff or chief of police of the jurisdiction in which he or she intends to move to if different. This notice should be given 30 days prior to the move. 15-20-23(a)

**Adult Conviction** – A person convicted of a criminal sex offense. 15-20-21 (1)

**Juvenile / YOA Conviction** – An individual adjudicated delinquent or adjudicated youthful offender. 15-20-21 (5)(11)

**Circle One** – Probation, the conditional suspension of a convicted person's sentence (if returning to a previously established residence, offender will be subject to registration and notification , however the offender may not be subject to all living restrictions, see 15-20-26)

Parole / EOS, offender will be subject to all conditions of The Community Notification Act.

## SECTION – B    To be completed by Law Enforcement.

## SECTION – C    Fill out completely, to include current and previous addresses, if physical address is different from mailing address use Section F for mailing address.

## SECTION – D    Complete employment information if available.

## SECTION – E    Complete this section in full.

## SECTION – F    Use for identifying marks or tattoos and mailing address if different form physical.

***Complete all sections, attach fingerprint card and photo(Please do not use photocopies photos) and submit to:**

**Alabama Bureau of Investigation**
**Center for Missing and Exploited Children**
**Criminal Sex Offender Database**
**2720 Gunter Park Drive W #A**
**Montgomery, Alabama 36109**

SECTION E – Offense Information (Continuation)

Attach Additional Sheets if Necessary

SECTION F – Miscellaneous (Continuation)

**\* A Criminal Sex Offender who knowingly fails to comply with any provision of this act, except Sections 15-20-22(a)(1) and 15-20-23(a), shall have committed a Class C Felony, punishable by up to 10 years confinement.**

# CRIMINAL SEX OFFENDER INFORMATION FORM

*ABI Form 47 ( Revised 08/31/98 )*    **Please Type or Print Information**

## SECTION A – Status

- ☐ Declaration of Address / Job
- ☐ Address Verification
- ☒ Address / Job Change
- ☐ Sentencing Court Release
- ☐ Incarcerated

**Circle one**
*Probation / Parole / EOS*
*YOA / Juvenile*

## SECTION B – Responsible Agency Information

Agency Name: **MOBILE CT SHERIFF**    Reporting Officer: **VJACKSON**

Agency Address: **109 GOVT ST**
Street Address

**MOBILE**        **MOBILE**        **AL**    **36601**
City                County            State    Zip

Phone Number: (251) 574-8721    Fax 251 574-5962    E-Mail: _____

- ☐ Checked for Warrants
- ☐ Checked Criminal History for Sex Crime

**General Instructions on Reverse Side**

## SECTION C – Offender Information

Full Name: *Jimmie          Edward          Parker*
First                Middle              Last

Address: *10165    Airport Blvd,*
House or Apartment Number        Street

*Mobile        Ala.        Mobile        36608*
City            State        County        Zip Code

Any minors living with you ? Relationship / Age (if none, state as so): *No*

Telephone Number: Home: (334) *674-8062*    Work: (334) *653 1239*

Race (check one) 1. ☒ White  2. ( ) Black  3. ( ) Hispanic  4. ( ) Asian or Pacific Islander  5. ( ) American Indian or Alaskan Native  6. ( ) Other

SS#: *47-96-6905*    DOB: *12/5/59*  Height: *5'8"* Weight: *170*  Hair: *Br*  Eyes: *Br*  Complexion: *Fair*

AIS#: *99999*    SID#: _____    FBI#: _____    Driver License #: *J234306*    State: *ALA*

Scars / Tattoos: ___ ✓ ___    Alias: ✓

## SECTION D – Offender Employment Information

Place of Employment: *Mansfield I.C,*  Address: *Bellingrath Rd    Theodore    Ala 36582*
Street Address        City        County        State    Zip

Type of Work: *Painter*    Job Title: *Painter*    Date of Employment: *8-1-00*

## SECTION E – Offense Information [Additional Space Provided on Reverse Side]

Victim's Age (at time of offense) / Gender of Victim, if related state how: *10    Male*

Location of Sexual Offense (City,Cty,St): *Topeka, Ks,*    Date of Offense: *1985*

Description (to include details) of Sexual Offense: *fondling a minor*

## SECTION F – Miscellaneous [Additional Space Provided on Reverse Side]

_____

_____

**GENERAL INSTRUCTIONS** *After fully completing this form you must return it in person within 10 days to the Chief of Police of the City (if applicable) or Sheriff of the County in which you are currently residing if no Police Chief, and verify your address with that agency in accordance with Sec. 15-20-21(h). By signing below, I affirm that all the information I have given is true and correct and is in compliance with Article 2 of Title 15 Chapter 20, Code of Alabama 1975.*

**Offender's Right Thumb Print**

Offender Signature *Jimmie E. Parker*  Date *8-1-01*  Witness Signature *V Jackson*  Date *8/1/01*

**Please Type or Print Information on Form**

**SECTION G – General Instructions ( Law Enforcement )**

Use **SECTION – A** to mark how the form is being used. This is important in the categorization of the Criminal Sex Offender.
*( If Youthful Offender or Juvenile adjudication, include documentation of disposition information when available. )*

Fill out **SECTION – B** through **SECTION – D** completely. *(*a PO Box is not a valid address)*

Use **SECTION – E** to describe in detail (if available) the criminal sex offense for which the Offender was charged. Use the additional space provided on the rear of this form if necessary.

