IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMIE E. PARKER, AIS#199999 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:07-CV-624-WKW |
| | ) |
| TROY KING, et al. | ) |
| | ) |
| Defendants. | ) |

**RESPONSE of
ALABAMA DEPARTMENT of CORRECTIONS
And
COMMISSIONER RICHARD ALLEN
TO PETITIONER'S
MOTION FOR PRELIMINARY INJUNCTION**

Parker claims that the application of the Alabama Sex Offender Community Notification Act (ASOCNA), *Code of Alabama, 1975, as amended, 13A-11-200, et seq. and 15-20-21, et seq.*, as applied to him, would constitute an unconstitutional ex-post facto law. He has petitioned this court to issue a preliminary injunction pending the disposition of his 1983 case in chief. The above defendants assert that petitioner inmate Jimmie E. Parker is not entitled to the issuance of a preliminary injunction, and assigns the following in support thereof:

1. Parker fails to demonstrate that, 1. he has a substantial likelihood of success on the merits, 2. he would suffer immediate and irreparable injury, loss or damage if a preliminary injunction did not issue pending

the resolution of his "1983" suit, 3. the harm to Parker outweighs the harm to the non-movant, and 4. that an injunction would be in the interest of the public.

2. The relief that Parker asks for is that his name not be put on the Public Safety web site and that "flyers" not be delivered in the neighborhood where he intends to reside upon his release.

3. What Parker obviously does not understand is that these Department of Corrections (ADOC) defendants do no have anything to do with the "community notification" parts of the "Alabama Sex Offender Registration and Community Notification Statutes", as last amended.

4. The parts of the statutes that apply to the ADOC defendants are only those sections which dictate what the "responsible agency" who has physical custody of the sex offender is required to do, immediately prior to the release. The ADOC has nothing to do with "community notification" or placing an offender's information on the Public Safety web site or on the applicability or implementation of the local distribution of "flyers." Those decisions and actions are the responsibility of the Department of Public Safety and the local law enforcement agencies involved. Therefore, an injunction simply will not lie against the ADOC for decisions and actions that they are not responsible for and do not do.

5. As an inmate of the Alabama Department of Corrections, any challenge by Parker to an ADOC rule or regulation is subject to the Alabama

           Administrative Procedures Act (AAPA) at *Code of Alabama, 1975, as amended, at 41-22-1, et seq.*, in this case the ADOC classifying him as a "sex offender" pursuant to the provisions of the ASOCNA, as they apply to the ADOC as the "responsible agency."

6. AAPA mandates that Parkers' challenge, while confined as an inmate, should be in the form of a state court writ of certiorari. Therefore, Parker has failed to exhaust all of his administrative state court remedies as to any complaint he may have against defendants ADOC and\or commissioner Richard Allen.

7. If Parker were released from being an inmate in the custody of defendant ADOC, while his pending 1983 suit is being litigated, he would have an administrative remedy available to him as to whether defendant Alabama Department of Public Safety (which this attorney does not represent) should post the sex offender information on Parker on the Public Safety web site, and\or as to whether the local authorities should publish the "sex offender flyers" in the neighborhood where Parker intends to reside.

8. As set out above, Parker has administrative remedies available to him both BEFORE and AFTER his release from the ADOC, and he has not availed himself of any of those remedies before seeking redress in federal court.

9. The ex post facto argument has been litigated in many courts and jurisdictions. There is a plethora of authorities which hold that

"Megan's Law" type Community Notification statutes do not inflict punishment under the double jeopardy clause or constitute an ex post facto law. *See Verniero v. Attorney General, et al, 119 F.3rd 1077.*

10. Another on point authority, submitted for the benefit of the court is the 2006 slip opinion Louisiana case of *Birdsong v. Laperouse*, et al, found at 2006 WL 3240765 (W.D.La.), which stands very clearly for the proposition sex offender registration and community notification statutes do not constitute "punishment", and thus do not violate the Constitution's proscription of ex post facto laws. The Birdsong court went even further and held that such a lawsuit, challenging sex offender notification statutes on the theory of "ex post facto" were, indeed, "frivolous", and due to be dismissed. *Id.*

11. Fortunately, we can look even closer to home for detailed analysis and discussion of the Alabama Community Notification Statute. Please refer to the 2006 Alabama Middle District case of *Bush v. Whaley, 2006 WL 2577819*, wherein United States Magistrate Judge Susan Russ Walker, in denying an inmate's motion for preliminary injunction, discussed at great length the Alabama Community Notification Statutes, as they apply to an Alabama inmate with a sex offense.

4

12. For the reasons set out above, Parker is not entitled to any relief against any of the named defendants, but definitely not against these ADOC defendants. Not only is he not entitled to any injunctive relief, but defendants argue, that his petition is baseless and frivolous, as a matter of law.

Respectfully submitted,

KIM T. THOMAS (THO115)
GENERAL COUNSEL


/s/ NEAL P. CONNER
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL
ASSISTANT ATTORNEY GENERAL

### CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2007 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jimmie E. Parker, AIS#199999
Hamilton A&I
223 Sasser Drive
Hamilton, AL 35570

and also

Jimmie E. Parker
2960 Bell Aire Boulevard
Theodore, AL 36582

/s/ NEAL P. CONNER
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL   36130
(334) 353-3889