In The United States District Court For The Middle District of ALABAMA, NORTHERN Division

RECEIVED
2007 AUG 13 A 9:30
_ _ _ A.P. HACKET_
U.S. DISTRICT COURT
MIDDLE DISTRICT _ _

Jimmie E. PARKER
Plaintiff, Pro Se

V.

Troy King, et. al.
Defendants

CASE NO. #
2:07-CV-624-WKW

## Plaintiffs' Objection to The Denial of PRELIMINARY Injunction

On the 31st of July, 2007, The Magistrate Judge concluded Plaintiff failed to establish A substaintial Likelihood of success on the merits of the complaint.

Plaintiff objects for the following grounds;

(1,)

## Supplemental Information

1. The Court and Defendants mistakenly and repeatedly stated Plaintiff has a 1983, Kansas, conviction for taking indecent liberties with a child, which is a felony.

In reality Plaintiff pleaded no contest to the offense of sexual battery, which is a misdemeanor. (See Plaintiffs Exibit A)

Once again Plaintiff avers registration is not required under any federal guidlines, neither the Jacob Wetterling Act, nor the new Adam Walsh Act, due to the expiration of the duration of registration for a single, 1983, misdemeanor offense. (See Plaintiffs Exibit A), and, The 1994 Jacob Wetterling Act, 42 USCS. 14071 (A)(1)(A) and (B)(6)(A)(1)(A), and, The 2006 Adam Walsh Act, 42 USCS. 16911 (2) and 16915 (A) (1), and Plaintiffs sworn affidavit for Preliminary Injunction,

(2)

## 1. Registration Vs. Self Incrimination

(A) The Court and Defendants point to the Alaska case of <u>Smith V Doe, 538 U.S. 84, 155 L.Ed. 2d 164, 123, S.Ct. 1140 (2003).</u>

In which the Court determined Alaska Registration and Community Notification "via the Internet" did not violate EX Post Facto Law when applied retroactively.

The Alaska Act has only those two components and the Justices determined that this was a very close call. Alaska's Act has 2 tiers of offenders for determining length of duration of Registration. A single, non-aggrevated offense requires Registration for 15 yrs., and violent or aggrevated offenses register for Life. Alabama's Act makes no such determination, all must register for Life

(B.) ALaskas Act requires registration info,
other than the usual criminal archives,
also be passively diseminated via
the Internet, meaning one must seek
out the information either by visiting
and purusing the criminal archives
or actively visiting the Internet
web site,
Whereas Alabama's Act mandates
the "aggressive" distribution of the
information via the Community
Notification Flyer, whether or not
the community or individuals desire
this information, and is most similar
to shaming punishments of the past,
and achieves the same results
and effects of stigma plus disabilities
which effects affirmative disabilities
and restraints through public scorn,
contempt, ostracisim, and lost opportunities
for housing and employment,
Thereby when Alabama's Act is applied
Retroactively it increases the penalties
and sanctions to greater than that
which was authorized at time of
offense.

(4)

(G) In addition Alabama's Act imposes restrictions and prohibitions on when and where Plaintiff can live and/or work, and provides severe felony penalties for any violations. Alaska's Act has no such restrictions and prohibitions. Plaintiff avers that he is presently presented with the opportunity to live and work in another State on as little as, or less than one weeks notice, for greater ~~~~~~ compensation than found localy. But due to the "Retroactive" application of Alabama's "Act," Plaintiff is precluded, restricted and prohibited from exercising his Constitutional Rights of Liberty, Freedom, Pursuit of Happiness, Right to Interstate Travel, and the right to freely apply his trade, in violation of Due Process Double Jeopardy, Ex Post Facto and the Separation of Powers Doctrine, for an offense occurring over a decade prior to the "Act." Fundamental and Inalienable rights can never be denied retroactively

(5)

(D) Plaintiff's registration of residence and/or employment locations provides the basis for Law Enforcement's investigation as to whether or not these reported and/or registered locations violate any of the restrictions and/or prohibitions of the "Act", for which prosecution can commence. During Plaintiff's most recent registration a Sheriff's Deputy was dispatched to the reported and registered residence to physically inspect and determine whether Plaintiff was in compliance or violation of the "Act's." Location and other restrictions and/or prohibitions, and registration was forestalled until said Deputy reported back to the registering Officer. Registration is compelled by statute and coerced under pain of prosecution. Registration removes Plaintiff's Constitutionally vested Rights against Self Incrimination, as the likelihood of harmful and/or injurious disclosure is real and substantial. SEE; AL. Const. of 1901, Art. I Section 36, Every thing in the Declaration of Rights is Excepted —

(6)

