**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JIMMIE E. PARKER, AIS#199999** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-624-WKW |
| ) | |
| **TROY KING, et al.** ) | |
| ) | |
| **Defendants.** ) | |

**SUPPLEMENTAL RESPONSE of
ALABAMA DEPARTMENT of CORRECTIONS
And
COMMISSIONER RICHARD ALLEN
TO PETITIONER'S
MOTION FOR PRELIMINARY INJUNCTION**

Parker, a convicted sex offender, initially claimed that the application of the Alabama Sex Offender Community Notification Act (ASOCNA), *Code of Alabama, 1975, as amended, 13A-11-200, et seq. and 15-20-21, et seq.,* as applied to him, would constitute an unconstitutional ex-post facto law. He petitioned this court to issue a preliminary injunction pending the disposition of his 1983 case in chief.

Pursuant to this courts order, these defendants filed their response. The court issued the Recommendation of the Magistrate Judge (Court Doc. No. 20) on July 31, 2007, denying Parker's motion for preliminary injunction. Former inmate Jimmie E. Parker then filed his "Plaintiff's Objection to the Denial of Preliminary Injunction" (Court Doc. 21). In his "objection", Parker mostly "rehashed" his previous arguments, but also argued that, somehow, the Alabama Community

1

Notification Act cannot be applied to him based on his 1983 plea of "no contest" to misdemeanor sexual battery.

The court then ordered defendants (Court Doc. No. 22) to file a supplemental response to Parker's motion for preliminary injunction, on or before September 7, 2007, addressing the claim that the Act cannot be applied to Parker based on his 1983 plea of "no contest" to misdemeanor sexual battery.

On July 25, 2007, petitioner Jimmie E. Parker, AIS#199999, completed his sentence and was released from the custody of the Alabama Department of Corrections (ADOC) to Mobile County. The duties and obligations of the ADOC, as the custodial "responsible agency" of Parker, a convicted sex offender, do not include any of the "community notification" elements of the Act, such as placement on the Public Safety Department sex offender registry web site or the neighborhood flyer distribution at the local community level.

## CONCLUSION

Parker's request for an injunction against these ADOC defendants, pending the resolution of his Section 1983 lawsuit, is moot.

Respectfully submitted,

KIM T. THOMAS (THO115)
GENERAL COUNSEL

/s/ NEAL P. CONNER
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL
ASSISTANT ATTORNEY GENERAL

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 5th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Jimmie E. Parker
2960 Bell Aire Boulevard
Theodore, AL 36582

            /s/ NEAL P. CONNER
            NEAL P. CONNER (CONN2024)
            ASSISTANT GENERAL COUNSEL
            ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL   36130
(334)  353-3889