IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JIMMIE E. PARKER, #199999,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CASE NO.: 2:07-CV-624-WKW |
| ) | |
| **TROY KING, et al.** ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' JOINT SUPPLEMENTAL RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION

**COME NOW**, the Defendants, **Troy King, Richard Allen and Colonel Mike Coppage,** and in accordance with this Honorable Court's Order of August 14, 2007, do hereby submit the following Supplemental Response to the Motion for Preliminary Injunction.

### PARTIES

1. The Petitioner, Jimmie Parker, AIS# 199999, ("Mr. Parker") was an Alabama Department of Corrections ("ADOC") inmate, who was recently released from Hamilton A&I Correctional Facility ("Hamilton") in Hamilton, Alabama.

2. Mr. Parker has named the following Defendants:

    a. Troy King ("Attorney General King"), Attorney General of the State of Alabama.

    b. Richard Allen ("Commissioner Allen"), Commissioner of the ADOC.

1

c. Colonel Mike Coppage ("Colonel Coppage"), Director of the Alabama Department of Public Safety ("ADPS").

**PETITIONER'S ALLEGATIONS AND DEMANDS**

Mr. Parker seeks declaratory relief, a preliminary injunction and damages. Mr. Parker alleges in his complaint that Defendants have violated his constitutional rights. Specifically, Mr. Parker alleges:

1. The Act violates the *Ex Post Facto* clause of Article 1, § 10 of the United States Constitution because "Petitioner has a single, out-of state, 1983, misdemeanor conviction, for Sexual Battery of a minor."

2. Ala. Code § 15-20-20, et seq. (1975), otherwise known as "The Community Notification Act" ("the Act"), violates Mr. Parker's due process rights because application of the Act would deprive Mr. Parker of life, liberty, property, and reputation.

3. The Act violates Mr. Parker's right to Equal Protection under the law.

4. The Act as applied to him violates his Eighth Amendment rights to be free from cruel and unusual punishment.

5. The Act denies Mr. Parker of his Substantive and Procedural Due Process rights.

6. The Act violates Mr. Parker's Fourteenth Amendment right to seek employment and to contract.

7. The Act violates Mr. Parker's First Amendment right to freely associate with his family.

## DEFENDANTS' SUPPLEMENTAL EXHIBITS

1. Exhibit A – Affidavit of Joan Hamilton, Assistant District Attorney, Shawnee County, Kansas, dated October 6, 1983.

2. Exhibit B – Journal Entry of the Shawnee County District Court, dated October 24, 1983.

3. Exhibit C – Journal Entry of the Shawnee County District Court, dated November 22, 1985.

## DEFENDANTS' SUPPLEMENTAL RESPONSE

1. Insofar as Mr. Parker seeks monetary damages, Defendants, Attorney General King, Director Allen, and Colonel Coppage named in their official capacities are immune by virtue of sovereign immunity.

2. Mr. Parker is no longer in the custody of the ADOC and therefore those issues previously alleged against DOC are moot.

3. Defendants Commissioner Allen and Colonel Coppage cannot provide the injunctive relief sought by Mr. Parker.

4. Defendants deny violating Mr. Parker's constitutional rights.

5. Defendants request that this Honorable Court consider this supplemental report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Mr. Parker's claims and the Defendants are entitled to judgment as a matter of law.

**STATEMENT OF FACTS**

According to recently received documentation from the District Court of Shawnee County, Kansas, Mr. Parker was, in-fact, convicted of ***Sexual Battery against an 8 year-old boy***. (Exhibit "A") An affidavit sworn to by Joan M. Hamilton, Assistant District Attorney, and dated October 6, 1983, sets forth the following facts:

In the early morning hours of September 14th or 15th of 1983, the victim's mother was awakened by her live-in boyfriend, Jimmie Parker, who had gotten up. (Exhibit "A") The victim's mother waited for awhile

4

to see if Parker would return to bed and when he did not, she thought something might be wrong so she went to check. (Exhibit "A") The victim's mother had cut her foot a few days earlier and was unable to walk so she crawled from her bedroom to an area where she looked up into her son's bedroom. (Exhibit "A") At that time, she observed Parker sitting naked next to her sleeping 8 year-old son. (Exhibit "A") At that time, the victim's mother noticed that the offender, Parker, had an erection and was masturbating, using her son's hand to masturbate with. (Exhibit "A") Parker was subsequently arrested for Indecent Liberties with a Child. (Exhibit "A")

On October 24, 1983, the matter came on hearing in the Twelfth Division of the Shawnee County District Court. (Exhibit "B") The defendant was represented by counsel. (Exhibit "B") Thereupon, the State amended the charge of Indecent Liberties with a Child to Sexual Battery. (Exhibit "B") Thereafter, the defendant waived preliminary hearing, formal filing and a jury trial and entered his plea of no contest to Sexual Battery. (Exhibit "B") The Court accepted the plea and adjudged the defendant guilty, suspended imposition of sentence and placed the defendant on 2 years probation. (Exhibit "B")

Court records, dated November 22, 1985, further show this offender violated the terms of his probation and was subsequently sentenced to serve the remainder of his one year in the Shawnee County Jail. (Exhibit "C")

**Argument**

Parker's assertion that his plea and conviction for sexual battery with a child is not a criminal conviction subject to the Community Notification Act is without merit. "A person convicted of a criminal sex offense [listed in § 15-20-21 (4)], *including a person who has pleaded nolo contendere* to a criminal sex offense, regardless of whether adjudication was withheld" is considered an adult criminal sex offender under Alabama law subject to the Act's registration, notification, residency, and employment restrictions upon his release into society.[1] *Ala. Code* § 15-20-21(1)(emphasis added).

