In The United States District

Court For The Middle District

of Alabama, Northern Division

RECEIVED

2007 SEP 20 A 10:20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Jimmie E. Parker              Case No. 2:07-

Plaintiff, Pro Se            CV-624-WKW

V.                            (WO)

Troy King, et. al.

Defendants

Plaintiffs Objections to the
Courts Recommendation of
Sept. 11th 2007

On Sept. 11th 2007, The Court
again denied Plaintiffs Motion for
Preliminary Injunction.
Plaintiff objects on the following
grounds:

Courts Document #28 pg 20 and pgs. 14-20

(1.) Once again the Court points to the
Alaska case, and on pg 20 the Court
itself states "the Act does not
restrain activities sex offenders may
pursue but leaves them free to change
jobs or residences."

(1)

This is in refference to the Alaska Act whereas Alabama's Act restricts when and where an offender may work and/or reside.

So when Alabama's Act is applied retroactively to an offense occurring before the effective date of the Act imposes restrictions on Liberty and the pursuit of Happiness. These are fundamental and Inalienable Rights and can never be removed retroactively for a past conviction without violating Alabama and Federal Constitutional Laws against Double Jeopardy Ex Post Facto Laws, and The Separation of Powers Doctrine, and Due Process is violated when such restrictions are imposed for a past conviction even though due process may be served when the Act is applied prospectively to a conviction occurring after the effective date of the Act. See. Langrat V. USI, Film Prods,. 511 U.S. 244, 128 L.Ed. 2d 229 (1994). And Art I. sec. 10 cl. 9 of the US Federal Const. states "No State shall pass any Bill of Attainder or Ex Post Facto Law.

(2)

To violate Art I sec. 10 cl 9 of the
Federal Const, the Act.
1. Must be retroactive, applying to events
occurring before it's enactment.
2. Must disadvantage the offender
effected by it, ie, change legal
consequences, or alter a substaintial
Right. A judicial enlargement of a
statute, ie, retroactive application operates
precisely as an ex post facto law. —
Collins Vs. Youngblood, 497 US. 37,
111 Led 2d. 30 (1990)


Alabama's Act has evolved into
something much more than Alaska's,
which requires only registoration
and notification via the Internet.
When Alabama's Act imposed the
advanced notice of changes in employment
and residence and restrictions on where
an offender could live and work
Alabama's Act imposed restrictions on
liberty and the Pursuit of Happiness
and is now no longer comparable to
Alaska Act because of this.

(3/

Once one registers in Alaska thats it till next registration but once one registers in Alabama prosecution could ensue from information obtaind from the registant for violations of the advenced notice of changes and/or violations of the restrictions of residence and employment locations in violation of Alabama and Federal Const. laws against self incrimination. Therefore any comparision between Alasha's and Alabama's Act is moot, they are not the same.

Alaska's Act imposes no restrictions on liberty and the Pursuit of Happiness Alabama's Act does, and The Removal of Const Vested Fundamental Inalianable Rights, is punishment and can be considered nothing else and when applied retroactively violates Ex Post Facto, Double Seopardy the Separation of Powers Doctrine and Due Process.

Cummings V. Missouri, 71 U.S. 277, 18 L.Ed. 356 (1867)

Custody generally encompasses most restrictions on liberty resulting from a criminal conviction, ie, punishment

Pack Vs. Yusuff 218 F3d 448, 445, 5th Cir (2000)

(4)

cited in footnotes no. #51 of
Kirk vs. Collier, U.S. Lexis 70434,
(5th Dist. 2006)
Plain and Obvious meaning that "No State
shall pass any Ex Post Facto Law, is
that Legislatures shall not pass laws
after an act done, which shall have
relation to such act "or" shall punish
Calder V. Bull, 3 U.S. 386, 390
1 Led 648 (1798)

(2) Courts Document #28 pg 29
3. Equal Protection
The only Equal Protection Claim
made by Plaintiff. was in the original
complaint with reguards to advance
notice of Residence 45 days prior to
Release from custody.
Original Complaint pg. (A 14) Ground 16
As this issue is now moot Plaintiff
withdraws Any Equal Protection Claims.

(3.) Courts Document #28 pg 30
Although Plaintiff does challenge the
Residence and Employment Restrictions and
the advance notice of changes of same
as overly broad and void for vagness
the court Refuses to Recognise Plaintiff
assertions that these Restrictions and

(5)

AND REQUIREMENTS imposes RESTRICTIONS
of AND/OR REMOVES Fundamental
INalienable Rights of Liberty AND
the Pursuit of Happiness —
AND WHEN applied RETRO for A conviction
OCCURRING before the effective date of
THE Act violates Ex Post Facto
Double Jeopardy, Due Process AND
THE Separation of Powers Doctrine

(4.) Counts Document #28 pg 24
    2. Due Process
       "States,"
To succeed on a procedural due process
claim PARKER must establish that
1. The — Act deprives him of a protected
Liberty interest
2. The Proceedures Accompanying the
deprivations are Const. inadequate —
As stated in Plaintiffs' last filed
objection, he was presented with the
opportunity to travel to another State
for A job ~~~~ on as little as a weeks
or less notice but was restrained from
exercising his fundamental Inalienable Rights
of Liberty, the Pursuit of Happiness and his
right of Interstate travel due to the
(6)

Retroactive application of the Act,
Removal of these fundamental
Inalienable Rights is Punishment
and the Retroactive Removal of these
fundamental Inalienable Rights violates
Due Process (

(5.) Courts Document #28 pg. 29
    4. Separation of Powers Doctrine
Plaintiff did challenge on the
grounds stated by the Court
but once again the Court Refuses
to recognise Plaintiff also challenges
the Legislature of violating the
separation of Powers Doctrine
by imposing punishment for a past
conviction.
Any suspension or deprivation of these
rights for Past Conduct is Punishment
and cannot be otherwise defined,
Cummings V. Missouri, 71 U.S. 277,
18 L.Ed. 356 (1867)

Legislatures shall not pass laws after
an act done which shall have relation to
such act or shall punish
Calder V. Bull, 3 U.S. 386, 390
1 L.Ed. 648 (1798)
            (7)

(6) The Court makes no mention or refuses to recognise Plaintiff's ground that Registration removes Const. vested rights against self incrimination.

