IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMIE E. PARKER, #199999, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CASE NO.: 2:07-CV-624-WKW |
| ) | |
| TROY KING, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' JOINT SUPPLEMENTAL RESPONSE TO THE MOTION FOR PRELIMINARY INJUNCTION

**COME NOW**, the Defendants, **Troy King, Richard Allen and Colonel Mike Coppage,** and in accordance with this Honorable Court's Order of September 11, 2007, do hereby submit the following Supplemental Response to the Motion for Preliminary Injunction.

## PARTIES

1. The Petitioner, Jimmie Parker, AIS# 199999, ("Mr. Parker") was an Alabama Department of Corrections ("ADOC") inmate, who was recently released from Hamilton A&I Correctional Facility ("Hamilton") in Hamilton, Alabama.

2. Mr. Parker has named the following Defendants:

   a. Troy King ("Attorney General King"), Attorney General of the State of Alabama.

   b. Richard Allen ("Commissioner Allen"), Commissioner of the ADOC.

1

c. Colonel Mike Coppage ("Colonel Coppage"), Director of the Alabama Department of Public Safety ("ADPS").

**PETITIONER'S ALLEGATIONS AND DEMANDS**

Mr. Parker seeks declaratory relief, a preliminary injunction and damages. Mr. Parker alleges in his complaint that Defendants have violated his constitutional rights. Specifically, Mr. Parker alleges:

1. The Act violates the *Ex Post Facto* clause of Article 1, § 10 of the United States Constitution because "Petitioner has a single, out-of state, 1983, misdemeanor conviction, for Sexual Battery of a minor."

2. Ala. Code § 15-20-20, et seq. (1975), otherwise known as "The Community Notification Act" ("the Act"), violates Mr. Parker's due process rights because application of the Act would deprive Mr. Parker of life, liberty, property, and reputation.

3. The Act violates Mr. Parker's right to Equal Protection under the law.

4. The Act as applied to him violates his Eighth Amendment rights to be free from cruel and unusual punishment.

5. The Act denies Mr. Parker of his Substantive and Procedural Due Process rights.

6. The Act violates Mr. Parker's Fourteenth Amendment right to seek employment and to contract.

7. The Act violates Mr. Parker's First Amendment right to freely associate with his family.

8. The Act violates the Separation of Powers doctrine "by imposing punishment for a past conviction".

9. The Act violates the overly broad and void for vagueness doctrine.

10. The Act violates Plaintiff's vested rights against self-incrimination.

## **DEFENDANTS' SUPPLEMENTAL RESPONSE**

1. Insofar as Mr. Parker seeks monetary damages, Defendants, Attorney General King, Director Allen, and Colonel Coppage named in their official capacities are immune by virtue of sovereign immunity.

2. Mr. Parker is no longer in the custody of the ADOC and therefore, those issues previously alleged against DOC are moot.

3. Defendants Commissioner Allen and Colonel Coppage cannot provide the injunctive relief sought by Mr. Parker.

4. Defendants deny violating Mr. Parker's constitutional rights.

5. Defendants request that this Honorable Court consider this supplemental report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Mr. Parker's claims and the Defendants are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

According to recently received documentation from the District Court of Shawnee County, Kansas, Mr. Parker was, in-fact, convicted of ***Sexual Battery against an 8 year-old boy***. (Exhibit "A") An affidavit sworn to by Joan M. Hamilton, Assistant District Attorney, and dated October 6, 1983, sets forth the following facts:

In the early morning hours of September 14th or 15th of 1983, the victim's mother was awakened by her live-in boyfriend, Jimmie Parker, who had gotten up. (Exhibit "A") The victim's mother waited for awhile

to see if Parker would return to bed and when he did not, she thought something might be wrong so she went to check. (Exhibit "A") The victim's mother had cut her foot a few days earlier and was unable to walk so she crawled from her bedroom to an area where she looked up into her son's bedroom. (Exhibit "A") At that time, she observed Parker sitting naked next to her sleeping 8 year-old son. (Exhibit "A") At that time, the victim's mother noticed that the offender, Parker, had an erection and was masturbating, using her son's hand to masturbate with. (Exhibit "A") Parker was subsequently arrested for Indecent Liberties with a Child. (Exhibit "A")

On October 24, 1983, the matter came on hearing in the Twelfth Division of the Shawnee County District Court. (Exhibit "B") The defendant was represented by counsel. (Exhibit "B") Thereupon, the State amended the charge of Indecent Liberties with a Child to Sexual Battery. (Exhibit "B") Thereafter, the defendant waived preliminary hearing, formal filing and a jury trial and entered his plea of no contest to Sexual Battery. (Exhibit "B") The Court accepted the plea and adjudged the defendant guilty, suspended imposition of sentence and placed the defendant on 2 years probation. (Exhibit "B")

Court records, dated November 22, 1985, further show this offender violated the terms of his probation and was subsequently sentenced to serve the remainder of his one year in the Shawnee County Jail. (Exhibit "C")

5

### Supplemental Argument

Parker's assertions that the application of the Community Notification Act to him violates the separation of powers doctrine, the void-for-vagueness doctrine, and his rights against self-incrimination are without merit.

