IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMIE E. PARKER, #199999, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CASE NO.: 2:07-CV-624-WKW |
| ) | |
| TROY KING, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT SUPPLEMENTAL RESPONSE TO THE
MOTION FOR PRELIMINARY INJUNCTION**

**COME NOW**, the Defendants, **Troy King, Richard Allen and Colonel Mike Coppage,** and in accordance with this Honorable Court's Order of September 27, 2007, do hereby submit the following Supplemental Response to the Motion for Preliminary Injunction.

**PARTIES**

1. The Petitioner, Jimmie Parker, AIS# 199999, ("Mr. Parker") was an Alabama Department of Corrections ("ADOC") inmate, who was recently released from Hamilton A&I Correctional Facility ("Hamilton") in Hamilton, Alabama.

2. Mr. Parker has named the following Defendants:

   a. Troy King ("Attorney General King"), Attorney General of the State of Alabama.

   b. Richard Allen ("Commissioner Allen"), Commissioner of the ADOC.

1

c. Colonel Mike Coppage ("Colonel Coppage"), Director of the Alabama Department of Public Safety ("ADPS").

**PETITIONER'S ALLEGATIONS AND DEMANDS**

Mr. Parker seeks declaratory relief, a preliminary injunction and damages. Mr. Parker alleges in his complaint that Defendants have violated his constitutional rights. Specifically, Mr. Parker alleges:

1. The Act violates the *Ex Post Facto* clause of Article 1, § 10 of the United States Constitution because "Petitioner has a single, out-of state, 1983, misdemeanor conviction, for Sexual Battery of a minor."

2. Ala. Code § 15-20-20, et seq. (1975), otherwise known as "The Community Notification Act" ("the Act"), violates Mr. Parker's due process rights because application of the Act would deprive Mr. Parker of life, liberty, property, and reputation.

3. The Act violates Mr. Parker's right to Equal Protection under the law.

4. The Act as applied to him violates his Eighth Amendment rights to be free from cruel and unusual punishment.

5. The Act denies Mr. Parker of his Substantive and Procedural Due Process rights.

6. The Act violates Mr. Parker's Fourteenth Amendment right to seek employment and to contract.

7. The Act violates Mr. Parker's First Amendment right to freely associate with his family.

8. The Act violates the Separation of Powers doctrine "by imposing punishment for a past conviction".

9. The Act violates the overly broad and void for vagueness doctrine.

10. The Act violates Plaintiff's vested rights against self-incrimination.

11. **The Alabama Legislature violated the separation of powers by allowing the Act to apply retroactively.**

### DEFENDANTS' SUPPLEMENTAL RESPONSE

1. Insofar as Mr. Parker seeks monetary damages, Defendants, Attorney General King, Director Allen, and Colonel Coppage named in their official capacities are immune by virtue of sovereign immunity.

2. Mr. Parker is no longer in the custody of the ADOC and therefore, those issues previously alleged against DOC are moot.

3. Defendants Commissioner Allen and Colonel Coppage cannot provide the injunctive relief sought by Mr. Parker.

4. Defendants deny violating Mr. Parker's constitutional rights.

5. Defendants request that this Honorable Court consider this supplemental report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Mr. Parker's claims and the Defendants are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

According to recently received documentation from the District Court of Shawnee County, Kansas, Mr. Parker was, in-fact, convicted of ***Sexual Battery against an 8 year-old boy***. (Exhibit "A")  An affidavit sworn to by Joan M. Hamilton, Assistant District Attorney, and dated October 6, 1983, sets forth the following facts:

4

In the early morning hours of September 14th or 15th of 1983, the victim's mother was awakened by her live-in boyfriend, Jimmie Parker, who had gotten up. (Exhibit "A") The victim's mother waited for awhile to see if Parker would return to bed and when he did not, she thought something might be wrong so she went to check. (Exhibit "A") The victim's mother had cut her foot a few days earlier and was unable to walk so she crawled from her bedroom to an area where she looked up into her son's bedroom. (Exhibit "A") At that time, she observed Parker sitting naked next to her sleeping 8 year-old son. (Exhibit "A") At that time, the victim's mother noticed that the offender, Parker, had an erection and was masturbating, using her son's hand to masturbate with. (Exhibit "A") Parker was subsequently arrested for Indecent Liberties with a Child. (Exhibit "A")

On October 24, 1983, the matter came on hearing in the Twelfth Division of the Shawnee County District Court. (Exhibit "B") The defendant was represented by counsel. (Exhibit "B") Thereupon, the State amended the charge of Indecent Liberties with a Child to Sexual Battery. (Exhibit "B") Thereafter, the defendant waived preliminary hearing, formal filing and a jury trial and entered his plea of no contest to Sexual Battery. (Exhibit "B") The Court accepted the plea and adjudged the defendant guilty, suspended imposition of sentence and placed the defendant on 2 years probation. (Exhibit "B")

Court records, dated November 22, 1985, further show this offender violated the terms of his probation and was subsequently sentenced to serve the remainder of his one year in the Shawnee County Jail. (Exhibit "C")

### Supplemental Argument

Parker's assertions that the application of the Community Notification Act to him violates the separation of powers doctrine is without merit.