Use **SECTION – F** for additional information pertaining to any aspect of this registration. Use the additional space provided on the rear of this form if necessary.

*\* Please do not use photocopied photographs when possible*

*\* Complete all sections, attach fingerprint card, photo and submit to*:

**Alabama Bureau of Investigation**　　　　　**For Law Enforcement Usage Only**
**Center for Missing and Exploited Children**　　 Office: 334-260-1172 or 334-260-1135
**Criminal Sex Offender Database**　　　　　　　 Fax: 334-260-2563 or 334-260-8788
**2720 Gunter Park Drive W #A**
**Montgomery, Alabama 36109**

**SECTION E – Offense Information (Continuation)**

_____
_____
_____
_____
_____
_____
_____

<b>Attach Additional Sheets if Necessary</b>

**SECTION F – Miscellaneous (Continuation)**

_____
_____
_____
_____
_____
_____
_____

<b>Attach Additional Sheets if Necessary</b>

\* A Criminal Sex Offender who knowingly fails to comply with any provision of this article, except Section 15-20-21(b)(1), shall have committed a Class C Felony, punishable by up to 10 years confinement.

# CRIMINAL SEX OFFENDER INFORMATION FORM

*ABI Form 47 ( Revised 02/16/00 )*    **Complete *ALL* Sections in Full (Type or Print)**

| **SECTION A – Status** | **SECTION B** – Responsible Agency Information *(General Instructions on Reverse Side)* |
|---|---|
| ☐ *Establishing New Address* <br> ☒ *Annual Verification* <br> ☐ *60 Day Verification* <br> ☐ *Address / Job Change* <br> ☐ *Adult Conviction* <br> ☐ *Juvenile / YOA Conviction* <br> ***Circle one*** <br> *Probation / Parole / EOS* | Agency Name: MOBILE COUNTRY SHERIFF    Reporting Officer: V JACKSON OA1 <br> Agency Address: P O BOX 113 <br> Street Address <br> MOBILE,        MOBILE    AL 36601 <br> City        County    State    Zip <br> Phone Number: (334) 690-8721    Fax:(334) 690-5962    E-Mail: _____ <br> ☐ Checked for Warrants <br> ☐ Checked Criminal History for Sex Crime |

**SECTION C** – Offender Information *(If physical address is different from mailing address use Section F to include mailing address)*

Full Name: *Jimmie* *Edward* *PARKER*
First    Middle    Last

Address: *2960 Belle Aire Blvd Theodore Ala 36582*
House or Apartment Number    Street    City    County    State    Zip

Time at this Residence? *6 months*

Previous Address: *10165 Airport Blvd Mobile Ala 36606*
House or Apartment Number    Street    City    County    State    Zip

Time at this Residence? *1 yr*

Any minors living with you ? Relationship / Age (if none, state as so): *None*

Telephone Number: Home: (*334*) *973-1820*    Work: ( ) _____

Sex (check one) 1. ☒ Male 2. ( ) Female    Race (check one) 1. ☒ White 2. ( ) Black 3. ( ) Hispanic 4. ( ) Other _____

SS#: *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*    DOB: *12/5/5*    Height: *5'8"*    Weight: *165*    Hair: *Brn*    Eyes: *Brn*    Complexion: *Fair*

AIS#: *199999*    SID#: _____    FBI#: _____    Driver License #: _____    State: *Ala*

**SECTION D** – Offender Employment Information

Place of Employment: *Mansfield Painting*    Address: *Bellingrath Rd, Theodore Ala*
Street Address    City    State    Zip

**SECTION E** – Offense Information [Additional Space Provided on Reverse Side]

Victim's Age (at time of offense) / Gender of Victim, if related state how: *12 male*

Location of Sexual Offense (City,Cty,St): *Topeka, KS*    Date of Conviction / Disposition: *1984 probation*

Type of Conviction (ie. Juvenile, Youthful Offender, Probation, ect.): _____    Release Date: _____

Title of Conviction and Degree: *Sexual Misconduct*    Prior Sex Convictions: *none*

Description of Offense / Crime: *Fondling a minor*

**SECTION F** – Miscellaneous [Additional Space Provided on Reverse Side]

Scars / Tatoos: _____

Alias: _____

Mailing Address: _____


Additional Space on Reverse Side
Offender's Right Thumb Print

**GENERAL INSTRUCTIONS** *After fully completing this form you must return it in person within 10 days to the Chief of Police of the City (if applicable) or Sheriff of the County in which you are currently residing and verify your address with that agency in accordance with Sec. 15-20-24. By signing below, I affirm that all the information I have given is true and correct and is in compliance with Article 2 of Title 15 Chapter 20, Code of Alabama 1975. Failure to complete and return this form could result in a Class A Felony Conviction.*

*Jimmie E. Parker*    12/13/00    *Verri Jackson*    12/13/00 OA1

Please Type or Print Information on Form

---

## SECTION – A    To be completed by Law Enforcement.

**Establishing a New Address** – An adult Criminal Sex Offender shall be deemed to have established a new residence (1) Whenever domiciled for 5 consecutive days or more or (2) whenever domiciled following his or her release from a period of incarceration. 15-20-23(b)1,2