— out of the GENERAL POWERS of
GOVERNMENT AND <u>SHALL</u> <u>FOREVER</u>
REMAIN INVIOLATE, if 2 PROVISIONS
of the Constitution conflict
<u>ART. I</u> will PREVAIL., AND SEE;
<u>AL. CONST. of 1901, ART. I SEC. 6,</u>
SELF INCRIMINATION; ONE <u>SHALL</u>
<u>NOT</u> be compelled to give
EVIDENCE AGAINST ONESELF., AND SEE;
<u>U.S. CONST. AMEND 5,</u> ONE <u>SHALL</u>
<u>NOT</u> be compelled to be WITNESS
AGAINST ONESELF., AND SEE;
<u>BAXTER V. PALMIGIANO, 425 U.S. 308,</u>
<u>47 L.Ed, 810, 96 S.Ct. 1551 (1996)</u>
ONE is PRIVILEGED NOT to ANSWER
to official QUESTIONS in ANY PROCEEDING
CIVIL, CRIMINAL, FORMAL, OR INFORMAL,
WHERE ANSWERS might INCRIMINATE
OR FORM BASIS of INVESTIGATION FOR
FUTURE CRIMINAL PROCEEDINGS,


ALABAMA'S "ACT." VIOLATES AND REMOVES
CONSTITUTIONAL LAWS AND RIGHTS WHEN
APPLIED RETROACTIVELY FOR AN OFFENSE
OCCURRING OVER A DECADE PRIOR TO THE
"ACT." IN VIOLATION of DUE PROCESS, DOUBLE
JEOPARDY, EX POST FACTO, AND THE SEPARATION of
POWERS DOCTRINE,    (7)

(E.) Due Process clauses of the
Constitutions; protects interests in
fair notice, comprimised by retroactive
Legislation, justification sufficient to
validate statutes prospective
Application under due process
may not suffice to warrant
statutes retrospective application,
Landgraf V. U.S.I. Film Prods.,
511 U.S. 244, 128 L.Ed. 2d. 229 (1994)

The Likelihood of injurious disclosure,
not prosecution prompts the Right
Against Self Incrimination
Lefkowitz V. Turley 38 L.Ed. 274 (1973)

Notwithstanding phrase in any criminal
case in text of Self Incrimination clause
of Federal Const's 5th Amend., clause's protection
encompasses compelled statements that
lead to discovery of incriminating evidence,
eventhough statements themselves are
not incriminating and are not introduced
into evidence.
U.S. V. Hubbell, 147 L.Ed. 2d. 24
(2000).

(8)

(2) Due Process And The Separation of
Powers Doctrine   V.S. The Retrospective
Application of Restrictions And
Prohibitions of Residences And
Employment And Advance Notice of
<u>Intent to Transfer Same</u>

(A) Unlike the Alaska "Act",
Alabama's "Act." prohibits And restricts
where And when Plaintiff can live
And work,
This severly inhibits And/or removes
Plaintiffs Const. Vested Fundamental
And Inalienable Rights of Liberty
And the Pursuit of Happiness.
Plaintiff can not change residence
nor begin employment on short
notice nor no notice at all And is
excluded from residing or working
in certain Locations.
The retroactive removal of these
Const. Vested Fundamental, Inalienable
Rights for an offense occurring before
the "Act." can be considered nothing
other than Punishment.
<u>Art. I sec. 10 cl. 9 of the Federal Const.</u>
<u>states</u>; —

(9)

—No State shall pass any Bill of Attainder or Ex Post Facto Law,

To violate Art. I sec. 10 cl. 9 of The Federal Const., the "Act."; (1) must be retroactive, applying to events occurring before its enactment. (2) It must disadvantage the offender effected by it, ie, change Legal consequences, or alter a substaintial Right, A Judicial enlargment of a statute, ie, Retrospective application operates precisely as an Ex Post Facto Law,—Collins Vs. Youngblood, 497 US. 37, 111 L.Ed 2d, 30, (1990)

Due Process may be violated by a State Judiciary by misconstruing an otherwise valid statute. Bowie V. Columbia 12 L.Ed 2d. 894 (1963)

(10)

The U.S. Supreme Court recognizes punishment includes deprivations or suspension of Political or Civil Rights. "Punishment" is not restricted to deprivations of Life, Liberty or property. All men have certain inalienable Rights, including Life, Liberty, and the Pursuit of Happiness and in that pursuit all trades, honors and positions are alike, open to everyone and in protection of all such Rights all are equal before the Law. Any suspension or deprivation of these Rights for Past Conduct is Punishment and can not be otherwise defined. Cummings V. Missouri, 71 U.S. 277, 18 L.Ed. 356 (1867)

Custody generally encompasses most restrictions on Liberty resulting from a criminal conviction, (ie, punishment) Pack Vs. Yusuff, 218 F. 3d. 448, 455, (5ᵗʰ Cir. 2000) cited in footnotes No# (51) of Kirk Vs. Collier, U.S. Lexis 20434 (5ᵗʰ Dist. 2006)

(11.)