Moreover, the Act specifically and expressly provides that "[t]he foregoing notwithstanding, any crime committed in any jurisdiction which, irrespective of the specific description or statutory elements thereof, is in any way characterized or known as rape, sodomy, sexual assault, **sexual battery**, sexual abuse, sexual torture, solicitation of a child, enticing or luring a child, child pornography, lewd and lascivious conduct, taking indecent liberties with a child, or molestation of a child" is considered a "criminal sex offense" for purposes of applying the Community Notification Act to an offender. *Ala. Code* § 15-20-21 (4)(m).(emphasis added). The Alabama legislature therefore intended that all adults convicted in any jurisdiction for any offense involving sexual battery are subject to registration and notification, regardless of the date

---

[1] The Act does not exempt convictions based on their date of imposition and therefore applies to any person previously convicted of a criminal sex offense regardless of when the conviction occurred. Moreover, the Act makes no distinction to limit its definition of criminal sex offenses to felony offenses.

6

of their conviction. Consequently, procedural due process requirements with respect to such offenses are met through the original criminal proceedings that resulted in the conviction. *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 7, 123 S.Ct. 1160, 1164 (2003).

## CONCLUSION

Therefore, Parker fails to establish a substantial likelihood of success on the merits of any of his claims for relief or that issuance of a preliminary injunction would be in the best interest of the public. Based on the foregoing, Defendants **Attorney General Troy King, Commissioner Richard Allen, and Colonel Mike Coppage** respectfully request that this court consider treating this Supplemental Special Report as a Motion for Summary Judgment, and deny the motion for preliminary injunction filed by the plaintiff.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


/s/ *Joshua Bearden*_____
Joshua Bearden (BEA 070)
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7300
(334) 242-2433 (fax)

**CERTIFICATE OF SERVICE**

 I hereby certify that I have, this 10th day of September, 2007, served a copy of the foregoing on the Petitioner, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

 Jimmie Parker, #199999
 2960 Bell Aire Boulevard
 Theodore, AL  36582

 Alabama Department of Public Safety
 Legal Division
 P.O. Box 1511
 500 Dexter Avenue
 Montgomery, AL 36102

 Neal Connor
 Alabama Department of Corrections
 Legal Division
 P.O. Box 301501
 101 South Union Street
 Montgomery, AL 36130-1501

        /s/ *Joshua S. Bearden*
        OF COUNSEL

IN THE DISTRICT COURT OF SHAWNEE, COUNTY, KANSAS

STATE OF KANSAS                                    PLAINTIFF

   vs.                                             NO

JIMMY E. PARKER                                    DEFENDANT


STATE OF KANSAS   )
                  )  ss:
COUNTY OF SHAWNEE )


### AFFIDAVIT

I, Joan M. Hamilton, Assistant District Attorney, Third Judicial District, being of lawful age, duly swear upon my oath, depose and state: That I have had the following information supplied to me by official and reliable Topeka Police Department records:

In the early morning hours of September 14th or 15th, Debra Reed, the mother of Orville S. Reed, III, age eight (date of birth 1-23-75) was awakened by her live-in boyfriend, the suspect in this matter, Jimmy E. Parker, who had gotten up. Ms. Reed waited for awhile to see if the suspect, Parker, would return to bed and when he did not she thought something might be wrong so she went to check. Ms. Reed had cut her foot a few days earlier and was unable to walk so she crawled from her bedroom to an area where she looked up into her son's bedroom. She saw at that time the suspect, Parker, sitting naked next to her son, Orville, who she calls Chip. At that time Ms. Reed noticed that the suspect, Parker, had an erection and was masturbating, using her son Chip's hand to masturbate with. The suspect noticed Ms. Reed at that time and jumped up and left Chip's room. A short while later, Ms. Reed confronted the suspect with what he had done at which time he apologized and said he had never done anything like that before. However, he did not deny that he had done what Ms. Reed had witnessed. Ms. Reed came front to the authorities


DEFENDANT'S EXHIBIT A

because the suspect had threatened to hurt her and her children if she did anything about what she had witnessed.

Because of the above stated facts, the State would request that a warrant be issued against the suspect for Indecent Liberties With a Child.

*Joan M. Hamilton*
JOAN M. HAMILTON
ASSISTANT DISTRICT ATTORNEY

Subscribed and sworn to before me this  6  day of October, 1983.