As stated earlier Alaska's Act cannot be used for comparision because it places no restrictions on when and where one may live and work as does Alabama's Act. See Plaintiff's original Complaint. Pg. (A. 15) Ground 17 and Last filed Objection. pg 3, no. 1 Registration is compelled by Statute and coerced under pain of prosecution. Registration removes Plaintiff's Const vested Rights against self incrimination as the likelihood of harmful and/or injurious disclosure is real and substantial.

see. <u>Al. Const. of 1901 Art. I sec. 36, states</u>", Everything in the Declaration of Rights is excepted out of the general powers of government and shall forever remain inviolate, if 2 provisions of the Const. conflict Art. I will prevail Art. I sec. 6 of the Al. Const. SELF INCRIMINATION,

(8)

one shall not be compelled to
give evidence against oneself,
and see
U.S. Federal Const. Amend. 5, one shall
not be compelled to be witness against
oneself and see,
Baxter V. Palmigiano 425 U.S. 308,
47 L.Ed. 810, 96 S.Ct. 1551 (1996)—
— one is priviledged not to answer
to official questions in any proceeding
civil, criminal, formal or informal,
where answers might incriminate or
form basis of investigation for future
criminal proceedings

The likelihood of injurious disclosure
not prosecution prompts the Right
against Self incrimination
Lefkowitz V. Turley 38 L.Ed. 274 (1973)

Notwithstanding phrase "in any criminal
case" in text of Self Incrimination clause
of Federal Const's 5th Amend., clauses
protection encompasses compelled statements
that lead to discovery of incriminating
evidence eventhough statements themselves are
not incriminating and are not introduced
into evidence, U.S. V. Hubbell, 147 L.Ed. 2d 24
(9)
(2000)

## Conclusion

The Court and Defendants have adroitly refused to recognise and/or acknowledge what Plaintiff considers to be at the heart of the Complaint and refuses to acknowledge that Alabama's Act has evolved into something quite different from Alaska's Act which it continues to compare Alabama's Act to. The Court refuses to recognise that Plaintiffs fundamental and Inalienable Rights of Liberty and The Pursuit of Happiness are being restricted and/or removed by the retroactive application of the Acts residency and employment provision which direct when and where Plaintiff can work and live.

The court refuses to recognise that due to these provisions and restrictions, registration removes the Const. vested right against self incrimination, and that removal of Const vested rights is punishment and cannot be retroactively applied to a conviction occurring before the Acts effective date,

And the Court refuses to consider Alabama's Legislature violated the Separation of Powers Doctrine

(10)

if it indeed intended the Act
to apply RETRO to convictions
occurring prior to the Act.
As for the prerequiset for preliminary
injunction the Court would have one
believe it must be in the best
interest of the public Doc. #28pg31,
when in reality it must not be
adverse to the public intest, this
section of public interest in Plaintiffs
whereabouts is adequately coverd
under Al. Title Code 13a-11-200-
Registration of Sex Offenders,
which plaintiff conceeds he is
required to register under.
If injunction does not issue
Plaintiff's Const. Vested Fundamental
Inalienable Rights of Liberty
and the Pursuit of Happiness
will continue to be illegally
RETROACTIVELY denied by this
most oppressive set of Statutes
Known as the Al. Comm. Not. Act.
and other Const Vested Rights such
as Rights against self incrimination,
the Right of Interstate travel, the
Rights of Close family association,
and the right to freely apply
his trade, will continue to be

(11)

illegally retroactively denied
in violation of Const Law and
Rights Guaranteed and Protected
by the Const.
Therefore Plaintiff prays this Court
issue this Preliminary Injunction.
Also Plaintiff respectfully requests
the Court treat this Objection
and Plaintiffs' Last filed Objection
as a motion for summary judgement
as a matter of Law, both Const. and
Relavent case Law.

Respectfully Submitted
this 19th day of Sept, 2007

Jimmie E. Parker

Jimmie E. Parker, Plaintiff, Pro Se.
2960 Belt Air Blvd.
Theodore Al. 36582

(12)

Certificate of Service under
28 USCS. 1746

I certify that I have this 19th day
of Sept, 2007 served a true copy
of the foregoing on All Defendants
listed and addressed below by placing
same in the U.S. Mail, with proper
postage affixed.

*Jimmie E. Parker*
Jimmie E. Parker

AL. Attny. Gen. Troy King          2960 Belle Aire Blvd.
% Joshua Bearden of Counsel        Theodore, AL. 36582
11 S. Union St.
Montgomery AL 36130-0152

GEN Counsel for the AL.
Dept. of Public Safety, P.O.
Bx. 1511, Montgomery, AL. 36102-1511

AL. Dept. of Corrections, c/o
Neal P. Conner of Counsel
Legal Div, 301 S. Ripley St.
P.O. Bx. 301501 Montgomery AL. 36130

and to US Dist. Court Clerk
P.O. Bx 711
Montgomery, AL. 36101-0711

(13)