### Separation of Powers

Parker complains that "[t]he Alabama Judiciary and the Alabama Attorney General have given the Act retroactive language the Act does not possess in violation of the separation of powers doctrine, when the Act is applied retroactively for a criminal conviction occurring over a decade prior to the Act." *See Plaintiff's Complaint* at 4. This claim is without factual basis. The express provisions of the Alabama Community Notification Act direct that the Act applies to any "person convicted of a criminal sex offense…" *Ala. Code* § 15-20-21(1).

### Overly Broad and Void for Vagueness

Parker maintains that "the Act is overly broad and excessive in scope, application and duration…" *See Plaintiff's Complaint* at 8. He further argues that residency and employment restrictions of § 15-20-26(a) are void for vagueness. "'It is a basic principle of due process that an enactment is void for vagueness if its *prohibitions* are not clearly defined.' City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289, 102 S.Ct. 1070, 1075, 71 L.Ed.2d 152 (1982)(emphasis in the original)(quoting Grayned v. City of Rockford, 408 U.S. 104, 108, 92

S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972)). Vague enactments offend due process because they do not provide sufficient notice of what is prohibited so that people may guide their behavior accordingly, and because they risk arbitrary application by not furnishing sufficient standards for those who enforce them. Grayned, 408 U.S. at 108-09, 92 S.Ct. at 2298-99." Woodruff v. United States Dept. of Labor, Office of Workers Compensation Program, 954 F.2d 634, 642, *rehearing denied,* 961 F.2d 224 (11th Cir. 1992). A review of the Act fails to support Parker's contentions. Specifically, the Act is not overly broad merely because it applies to all sex offenders regardless of their date of conviction. Moreover, the terms of the Act have been clearly defined by the Alabama legislature and provide sufficient notice of that which is required of sex offenders, including Parker.

## Rights Against Self-Incrimination

Finally, Parker alleges that the Act violates his rights against self-incrimination. The preamble to Alabama's Community Notification Act clearly sets out what the Alabama Legislature intended when it enacted the statute. The legislature stated, "The Legislature declares that its intent in imposing certain reporting and monitoring requirements on criminal sex offenders and requiring community notification of the residence and workplace of criminal sex offenders is to protect the public, especially children, from convicted criminal sex offenders." *Ala. Code §  15-20-20.1*  Moreover, the preamble also states that the Community

Notification Act was intended as *a civil regulatory* measure to serve as a tracking tool for law enforcement agencies in the investigation of criminal sex offenders. Therefore, the primary purpose of the notification provisions is the establishment of a civil regulatory scheme to facilitate the disclosure of information to law enforcement about sex offenders so that the community can protect itself and its children. Moreover, this civil regulation only takes effect after a conviction for a criminal sex offense, which Mr. Parker has previously received with his own plea of guilt. Therefore, allegations that the Act violates Parker's rights against self-incrimination are without merit since he was, in-fact, convicted of Sexual Battery against an 8 year-old boy.

Finally, a sex offender who subsequently fails to comply with the reporting and notification requirements may be subjected to a criminal prosecution for that failure, but any prosecution is a proceeding separate from the individual's original offense and is contingent upon Mr. Parker's failure to comply in the future. Mr. Parker has not been charged with an additional charge at this time. Therefore, any other incrimination issues are not ripe and thus, Mr. Parker does not have standing for this challenge.

## **CONCLUSION**

Therefore, Parker fails to establish a substantial likelihood of success on the merits of any of his claims for relief or that issuance of a

preliminary injunction would be in the best interest of the public. Based on the foregoing, Defendants **Attorney General Troy King, Commissioner Richard Allen, and Colonel Mike Coppage** respectfully request that this court consider treating this Supplemental Special Report as a Motion for Summary Judgment, and deny the motion for preliminary injunction filed by the plaintiff.

        RESPECTFULLY SUBMITTED,

        TROY KING
        ATTORNEY GENERAL
        KIN047


        /s/ *Joshua Bearden*_____
        Joshua Bearden (BEA 070)
        ASSISTANT ATTORNEY GENERAL
        Counsel for Defendants


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7300
(334) 242-2433 (fax)

**CERTIFICATE OF SERVICE**

    I hereby certify that I have, this 27th day of September, 2007, served a copy of the foregoing on the Petitioner, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jimmie Parker, #199999  
2960 Bell Aire Boulevard  
Theodore, AL 36582

Alabama Department of Public Safety  
Legal Division  
P.O. Box 1511  
500 Dexter Avenue  
Montgomery, AL 36102

Neal Connor  
Alabama Department of Corrections  
Legal Division  
P.O. Box 301501  
101 South Union Street  
Montgomery, AL 36130-1501

                                                     /s/ *Joshua S. Bearden*  
                                                     OF COUNSEL