### Separation of Powers

Parker complains that the Alabama Legislature has given the Act retroactive language the Act does not possess in violation of the separation of powers doctrine, when the Act is applied retroactively for a criminal conviction occurring over a decade prior to the Act. *See Plaintiff's Complaint* at 4. This claim is without factual basis. The express provisions of the Alabama Community Notification Act direct that the Act applies to any "person convicted of a criminal sex offense..." *Ala. Code* § 15-20-21(1).

The Alabama legislature is the proper governing body responsible for lawmaking functions. The Alabama legislature has found that the danger of recidivism posed by criminal sex offenders is a compelling and paramount interest to the government. The legislature has found that law enforcement agencies' efforts to protect their communities, conduct investigations, and quickly apprehend criminal sex offenders are impaired

by the lack of information about criminal sex offenders who live within their jurisdiction and that the lack of information shared with the public may result in the failure of the criminal justice system to identify, investigate, apprehend, and prosecute criminal sex offenders. The system of registering criminal sex offenders, notifying the public of their whereabouts, and implementing living and employment restrictions is a proper exercise of the state's police power regulating present and ongoing conduct. Comprehensive registration and periodic address verification will provide law enforcement with additional information critical to preventing sexual victimization and to resolving incidents involving sexual abuse and exploitation promptly. Finally, the rights of states, including Alabama, to retroactively apply these provisions have been previously litigated and repeatedly upheld.

## Retroactive Application

Mr. Parker contends that the Community Notification Act is being improperly retroactively applied to him. The Ex Post Facto Clause directs that the government may not apply a law retroactively that inflicts a greater punishment, than the law annexed to the crime, when committed." Calder v. Bull, 3 U.S. 386, 390, 1 L.Ed. 648 (1798). Under the Bill of Attainder Clause, legislatures are forbidden to engage in "[l]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict

punishment on them without a judicial trial." United States v. Brown, 381 U.S. 437, 448-49, 85 S.Ct. 1707, 1715 (1965).

"A person convicted of a criminal sex offense [listed in § 15-20-21(4)], including a person who has pleaded nolo contendere to a criminal sex offense, regardless of whether adjudication was withheld" is considered an adult criminal sex offender under Alabama law subject to the Act's registration, notification, residency and employment provisions upon his release into society. Ala. Code § 15-20-21(1)." The statute identifies "criminal sex offense" as any of the following offenses: rape, sodomy, sexual torture, sexual abuse, enticing a child for immoral purposes, promoting prostitution, violation of the Alabama Child Pornography Act: kidnapping of a minor (except by a parent), incest (when the offender is an adult and the victim is a minor), and soliciting a child by computer for purposes of committing a sexual act and transmitting obscene material to a child by computer in violation of the criminal code. Ala. Code § 15-20-21(4) a-j (emphasis added). "Any solicitation, attempt, or conspiracy to commit any of the [aforementioned] offenses" is likewise a "criminal sex offense" under the Community Notification Act, Ala. Code § 15-20-21(4) k., as is "[any crime committed [in another] jurisdiction, which, if it had been committed in this state under the current provisions of law, would constitute an offense" defined in the Alabama Community Notification Act as a criminal sex offense. Ala. Code § 15-20-21(4) (1).

Upon review of Parker's arguments, this court should find the opinion issued in Smith v. Doe, *supra*, dispositive. In Smith, the Court addressed an ex post facto challenge to the Alaska Sex Offender Registration Act, an Act strikingly similar to the Alabama Community Notification Act in its registration and notification requirements, brought by individuals convicted of sex offenses prior to passage of the Alaska Act. Specifically, the Court "considered a claim that a sex offender registration and notification law constitutes retroactive punishment forbidden by the Ex Post Facto Clause." 538 U.S. at 92, 123 S.Ct. at 1147. The Court determined that "[t]he [Alaska] Act is nonpunitive, and its retroactive application does not violate the Ex Post Facto Clause." *Id.* at 538 U.S. at 105-106, 123 S.Ct. at 1154.

The Court in Smith explained that, in order to determine whether a statute is punitive in nature, it proceeds through a two-step inquiry. We must "ascertain whether the legislature meant the statute to establish 'civil' proceedings." Kansas v. Hendricks, 21 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is " 'so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.' " *Ibid.* (quoting United States v. Ward, 448 U.S. 242, 248-249, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980)).

Here, the preamble to Alabama's Community Notification Act clearly sets out what the Alabama Legislature intended when it enacted the statute. The legislature stated, "The Legislature declares that its intent in imposing certain reporting and monitoring requirements on criminal sex offenders and requiring community notification of the residence and workplace of criminal sex offenders is to protect the public, especially children, from convicted criminal sex offenders." Ala. Code § 15-20-20.1  Moreover, the preamble also states that the Community Notification Act was intended both as a civil regulatory measure to serve as a tracking tool for law enforcement agencies in the investigation of criminal sex offenders. Therefore, the primary purpose of the notification provisions is the establishment of a civil regulatory scheme to facilitate the disclosure of information to law enforcement about sex offenders so that the community can protect itself and its children.