**Annual Verification** – The Department of Public Safety mails a non-forwardable verification form to all registered Criminal Sex Offenders annually on his or her birth month. This form is to be completed by the Offender and returned within 10 days to the law enforcement agency of the city or county in which the offender resides. 15-20-24(a)

**60 Day Verification** – The Department of Public Safety mails a non-forwardable verification form to all registered Criminal Sex Offenders 60 days after the offender's most current release. This form is to be completed by the Offender and returned within 10 days to the law enforcement agency of the city or county in which the offender resides. 15-20-24(a)

**Address / Job Change** – If a Criminal Sex Offender intends to transfer his or her legal residence to a different location, he or she shall submit a notice of intent to move to the sheriff or chief of police in the jurisdiction in which he or she resides and to the sheriff or chief of police of the jurisdiction in which he or she intends to move to if different. This notice should be given 30 days prior to the move. 15-20-23(a)

**Adult Conviction** – A person convicted of a criminal sex offense. 15-20-21 (1)

**Juvenile / YOA Conviction** – An individual adjudicated delinquent or adjudicated youthful offender. 15-20-21 (5)(11)

**Circle One** – Probation, the conditional suspension of a convicted person's sentence (if returning to a previously established residence, offender will be subject to registration and notification , however the offender may not be subject to all living restrictions, see 15-20-26)

Parole / EOS, offender will be subject to all conditions of The Community Notification Act.

## SECTION – B   To be completed by Law Enforcement.

## SECTION – C    Fill out completely, to include current and previous addresses, if physical address is different from mailing address use Section F for mailing address.

## SECTION – D    Complete employment information if available.

## SECTION – E    Complete this section in full.

## SECTION – F    Use for identifying marks or tattoos and mailing address if different form physical.

***Complete all sections, attach fingerprint card and  photo(Please do not use photocopies photos)  and submit to:***

| | |
|---|---|
| Alabama Bureau of Investigation | **For Law Enforcement Use Only** |
| Center for Missing and Exploited Children | Office: 334-260-1100 or 334-260-1135 |
| Criminal Sex Offender Database | Fax: 334-260-2563 or 334-260-8788 |
| 2720 Gunter Park Drive W #A | |
| Montgomery, Alabama 36109 | |

---

**SECTION E** – Offense Information (Continuation)

_____

_____

_____

                                                                                Attach Additional Sheets if Necessary

**SECTION F** – Miscellaneous (Continuation)

_____

_____

_____

---

**\* A Criminal Sex Offender who knowingly fails to comply with any provision of this act, except Sections 15-20-22(a)(1) and 15-20-23(a), shall have committed a Class C Felony, punishable by up to 10 years confinement.**

# CRIMINAL SEX OFFENDER INFORMATION FORM

*ABI Form 47 ( Revised 08/31/98 )*     **Please Type or Print Information**

**SECTION A – Status**

- ☐ Declaration of Address / Job
- ☑ Address Verification
- ☐ Address / Job Change
- ☐ Sentencing Court Release
- ☐ Incarcerated

*Circle one*
Probation / Parole / EOS
YOA / Juvenile

**SECTION B – Responsible Agency Information**

Agency Name: MCSO     Reporting Officer: V RICHARDSON, OAI

Agency Address: P. O. BOX 113
*Street Address*

MOBILE    MOBILE    AL    36601-0113
*City*    *County*    *State*    *Zip*

Phone Number: ( 334 690-8651   Fax: ( ) _____ E-Mail: _____

- ☐ Checked for Warrants
- ☐ Checked Criminal History for Sex Crime

*General Instructions on Reverse Side*

**SECTION C – Offender Information**

Full Name: Jimmie Edward Parker
*First*    *Middle*    *Last*

Address: 2960 Belle Aire Blvd
*House or Apartment Number*    *Street*

Theodore    Ala    Mobile    Ala
*City*    *State*    *County*    *Zip Code*

Any minors living with you ? Relationship / Age (if none, state as so): None

Telephone Number: Home: (334 973-1820   Work: ( ) _____

Race (check one) 1. (✓) White 2. ( ) Black 3. ( ) Hispanic 4. ( ) Asian or Pacific Islander 5. ( ) American Indian or Alaskan Native 6. ( ) Other

SS#: 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   DOB: 12-15-59   Height: 58   Weight: 170   Hair: BR   Eyes: BR   Complexion: Rudy

AIS#: 199999   SID#: _____   FBI#: _____   Driver License #: 1234706   State: ALA

Scars / Tattoos: _____   Alias: _____

**SECTION D – Offender Employment Information**

Place of Employment: _____   Address: _____
*Street Address*   *City*   *County*   *State*   *Zip*

Type of Work: Painter   Job Title: _____   Date of Employment: _____

**SECTION E – Offense Information** [Additional Space Provided on Reverse Side]

Victim's Age (at time of offense) / Gender of Victim, if related state how: 10 male

Location of Sexual Offense (City,Cty,St): Topeka KS.   Date of Offense: 1984

Description (to include details) of Sexual Offense: Fondling a minor

_____

**SECTION F – Miscellaneous** [Additional Space Provided on Reverse Side]

_____
_____
_____

**GENERAL INSTRUCTIONS** *After fully completing this form you must return it in person within 10 days to the Chief of Police of the City (if applicable) or Sheriff of the County in which you are currently residing if no Police Chief, and verify your address with that agency in accordance with Sec. 15-20-21(h). By signing below, I affirm that all the information I have given is true and correct and is in compliance with Article 2 of Title 15 Chapter 20, Code of Alabama 1975.*