15-20-26 (a) of Alabamas "Act." states, "Unless otherwise exempted by law, etc." Possibly indicating Legislative acknowledgement that this section, prohibiting Residence and employment locations, when applied retrospectively for an offense occurring prior to the effective date of the "Act.", violates Due Process, Ex Post Facto, Bill of Attainder, Double Jeopardy and the Separation of Powers Doctrine because retrospective application would constitute punishment due to the removal of Fundamental and Inalienable Const. Rights retroactively.

Plain and obvious meaning and intention of prohibition, "That no State shall pass any Ex Post Facto Law", is that Legislatures shall not pass laws after an act done, which shall have relation to such act "or" shall punish.

Calder Vs. Bull, 3 US. 386, 390, 1 L.Ed. 648   (1798)

(12.)

The Court has consistently held that statutes are to be prospective only, unless clearly indicated by the Legislature. Retrospective Legislation is not favored by the Courts and statutes will not be construed as retrospective unless the Language used is so clear that there is no other possible construction.

Riley v. Kennedy ~~[struck out]~~ Lexis 191, Supreme Ct. (2005) and Kittrell v. Benjamin 396 So.2d 93, 94 (Al. 1981)

15-20-26 (A) states, "Unless otherwise exempted by Law, etc", is not clearly expressed retrospective application.

Examples of Retrospective Language

(1.) 34-8-28(h) provisions of this amendatory section are remedial and curative and shall be retroactive to Jan. 1st 1998.

(2) 11-50-16 (c) and 11-43-80 (d), provisions of this section shall be curative and retroactive.

(3) Act. No. 2001-891 § AL. Acts. 2001, it is the intent of the Legislature that this Act be construed as retroactive and curative.

(13)

Nothing in the LANGUAGE of AL's "Act." shows positively expressed intent by the Legislature for RETRO-spective Application, absent which, the "Act." has prospective only application. Not withstanding the Courts and Defendants' assertions that 15-20-21, Definitions sec. of the "Act." (1) <u>Adult criminal sex offender,</u> "a person convicted of a sex offense", is indicative of retrospective Language. <u>SEE</u>; Examples of Retrospective Language on previous page.

Where retrospective application is claimed such must clearly be the intention, or the Court will presume that the Lawmaking is acting for the future and not for the past, that is enacting a rule of conduct which shall controll future rights and dealings of men rather than review and affix new obligations to that which has been done in the past.

<u>White V. U.S., 191 U.S. 545, 48 L.Ed.295, 1903, cited in</u> <u>Seniors Civil Liberties Assn. V. Kemp, 761 F.Supp. 1528 (1)[th] Cir. 1991)</u>

(14)

The Supreme Court of Alabama stated; We indulge every presumption in favor of construing actions of the Legislature to have a prospective operation unless the Legislatures intention is <u>otherwise stated</u> in in <u>expressed terms</u>.
<u>City of Brewton V. Whites Auto Store, Inc., 362 So2d 226, 227 (AL, 1978)</u> cited in <u>Jones V. Casey, 445 So2d, 873, 875 (AL, 1983)</u> cited in,
<u>Granite States Ins. Co. V. Styles, 541 So2d, 1062 (AL, 1989)</u>

Const. Liberty Embodied in Due Process Clauses of the 5th and 14th Amendments of the Federal Const. places Limitations on retroactive Judicial Application of statutory enactments and precludes courts' from effecting results that the Legislature is barred from Achieveing by the Ex Post Facto clause.
<u>Bowie V. Columbia  12 L.Ed, 894 (1963)</u>

No State shall pass any Ex Post Facto Law, which is <u>any</u> law passed after the commission of an act that increases the legal consequences of the act. <u>Collins V. Youngblood, 497 U.S. 37, 111 L.Ed. 2d, 30, 110, S. Ct, 2715 (1990)</u>

The "Act" unlike Alaska's Act, retroactively removes the fundamental and inalienable Constitutionally vested Rights of Liberty and the Pursuit of Happiness due to the advance notice of changes in residence and/or employment and the prohibitions placed on same, in violation of any number of State and Federal Constitutional Laws, when applied retroactively for a criminal offense occurring prior to the "Act", and is by definition punishment.