*Matthew J Dowd*
JUDGE OF THE DISTRICT COURT

COMPLAINT—General Blank    83-CR-16,3  Div. 7

*State of Kansas, County of Shawnee, ss.*    PD Case No. 12399-83

I, Joan M. Hamilton _____ being duly sworn, on oath, says that on or about

the  15th  day of  September  A.D. 19 83, in the County of Shawnee and State of Kansas,

JIMMY E. PARKER, WM, age 23, 12-15-59, last known address 600 West 8th, Topeka, Kansas,

did then and there unlawfully, feloniously and willfully,

INDECENT LIBERTIES WITH A CHILD
K.S.A. 21-3503
Penalty sec. 21-4501(c)

engage in lewd touching or fondling of his person by a child under the age of sixteen, to-wit: Orville S. Reed III, age 8 (date of birth 1-23-75), with the intent to arouse or to satisfy the sexual desires of the offender,

WITNESSES:

Orville S. Reed
Debra Reed
Det. John Keith
Leslie Ann Reed
Dorothy Reed

contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Kansas.

*Joan M. Hamilton*

Subscribed and sworn to before me, this  6  day of  October , A.D. 19 83 .

$2500 w/ surety w/ no contact w/ victim or fam.

*Matthew J Dowd*
Judge of the District Court

_____ Clerk of the District Court
By _____ Deputy

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
SEVENTH DIVISION

STATE OF KANSAS      PLAINTIFF

VS      83-CR-1543

JIMMY E. PARKER      DEFENDANT

JOURNAL ENTRY

On the 24th day of October, 1983, the above-entitled matter came on for hearing in the Twelfth Division of the Shawnee County District Court, the Honorable James P. Buchele, presiding. The State of Kansas appeared by Joan M. Hamilton, Assistant District Attorney. The defendant appeared in person and by Ronald Wurtz, his attorney. Thereupon, the State amended Indecent Liberties with a Child to Sexual Battery. Thereafter, the defendant waived preliminary hearing, formal filing and a jury trial and entered his plea of no contest to Sexual Battery, Session Laws, Chapter 109, New Section 13, Pen. Sec. K.S.A. 21-4502(1)(a). The Court made due inquiry and satisfied itself that the plea was given knowingly and voluntarily with the advice and assistance of counsel and that a factual basis existed. The Court accepted the plea and adjudged the defendant guilty. The matter was continued for sentencing.

Now on this 18th day of January, 1983, the above-entitled matter comes on for sentencing, the Honorable Franklin R. Theis, presiding. The State of Kansas appears by Sue Carpenter, Assistant District Attorney. The defendant appears in person and by Ronald Wurtz, his attorney. Thereupon, the Court, being duly advised in the matter suspends imposition of sentence and places the defendant on two (2) years probation under the usual and special conditions as stated in the order of probation and in defendant's case of 82-CR-2218.

IT IS SO ORDERED.

DEFENDANT'S EXHIBIT B

HONORABLE FRANKLIN R. THEIS
Seventh Division

APPROVED BY:

_____
SUE CARPENTER
Assistant District Attorney

_____
RONALD WURTZ
Attorney for Defendant

PRIORITY

ISSCED
12-20-85

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
SEVENTH DIVISION

STATE OF KANSAS            PLAINTIFF

VS            83-CR-1643

JIMMY E. PARKER            DEFENDANT

FILED BY CLERK
K.S. DISTRICT COURT
3rd JUDICIAL DISTR
DEC 19 1985 27 PM '85
GENERAL JURISDICTION
TOPEKA, KANSAS

JOURNAL ENTRY

Now on this 22nd day of November, 1985, the above-entitled case comes on for hearing on the motion filed herein by the State of Kansas requiring the defendant to show cause why the probation heretofore granted in the above-captioned case should not be revoked. The State of Kansas appears by Arthur R. Weiss, Assistant District Attorney. The defendant appears in person and by Ronald Wurtz, his attorney.

Thereupon, the defendant stipulates to have violated the terms and conditions of his probation. Thereafter, the Court finds the defendant to be a probation violator. The matter is continued for sentencing.

Now on this 13th day of December, 1985, the above-entitled matter comes on for sentencing, the Honorable Franklin R. Theis, presiding. The State appears by C. William Ossmann, Assistant District Attorney. The defendant appears in person and by Ronald Wurtz, his attorney. Thereupon, the Court sentences the defendant to the custody of the Shawnee County Jail for a term of one (1) for the offense of Sexual Battery, Session Laws, Chapter 109, New Section 13, Pen. Sec. K.S.A. 21-4502(1)(a). The defendant is given credit for all time served, making effective date of sentence November 10, 1985. The Court will consider the defendant for parole on February 21, 1986.

IT IS SO ORDERED.

HONORABLE FRANKLIN R. THEIS
Seventh Division

DEFENDANT'S
EXHIBIT
C

APPROVED BY:

_____
SUE CARPENTER
Assistant District Attorney


_____
RONALD WURTZ
Attorney for Defendant