With regard to the second prong, the plaintiff must proffer "the clearest proof" needed to demonstrate that the Community Notification Act is so punitive in purpose or effect as to negate the legislature's expressed intention.  In this instance, the plaintiff has failed to do so. Virtually every court, including Alabama, that has addressed the issue of whether community notification statutes may be retroactively applied has utilized the analysis employed in <u>Smith</u>, and has reached the conclusion that such legislative acts, which are designed to give the public notice of

10

sex offenders in their communities, are not unconstitutional and may be retroactively applied.[1]

Indeed, Alabama's Community Notification Act is a remedial and regulatory statute, not a punitive one. In the context of the regulatory scheme the State can dispense with individual predictions of future dangerousness and allow the public to assess the risk on the basis of accurate, nonprivate information about the offender's convictions without violating the prohibitions of the Ex Post Facto Clause.

The legislature did not act with punitive intent, and any arguably punitive impact on those persons subject to the provisions of the Community Notification Act is simply an incidental consequence of the statute's remedial provisions. Although some consequences may result from the enforcement of the Community Notification Act, that alone does not render it an ex post facto law, nor does it otherwise make the Act unconstitutional. The legislature's intent was not to punish an individual for past activity. Rather, the legislature intended to create a regulatory scheme, and the "restriction of [any] individual comes about as a relevant

---

[1] Arizona Dept. of Public Safety v. Superior Court, 949 P. 2d 983 (Ariz. Ct. App. 1997); People v. Fioretti, 63 Cal. Rptr. 2d 367 (Cal. Ct. App. 1997); Ortega v. State, 712 So. 2d 833 (Fla. Dist. Ct. App. 1998); State v. Costello, 643 A.2d 531 (N.H. 1994) People v. Starnes, 653 N.E. 2d 4, 210 (Ill. App. Ct. 1995); State v. Pickens, 558 N.W. 2d 396 (Iowa 1997); State v. Hemby, 957 P. 2d 428 (Kan. 1998); Doe v. Attorney General, 686 N.E.2d 1007 (Mass. 1997); State v. Manning, 532 N.W. 2d 244 (Minn. Ct. App. 1995); In re Parolee, 668 N.Y.S. 2d 53 (N.Y. App. Div. 1998); M.G. v. Travis, 667 N.Y.S. 2d 11 (N.Y. App. Div. 1997); State v. Bruns, 1998 WL 412451 (Ohio Ct. App. Jul 24, 1998); Williford v. Board of Parole and Post-Prison Supervision, 904 P. 2d 1074 (Or. Ct. App. 1995); Commonwealth. v. Mountain, 711 A.2d 473 (Pa. Super. Ct. 1998); Commonwealth. v. Gaffney, 702 A. 2d 565 (Pa. Super. Ct. 1997); Perez v. State, 938 S.W. 2d 761 (Tex. Crim. App. 1997; Kitze v. Commonwealth, 475 S.E. 2d 830 (Va. Ct. App. 1996); Snyder v. State, 912 P. 2d 1127 (Wyo. 1996); State v. Ward, 869 P. 2d 1062 (Wash. 1994).

incident to a regulation of a present situation." De Veau v. Braisted, 363 U.S. 144, 160, 80 S.Ct. 1146, 1155 (1960).

Moreover, as the Court in Smith noted, "[a] sex offender who fails to comply with the reporting requirement may be subjected to a criminal prosecution for that failure, ***but any prosecution is a proceeding separate from the individual's original offense.***" Smith, 38 U.S. at 101-102, 123 S.Ct. at 1152. Thus, a separate prosecution for violation of the Act's registration and notification provisions and, consequently, any punishment imposed as a result of this prosecution do not implicate double jeopardy.

Therefore, based on established case law, including the United States Supreme Court's decision issued in Smith, this Honorable Court should conclude that Mr. McAteer cannot establish a substantial likelihood of success on the claim that the Alabama legislature has violated the Separation of Powers doctrine. Moreover, the issuance of a preliminary injunction would not be in the best interest of the public.

## **CONCLUSION**

Therefore, Parker fails to establish a substantial likelihood of success on the merits of any of his claims for relief or that issuance of a preliminary injunction would be in the best interest of the public. Based on the foregoing, Defendants **Attorney General Troy King, Commissioner Richard Allen, and Colonel Mike Coppage** respectfully

request that this court consider treating this Supplemental Special Report as a Motion for Summary Judgment, and deny the motion for preliminary injunction filed by the plaintiff.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


/s/ *Joshua Bearden*_____
Joshua Bearden (BEA 070)
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7300
(334) 242-2433 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this 9th day of October, 2007, served a copy of the foregoing on the Petitioner, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jimmie Parker, #199999
2960 Bell Aire Boulevard
Theodore, AL 36582

Alabama Department of Public Safety
Legal Division
P.O. Box 1511
500 Dexter Avenue
Montgomery, AL 36102

Neal Connor
Alabama Department of Corrections
Legal Division
P.O. Box 301501
101 South Union Street
Montgomery, AL 36130-1501

/s/ *Joshua S. Bearden*
OF COUNSEL