Offender's Right Thumb Print

Offender Signature *Jimmie Parker*   Date 7-7-00   Witness Signature V. RICHARDSON   Date 7/7/00

# CRIMINAL SEX OFFENDER INFORMATION FORM

*ABI Form 47 ( Revised 08/31/98 )*                    **Please Type or Print Information**

## SECTION A – Status

- ☐ Declaration of Address / Job
- ☑ Address Verification
- ☐ Address / Job Change
- ☐ Sentencing Court Release
- ☐ Incarcerated

*Circle one*
*Probation / Parole / EOS*
*YOA / Juvenile*

## SECTION B – Responsible Agency Information

Agency Name: *MO. Co. Sheriff Dept.*    Reporting Officer: *A. Cousins*

Agency Address: *P.O. Box 113*
Street Address

*Mobile    Mobile    AL    36601*
City    County    State    Zip

Phone Number: *334-690-8689*    Fax: ( )    E-Mail: _____

- ☐ Checked for Warrants
- ☐ Checked Criminal History for Sex Crime

**General Instructions on Reverse Side**

## SECTION C – Offender Information

Full Name: *Jimmie    Edward    Parker*
First    Middle    Last

Address: *10165    Airport Blvd*
House or Apartment Number    Street

*Mobile    Ala    Mobile    36608*
City    State    County    Zip Code

Any minors living with you ? Relationship / Age (if none, state as so): *None*

Telephone Number: Home: ( *334* ) *634-0385*    Work: ( ) _____

Race (check one)  1. ☒ White  2. ( ) Black  3. ( ) Hispanic  4. ( ) Asian or Pacific Islander  5. ( ) American Indian or Alaskan Native  6. ( ) Other

SS#: *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*    DOB: *12-15-59*  Height: *5'8"*  Weight: *170*  Hair: *Bn*  Eyes: *BR*  Complexion: *Med.*

AIS#: *199999*    SID#: _____    FBI#: _____    Driver License #: _____    State: _____

Scars / Tattoos: *None*    Alias: _____

## SECTION D – Offender Employment Information

Place of Employment: _____    Address: _____
Street Address    City    County    State    Zip

Type of Work: *Paint*    Job Title: *Self Employed*    Date of Employment: _____

## SECTION E – Offense Information [Additional Space Provided on Reverse Side]

Victim's Age (at time of offense) / Gender of Victim, if related state how: *10 yr old   male*

Location of Sexual Offense (City,Cty,St): *Topeka, Ks. Shawnee*  Date of Offense: *84*

Description (to include details) of Sexual Offense: *masturbated over him while asleep*

## SECTION F – Miscellaneous [Additional Space Provided on Reverse Side]

_____
_____
_____

**GENERAL INSTRUCTIONS** *After fully completing this form you must return it in person within 10 days to the Chief of Police of the City (if applicable) or Sheriff of the County in which you are currently residing if no Police Chief, and verify your address with that agency in accordance with Sec. 15-20-21(h). By signing below, I affirm that all the information I have given is true and correct and is in compliance with Article 2 of Title 15 Chapter 20, Code of Alabama 1975.*

**Offender's Right Thumb Print**

Offender Signature *Jimmie E. Parker* Date *12-6-99*  Witness Signature *Anna Cousins*  Date *12/6/99*

**Please Type or Print Information on Form**

**SECTION G** – General Instructions ( Law Enforcement )

Use **SECTION – A** to mark how the form is being used. This is important in the categorization of the Criminal Sex Offender. *( If Youthful Offender or Juvenile adjudication, include documentation of disposition information when available. )*

Fill out **SECTION – B** through **SECTION – D** completely. *(*a PO Box is not a valid address)*

Use **SECTION – E** to describe in detail (if available) the criminal sex offense for which the Offender was charged. Use the additional space provided on the rear of this form if necessary.

Use **SECTION – F** for additional information pertaining to any aspect of this registration. Use the additional space provided on the rear of this form if necessary.

*\* Please do not use photocopied photographs when possible*

*\* Complete all sections, attach fingerprint card, photo and submit to:*

Alabama Bureau of Investigation          **For Law Enforcement Usage Only**
Center for Missing and Exploited Children     Office: 334-260-1172 or 334-260-1135
Criminal Sex Offender Database             Fax: 334-260-2563 or 334-260-8788
2720 Gunter Park Drive W #A
Montgomery, Alabama 36109

**SECTION E** – Offense Information (Continuation)

_____

_____

_____

_____

_____

_____

                                                    Attach Additional Sheets if Necessary

**SECTION F** – Miscellaneous (Continuation)

_____

_____

_____

_____

_____

_____

                                                    Attach Additional Sheets if Necessary

\* A Criminal Sex Offender who knowingly fails to comply with any provision of this article, except Section 15-20-21(b)(1), shall have committed a Class C Felony, punishable by up to 10 years confinement.