(16)

3. Priviledges And Immunities
Clauses of The FEDERAL
Const. Art. IV sec. 2, and comparative
Al. Const. secs, —

A. — No State shall make or enforce
Any Law which shall abridge
the Priviledges and Immunities
of Citizens in the Several States.
To deny Plaintiff the Const. protections
of Due Process, Ex Post Facto, Double
Jeopardy, and the Separation of
Powers Doctrine, and protections against
Self Incrimination, Retrospectively, by
AL.'s "Act." which removes Const. Vested
Fundamental and inalienable Rights
of Liberty and the Pursuit of Happiness,
due to advance notice of changes in Residence
and employment Locations and the prohibitions
placed on same, Retrospectively for acts
previously done prior to AL.'s "Act.",
would Also be to deny Plaintiff the Const.
Vested Rights granted All Citizens
by the Priviledges and Immunities
Clauses.

(17.)

## Conclusion

By the perponderence of evidence
through the statutory Language and the
effects of the "Act", and relevant
case law, and reliance on the Federal
and Alabama Constitutional Law, Plaintiff
has established a substantial Likelihood
of success on the merits of claims
for relief and the issuance of the
Preliminary Injunction sought or, in the
alternative requests the Court to sever
and save such portions of the "Act" deemed
not offensive to the Constitutional Laws
of The United States and Relevant
Alabama Constitutional Laws, by severing
sections 15-20-23 and 15-20-23.1; advance
notice of changes of residence and employment,
and severing 15-20-26; prohibiting certain
residence and employment Locations
retrospectively, and/or in the alternative
make a specific determination of the
statutory Language of 15-20-26; "Unless
otherwise exempted by Law, etc." and
what the specific exemptions are.
Thereby making the saved portions of
the "Act" not offensive to Constitutional
Laws.

(18)

Plaintiff respectfully requests that this Court consider treating this objection to the denial of Preliminary Injunction as a motion for summary judgement and enter judgment in any of the foregoing forms in favor of this Plaintiff.

Respectfully Submitted

Jimmie E. Parker.

Jimmie E. Parker, Plaintiff, Pro Se
2960 Bell Aire Blvd.
Theodore, AL. 36582

(19.)

CERTIFICATE of SERVICE
under 28 USCS, 1746

I hereby certify that I have this 11th day of August, 2007, served a true copy of the foregoing on all Defendants listed and addressed below by placing same in the U.S. Mail, ▓▓▓ mail, with proper postage affixed.

Jimmie E. Parker
Jimmie E. Parker
2960 Bell Aire Blvd
Theodore, AL. 36582

+ AL. Attny. Gen. Troy King
% Joshua Bearden of Counsel
11 S. Union St.
Montgomery, AL. 36130-0152

Gen. Counsel for the AL. Dept.
of Public Safety, P.O.Box,
1511, Montgomery, AL. 36102-1511

AL. Dept. of Corrections,
% Neal P. Conner of Counsel
Legal Div., 301 S. Ripley St,
P.O. Box, 301501 Montgomery, AL. 36130

And To; U.S. Dist. Court Clerk
P.O. Box. 711
Montgomery, AL 36101-0711
(20)

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
SEVENTH DIVISION

STATE OF KANSAS                                        PLAINTIFF

VS                                                     83-CR-1543

JIMMY E. PARKER                                        DEFENDANT

JOURNAL ENTRY

On the 24th day of October, 1983, the above-entitled matter
came on for hearing in the Twelfth Division of the Shawnee County
District Court, the Honorable James P. Buchele, presiding. The
State of Kansas appeared by Joan M. Hamilton, Assistant District
Attorney. The defendant appeared in person and by Ronald Wurtz,
his attorney. Thereupon, the State amended Indecent Liberties
with a Child to Sexual Battery. Thereafter, the defendant waived
preliminary hearing, formal filing and a jury trial and entered
his plea of no contest to Sexual Battery, Session Laws, Chapter
109, New Section 13, Pen. Sec. K.S.A. 21-4502(1)(a). The Court
made due inquiry and satisfied itself that the plea was given
knowingly and voluntarily with the advice and assistance of coun-
sel and that a factual basis existed. The Court accepted the
plea and adjudged the defendant guilty. The matter was continued
for sentencing.

Now on this 18th day of January, 1983, the above-entitled
matter comes on for sentencing, the Honorable Franklin R. Theis,
presiding. The State of Kansas appears by Sue Carpenter, Assist-
ant District Attorney. The defendant appears in person and by
Ronald Wurtz, his attorney. Thereupon, the Court, being duly
advised in the matter suspends imposition of sentence and places
the defendant on two (2) years probation under the usual and spe-
cial conditions as stated in the order of probation and in
defendant's case of 82-CR-2218.

IT IS SO ORDERED.

HONORABLE FRANKLIN R. THEIS
Seventh Division

United States District Court Clerk
P.O. Bx. 711
Montgomery, AL. 36101-0711

ommie E. Parker
60 Bell Aire Blvd.
eodore, AL. 36582