# CRIMINAL SEX OFFENDER INFORMATION FORM

*ABI Form 47 ( Revised 08/31/98 )*                    **Please Type or Print Information**

## SECTION A – Status

- ☐ Declaration of Address / Job
- ☒ Address Verification
- ☐ Address / Job Change
- ☐ Sentencing Court Release
- ☐ Incarcerated

*Circle one*
Probation / Parole / EOS
YOA / Juvenile

## SECTION B – Responsible Agency Information

Agency Name: ___MCSO___        Reporting Officer: __V. RICHARDSON, OAI__

Agency Address: __P. O. BOX 113__
                              Street Address

__MOBILE,__          __MOBILE__          __AL__    __36601__
City                          County                    State      Zip

Phone Number: (_334_) _690-8756_     Fax: ( ) _____ E-Mail: _____

- ☐ Checked for Warrants
- ☐ Checked Criminal History for Sex Crime

*General Instructions on Reverse Side*

## SECTION C – Offender Information

Full Name: __JIMMIE__          __EDWARD__          __PARKER__
                    First                    Middle                    Last

Address: __10165__          __AIRPORT BLVD__
              House or Apartment Number          Street

__MOBILE__          __AL__          __MOBILE__          __36608__
City                    State                    County                    Zip Code

Any minors living with you ? Relationship / Age (if none, state as so): _____

Telephone Number: Home: ( ) _____ Work: ( ) _____

Race (check one) 1.(☒) White   2. ( ) Black   3. ( ) Hispanic  4. ( ) Asian or Pacific Islander   5. ( ) American Indian or Alaskan Native  6.( ) Other

SS#: _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_   DOB: _12/15/59_ Height: _5'8_ Weight: _170_ Hair: _BRN_ Eyes: _BRN_ Complexion: _RUDDY_

AIS#: _____ SID#: _KS089 0000_ FBI#: _741323P5_ Driver License #: _____ State: _____

Scars / Tattoos: _____ Alias: _____

## SECTION D – Offender Employment Information

Place of Employment: _____ Address: _____
                                                              Street Address      City      County      State   Zip

Type of Work: _____ Job Title: _____ Date of Employment: _____

## SECTION E – Offense Information [Additional Space Provided on Reverse Side]

Victim's Age (at time of offense) / Gender of Victim, if related state how: _____

Location of Sexual Offense (City,Cty,St): _____ Date of Offense: _1982   IN KANSAS_

Description (to include details) of Sexual Offense: __SEXUAL BATTERY TO A MINOR__

_____

## SECTION F – Miscellaneous [Additional Space Provided on Reverse Side]

__SUBJECT SAYS HE RECIEVED PROBATION ONLY AT THE TIME__

_____

**GENERAL INSTRUCTIONS** *After fully completing this form you must return it in person within 10 days to the Chief of Police of the City (if applicable) or Sheriff of the County in which you are currently residing if no Police Chief, and verify your address with that agency in accordance with Sec. 15-20-21(h). By signing below, I affirm that all the information I have given is true and correct and is in compliance with Article 2 of Title 15 Chapter 20, Code of Alabama 1975.*

Offender's Right Thumb Print

Offender Signature _____ Date _____ Witness Signature _V. RICHARDSON, OAI_ Date _10/26/99_

# Criminal Sex Offender Release Notification

## Correctional Facility Release Date: 11-Oct-83

**Reason:** Declaration of Address

**Printed on** 29-Nov-99



ABI Form 46 (10/96)

| | |
|---|---|
| **Name:** | Jimmie Edward Parker |
| **Race / Sex:** | White    /    Male |
| **Date of Birth:** | 15-Dec-59 |
| **Height:** | 508 |
| **Weight:** | 170 |
| **Eye Color:** | Brown |
| **Hair Color** | Brown |
| **AIS #:** | |
| **SID #:** | KS0890000 |
| **FBI #:** | 741323P5 |

**Sex Crime(s):**     Indecent Liberties with a Child

**Crime Location:**     Shawnee County, KS

*The above person is a criminal sex offender who is scheduled for release into your community.  This criminal sex offender has stated his intention to reside in your city or county at the following location for at least 30 days upon release as required by state statute:*

### 10165 Airport Blvd

### Mobile,  Mobile County, AL  36608

*Alabama Act 99-572 makes it a Class C Felony for any criminal sex offender to violate any Alabama Community Notification Act provision or to establish a legal residence or employment within 1,000 feet of any public school, private school, day care center, or any other child care facility or within 1,000 feet of any of his or her former victim(s) or where, except as provided by law, a person 18 years of age or younger resides.*

*This notice is published by the Alabama Bureau of Investigation, Criminal Information Center, and is provided in connection with the Alabama Community Notification Act of 1998 (Act 98-489). Copies of this notice are on file with your local police department or county sheriff's department.*

ABI Form 46 (10/96)

```
(No Photo Image Transmitted
Comment:Arresting agency has photo associated
                    with arrest date of 1985/03/16)
Photo Image Available        POLICE DEPARTMENT PORTSMOUTH VA1200000
Available Image              Other
(No Photo Image Transmitted
Comment:Arresting agency has photo associated
                    with arrest date of 1979/10/23)
************************* CRIMINAL HISTORY *************************
============================= Cycle 001 ============================
Earliest Event Date      1976-03-25
--------------------------------------------------------------------
Arrest Date              1976-03-25
Arrest Case Number       7603-08487
Arresting Agency         AL0020100 POLICE DEPARTMENT MOBILE
Charge                   01
        Charge Literal   ATTEMPT BURGLARY
             Severity    Unknown
--------------------------------------------------------------------
Court Disposition        (Cycle 001)
Court Agency              Unknown
Charge                   01
        Charge Literal   ATTEMPT BURGLARY
             Severity    Unknown
          Disposition    (Dismissed 1976-04-15; CHARGE DISMISSED- )
============================= Cycle 002 ============================
Earliest Event Date      1979-10-23
--------------------------------------------------------------------
Arrest Date              1979-10-23
Arrest Case Number       63496
Arresting Agency         VA1200000 POLICE DEPARTMENT PORTSMOUTH
Charge                   01
        Charge Literal   ASSAULT 31-3
             Severity    Unknown
============================= Cycle 003 ============================
Earliest Event Date      1982-10-15
--------------------------------------------------------------------
Arrest Date              1982-10-15
Arrest Case Number       821199
Arresting Agency         KS0890000 SHERIFF'S OFFICE TOPEKA
Charge                   01
        Charge Literal   SALE OF M/J
             Severity    Unknown
Charge                   02
        Charge Literal   POSS OF M/J W/INTENT TO SELL
             Severity    Unknown
--------------------------------------------------------------------
Court Disposition        (Cycle 003)
Court Agency              Unknown
Charge                   01
        Charge Literal   CONSPIRACY TO SELL MARIJUANA
             Severity    Unknown
          Disposition    (Convicted 1983-05-05; CONVICTED- PLEADS NO
                         CONTEST,3-11-83 3Y PROB)
============================= Cycle 004 ============================
Earliest Event Date      1983-10-11
--------------------------------------------------------------------
Arrest Date              1983-10-11
Arrest Case Number       821199
Arresting Agency         KS0890000 SHERIFF'S OFFICE TOPEKA
```

*(handwritten annotations)* Berger
785-233-8327
83CR-1643
Conv. date '83
Sexual Battery

```
Subject's Name          PARKER,JMMY EDWARD
Charge                  01
        Charge Literal  INDECENT LIBERTIES W/CHILD
             Severity   Unknown
============================== Cycle 005 ==============================
Earliest Event Date     1985-03-16
----------------------------------------------------------------------
Arrest Date             1985-03-16
Arrest Case Number      30654
Arresting Agency        KS0890100 POLICE DEPARTMENT TOPEKA
Charge                  01
        Charge Literal  CRIMINAL TRESPASS
             Severity   Unknown
----------------------------------------------------------------------
Court Disposition       (Cycle 005)
Court Agency             Unknown
Charge                  01
        Charge Literal  CRIMINAL TRESPASS
             Severity   Unknown
          Disposition   (Other 1986-02-28;   6M CONFINEMENT, C0UNTY
                        JAIL)
============================== Cycle 006 ==============================
Earliest Event Date     1985-04-28
----------------------------------------------------------------------
Arrest Date             1985-04-28
Arrest Case Number      30654
Arresting Agency        KS0890100 POLICE DEPARTMENT TOPEKA
Charge                  01
        Charge Literal  UNSAFE DRIVING
             Severity   Unknown
Charge                  02
        Charge Literal  DRIVING WHILE INT0XICATED
             Severity   Unknown
Charge                  03
        Charge Literal  INTERFERENCE W/CITY 0FFICERS
             Severity   Unknown
----------------------------------------------------------------------
Court Disposition       (Cycle 006)
Court Agency             Unknown
Charge                  01
        Charge Literal  UNSAFE DRIVING
             Severity   Unknown
          Disposition   (Other 1986-06-23;   30D CONFINEMENT, N0
                        C0NTEST F0UND GUILTY RUN C0NCURRENT)
Charge                  02
        Charge Literal  DRIVING WHILE INT0XICATED
             Severity   Unknown
          Disposition   (Other 1986-06-23;   N0 C0NTEST F0UND GUILTY
                        $500 PP $200)
Charge                  03
        Charge Literal  INTERFERENCE W/CITY 0FFICERS
             Severity   Unknown
          Disposition   (Other 1986-06-23;   30D CONFINEMENT, N0
                        C0NTEST F0UND GUILTY RUN C0NCURRENT)
============================== Cycle 007 ==============================
Earliest Event Date     1985-11-10
----------------------------------------------------------------------
Arrest Date             1985-11-10
Arrest Case Number      821199
Arresting Agency        KS0890000 SHERIFF'S OFFICE TOPEKA
```

```
Charge                      01
        Charge Literal      FAILURE TO APPEAR
             Severity       Unknown
Charge                      02
        Charge Literal      CRIMINAL DAMAGE TO PROPERTY
             Severity       Unknown
-----------------------------------------------------------------
Court Disposition           (Cycle 007)
Court Agency                 Unknown
Charge                      01
        Charge Literal      CRIMINAL DAMAGE TO PROPERTY
             Severity       Unknown
          Disposition       (Other 1986-02-28;   SOC NOT LESS THAN 1Y NOR
                            MORE THAN 5Y)
========================== Cycle 008 ============================
Earliest Event Date         1986-03-18
-----------------------------------------------------------------
Arrest Date                 1986-03-18
Arrest Case Number          43439
Arresting Agency            KS052025C LANSING CORR FAC LANSING
Subject's Name              PARKER,JIMMIE E
Charge                      01
        Charge Literal      CRIM DAMAGE TO PROPERTY
             Severity       Unknown
-----------------------------------------------------------------
Court Disposition           (Cycle 008)
Court Agency                 Unknown
Charge                      01
        Charge Literal      CRIM DAMAGE TO PROPERTY
             Severity       Unknown
          Disposition       (Other 1986-05-23;   1-5 SHAWNEE CO)
========================== Cycle 009 ============================
Earliest Event Date         1989-03-05
-----------------------------------------------------------------
Arrest Date                 1989-03-05
Arrest Case Number          8900301059
Arresting Agency            AL0020100 POLICE DEPARTMENT MOBILE
Subject's Name              PARKER,JIMMY EDWARD
Charge                      01
        Charge Literal      DUI
             Severity       Unknown
-----------------------------------------------------------------
Court Disposition           (Cycle 009)
Court Agency                 Unknown
Charge                      01
        Charge Literal      DUI
             Severity       Unknown
          Disposition       (Unknown 1991-03-25; 03-17-89,SC PLUS $250 PLUS
                            6 MOS IN JAIL SUSP)
========================== Cycle 010 ============================
Earliest Event Date         1992-09-12
-----------------------------------------------------------------
Arrest Date                 1992-09-12
Arrest Case Number          C0066017
Arresting Agency            AL0020000 SHERIFF'S OFFICE MOBILE
Charg
** MESSAGE EXCEEDED 14400 CHARACTERS-HAS BEEN SEGMENTED BY NLETS **
**    PART 1 OF 2    **
SEQ # 0002 MRI # 0021181
```

```
3MU.15:51 07/19/2007 021183
CR.WVFBINF00.3MU.


CR.WVFBINF00
13:56 07/19/2007 32155
13:56 07/19/2007 57949 AL003CI17
TXT
HDR/2L0100WA,MRI0021157
ATN/SOR
e                      01
         Charge Literal   ATTEMPT TO POSSESS COCAINE
              Severity    Unknown
Charge                    02
         Charge Literal   ATTEMPT TO ELUDE POLICE
              Severity    Unknown
Charge                    03
         Charge Literal   NO DRIVERS LICENSE
              Severity    Unknown
-------------------------------------------------------------------
Court Disposition         (Cycle 010)
Court Agency              AL0020000 SHERIFF'S OFFICE MOBILE
Charge                    01
         Charge Literal   OBSTRUCT POLICE-ATTEMPT TO ELUDE
              Severity    Unknown
           Disposition    (Unknown 2001-08-13; CONVICTED         CMT
                          28D        SUS 11M 002D     PRO 2Y         CFN
                          $25000)
============================ Cycle 011 ============================
Earliest Event Date       1993-04-08
-------------------------------------------------------------------
Arrest Date               1993-04-08
Arrest Case Number        93-04-1561
Arresting Agency          AL0020000 SHERIFF'S OFFICE MOBILE
Charge                    01
         Charge Literal   DRIVING UNDER THE INFLUENCE
              Severity    Unknown
-------------------------------------------------------------------
Court Disposition         (Cycle 011)
Court Agency              AL0020000 SHERIFF'S OFFICE MOBILE
Charge                    01
         Charge Literal   DRIVING UNDER INFLUENCE LIQUOR-
              Severity    Unknown
           Disposition    (Unknown 1993-12-16; CONVICTED         002D)
============================ Cycle 012 ============================
Earliest Event Date       1993-07-01
-------------------------------------------------------------------
Arrest Date               1993-07-01
Arrest Case Number        93042561
Arresting Agency          AL0020000 SHERIFF'S OFFICE MOBILE
Charge                    01
         Charge Literal   DRIVING UNDER THE INFLUENCE
              Severity    Unknown
============================ Cycle 013 ============================
Earliest Event Date       1993-09-04
-------------------------------------------------------------------
Arrest Date               1993-09-04
Arrest Case Number        93-09-0725
Arresting Agency          AL0020000 SHERIFF'S OFFICE MOBILE
Charge                    01
         Charge Literal   DRIVING UNDER THE INFLUENCE
```

```
              Severity  Unknown
Charge                  02
        Charge Literal  HARRASSMENT OR HARRASSING
              Severity  Unknown
Charge                  03
        Charge Literal  COMMUNICATION
              Severity  Unknown
-------------------------------------------------------------------
Court Disposition       (Cycle 013)
Court Agency            AL0020000 SHERIFF'S OFFICE MOBILE
Charge                  01
        Charge Literal  DRIVING UNDER INFLUENCE LIQUOR-
              Severity  Unknown
           Disposition  (Unknown 1994-06-01; CONVICTED          010D)
============================== Cycle 014 ===============================
Earliest Event Date     1994-01-07
-------------------------------------------------------------------
Arrest Date             1994-01-07
Arrest Case Number      010794
Arresting Agency        AL0020100 POLICE DEPARTMENT MOBILE
Charge                  01
        Charge Literal  DRIVING UNDER THE INFLUENCE 2-COUNTS
              Severity  Unknown
============================== Cycle 015 ===============================
Earliest Event Date     1995-03-07
-------------------------------------------------------------------
Arrest Date             1995-03-07
Arrest Case Number      95030980
Arresting Agency        AL0020100 POLICE DEPARTMENT MOBILE
Charge                  01
        Charge Literal  ASSAULT THIRD
              Severity  Unknown
============================== Cycle 016 ===============================
Earliest Event Date     1996-03-20
-------------------------------------------------------------------
Arrest Date             1996-03-20
Arrest Case Number      96033550
Arresting Agency        AL0020100 POLICE DEPARTMENT MOBILE
Charge                  01
        Charge Literal  DUI
              Severity  Unknown
Charge                  02
        Charge Literal  ATT TO ELUDE POLICE
              Severity  Unknown
Charge                  03
        Charge Literal  NO DRIVERS LICENSE
              Severity  Unknown
============================== Cycle 017 ===============================
Earliest Event Date     2000-02-28
-------------------------------------------------------------------
Arrest Date             2000-02-28
Arrest Case Number
Arresting Agency        AL0020100 POLICE DEPARTMENT MOBILE
Charge                  01
        Charge Literal  CRIM MISC 2ND
              Severity  Unknown
Charge                  02
        Charge Literal  ASSAULT 2ND
              Severity  Unknown
============================== Cycle 018 ===============================
```

```
Earliest Event Date      2002-06-14
--------------------------------------------------------------
Arrest Date              2002-06-14
Arrest Case Number
Arresting Agency         ALAST0000 BU OF INVEST MONTGOMERY
Charge                   01
       Charge Literal    5404DRIV UNDER INFLUENCE LIQUOR-DRIVIN UN INFLU   MISD
            Severity     Unknown
=============================== Cycle 019 ===============================
Earliest Event Date      2002-07-16
--------------------------------------------------------------
Arrest Date              2002-07-16
Arrest Case Number
Arresting Agency         ALAST0000 BU OF INVEST MONTGOMERY
Charge                   01
       Charge Literal    1399ASSLT-DOMESTIC VIOL 3RD - ASSLT X 2
            Severity     Unknown
=============================== Cycle 020 ===============================
Earliest Event Date      2004-04-20
--------------------------------------------------------------
Arrest Date              2004-04-20
Arrest Case Number
Arresting Agency         AL0020000 SHERIFF'S OFFICE MOBILE
Charge                   01
       Charge Literal    DUI FELONY GJ04 30186
            Severity     Unknown
--------------------------------------------------------------
Court Disposition        (Cycle 020)
Court Agency             AL0020000 SHERIFF'S OFFICE MOBILE
Charge                   01
       Charge Literal    DUI - FELONY
            Severity     Unknown
         Disposition     (Unknown 2005-04-12; CONVICTED          CMT
                         10Y                                     CFN
                         $10100)
=============================== Cycle 021 ===============================
Earliest Event Date      2004-04-20
--------------------------------------------------------------
Arrest Date              2004-04-20
Arrest Case Number       00199999A
Arresting Agency         AL003025C DEPT OF CORR MONTGOMERY
Subject's Name           PARKER,JIMMIE E
Charge                   01
       Charge Literal    FELONY DUI MOBILE 04/20/04 01
            Severity     Unknown
--------------------------------------------------------------
Court Disposition        (Cycle 021)
Court Agency              Unknown
Charge                   01
       Charge Literal    FELONY DUI MOBILE 04/20/04 01
            Severity     Unknown
         Disposition     (Unknown 2005-08-15; 08/23/04 10/00/00 CS)
*********************    INDEX OF AGENCIES    *************************
Agency                   FBI-CJIS DIV-CLRKSBG CLARKSBURG; WVFBINF00;
Address
                         1000 CUSTER HOLLOW RD
                         CLARKSBURG, WV 26306
--------------------------------------------------------------
Agency                   POLICE DEPARTMENT MOBILE; AL0020100;
Address
```

```
                        2460 GOVERNMENT BLVD
                        MOBILE, AL 36606
----------------------------------------------------------------
Agency                  POLICE DEPARTMENT PORTSMOUTH; VA1200000;
Address

                        711 CRAWFORD ST
                        PORTSMOUTH, VA 237043837
----------------------------------------------------------------
Agency                  SHERIFF'S OFFICE TOPEKA; KS0890000;
Address

                        STE 200 320 S KANSAS AVE
                        TOPEKA, KS 666033641
----------------------------------------------------------------
Agency                  POLICE DEPARTMENT TOPEKA; KS0890100;
Address

                        SUITE 100 320 S KANSAS
                        TOPEKA, KS 666033640
----------------------------------------------------------------
Agency                  LANSING CORR FAC LANSING; KS052025C;
Address

                        PO BOX 2
                        LANSING, KS 660430002
----------------------------------------------------------------
Agency                  SHERIFF'S OFFICE MOBILE; AL0020000;
Address

                        105 SAINT EMANUEL ST PO BOX 113
                        MOBILE, AL 366010113
----------------------------------------------------------------
Agency                  BU OF INVEST MONTGOMERY; ALAST0000;
Address

                        301 S RIPLEY ST PO BOX 1511
                        MONTGOMERY, AL 361021511
----------------------------------------------------------------
Agency                  DEPT OF CORR MONTGOMERY; AL003025C;
Address

                        301 S RIPLEY ST PO BOX 301501
                        MONTGOMERY, AL 36130
* * * END OF RECORD * * *
** MESSAGE EXCEEDED 14400 CHARACTERS-HAS BEEN SEGMENTED BY NLETS **
**    PART 2 OF 2    **
SEQ # 0003 MRI # 0021183
```