In The United States District
Court For The Middle District
of Alabama, Northern Division

Jimmie E. Parker
    Plaintiff, Pro Se,
        V.
Troy King, et. al.,
    Defendants.

Case No.
2:07-CV-624-
-WKW (WO)

Plaintiff's Objections to The
Court's Recommendation of
December 26th, 2007

Plaintiff objects to the Court's
Recommendation denying Plaintiff's
Motion For Preliminary Injunction
on the grounds that follow;

Court's Document #35-1 pg 14 status quo,
And pg 15 sec I Ex Post Facto, Bill of Attainder & Double Jepardy
And (A) Likelihood of success on the merits

1. The Court states, "The Chief
function of a preliminary injunction
is to preserve the "status quo" until
the merits of the controversy can
be fully and fairly adjudicated."

Parker avers and maintains that
the "status quo" is the preservation
of all Rights and Protections afforded
him by the U.S. Federal Const. and
The AL. State Const. before the
AL. Comm. Notification Act., AL. Title
Code 15-20-20 et. al., was enacted and
applied Retroactively in his case.

Specifically 15-20-20 et. al., (hereinafter
the Act) removes Parker's U.S. and AL.
Constitutional protections of,

A. The Right against Self Incrimination

U.S. Federal Const. Amend. 5, "one shall
not be compelled to be witness against
oneself," and see,
AL. Const. of 1901, Art. 1 sec. 6, "one shall not be
compelled to give evidence against oneself,"

Baxter V. Palmigiano 425 U.S. 308
47 L.Ed., 810, 96 S.Ct. 1551 (1996)
" ONE is PRiViLEdged Not to ANSWER
to Official questions in ANY PROCEEDing
civil, CRiminAL, formAL or inFORMAL,
where ANSWERS might incriminate or
form basis of investigation for
future criminAL proceedings,"

The Likelihood of injurious
disclosure, NOT PROSECUTION prompts
the Right AGAINST SELF incrimination.
Lefkowitz V. Turley, 38 L Ed. 274
(1973)

Notwithstanding phrase "in ANY CRIMINAL
CASE" in text of SELF INCRIMINATION
CLAUSE of The FEDERAL Const's 5th Amend.,
CLAUSES PROTECTION ENCOMPASSES
compelled statements that Lead to
discovery of incriminating evidence,
eventhough statements themselves are
Not incriminating AND are not introduced
into evidence. U.S. V. Hubbell,
147 L.Ed. 2d 24, (2000)

Registration is __compelled__ by statute and coerced under pain of prosecution.

Registration retro actively removes Plaintiffs, constitutionally vested rights against self incrimination as the likelihood of harmful and/or injurious disclosure is real and substantial, as not only can one be prosecuted for violating employment and residency restrictions, which must be accurately reported, but also one may be prosecuted for even procedural violations such as "failure to provide a timely declaration" of advance notice of intent to change residence locations 30 days in advance under 15-20-23, and 7 days in advance of begining new employment under 15-20-23.1. Which also increases one's financial burden under "the Act." due to having to secure a second residence for the stated 30 days before changing residence and being unable to contract or perform work for the stated 7 days. The Retroactive denial and removal of the U.S. Const's 5th Amend, and the AL. Const's Art. 1 sec 6, is punishment in violation of Federal Constitutional Laws against Double Jeopardy, Ex Post Facto Laws, and Bills of Attainder, and violates Substantive Due Process and AL's Separation of Powers Doctrine.

The U.S. Supreme Court recognizes punishment includes deprivations or suspension of Political or Civil Rights. _Punishment_ is _not_ restricted to deprivations of Life, Liberty or property. All Men have certain inalienable Rights, "including" Life, Liberty, and the pursuit of Happiness and in that pursuit _all trades_, honors, and positions are alike, open to everyone and in protection of All such Rights all are equal before the Law. _Any_ suspension or deprivation of these Rights for _past conduct_ is _Punishment_ and can not be otherwise defined. - _Cummings V. Missouri, 71 U.S. 277 18 L.Ed. 356 (1867)_

Parker avers that his Liberty and property Rights, and the Right to freely apply his trade has been and is being denied him by the residency and employment restrictions and the reporting requirements of same by the retroactive application of the Act, in violation of Due Process, Ex Post Facto, Double Jeopary, Bill of Attainder, and the Separation of Powers Doctrine.

Due Process is denied by Retroactive application of Statutes such as the Act, which removes Const. vested rights, and is applied to a Criminal conviction occurring long before the Statute's creation. SEE; Langraff V. USI Film Prods. 511 U.S. 244, 128 LEd. 2d 229 (1994)

This also violates Double Jeopardy, Bill of Attainder, Ex Post Facto, and the Separation of Powers Doctrine,

Removal of inalienable fundamental rights for Past Conduct is Punishment and cannot be otherwise defined, Stated in; Cummings V. Missouri, 71 U.S. 277, 18 LEd. 356 (1867)

Legislatures shall not pass laws after an act done which shall have relation to such act or shall punish. SEE; Calder V. Bull, 3 U.S. 386, 390 1 LEd 648 (1798)

Art. I sec. 10, cl. 9 of The
U.S. Federal Const. states; "No State
shall pass any Bill of Attainder or
Ex Post Facto Law."

To violate Art. I sec. 10 cl. 9 of the
Federal Const. "The Act."
(1)"Must be retroactive Applying to Events
occurring before it's enactment."
(1)(a) Classifying conviction date 1983.
"The Act" was enacted 1996 and Amended thru 2005
(2) "It must disadvantage the offender
effected by it, ie, change Legal consequences,
or Alter a substantial right."
"The Act" when Applied retroactively to
A conviction occurring before it's effective
date Unconstitutionally removes the
Constitutionally vested right Against
self incrimination And alters the Legal
consequences for an offense to that
which was not Authorized by statute
at time of offense. In Violation of
Double Jeopardy, Ex post Facto, Bill of Attainder
Pains & Penalties, The Separation of
Powers Doctrine and Due Process.

AL.'s Const. of 1901 Art. I sec.6, Laws against Self incrimination are obviously listed in Art. I, the Declaration of Rights. AL.'s Const. of 1901, Art. I section 36, states "Everything in the Declaration of Rights is Excepted out of the general powers of government and shall forever remain inviolate, if 2 provisions of the Constitution conflict Art. I will prevail." This prompts the Strict Scrutiny Standard of Review. Registration under AL.'s Community Notification Act, and the Reporting requirements of Residence and employment and the restrictions thereof, for which any violations of or the failure to report such in the time dictated by such statutes under pain of prosecution Unconstitutionally removes and denies, retroactively, for a classifying offense occurring long before the effective date of such statutes Plaintiff Federal and AL. Constitutional Rights against self incrimination, in violation of AL.'s Const. Art. I sec. 36, and Federal Const. Laws. of Double Jeopardy, Ex Post Facto Law, Bills of Attainder Pains & Penalties, Due Process and The Separation of Powers Doctrine,

Courts Doc. 35-1 pg. 21,17,22,24
CONCERNING REVIEW of PLaintiff's EX Post Facto,
Bill of Attainder and Double Jeopardy cLaims

2. ALi's "Act" 15-20-26 et.al. Lists prohibited
RESIDENCE AND employment Locations.
PLaintiff maintains he has fundamental
inalienable Rights of Liberty, the Pursuit of
Happiness and property interests in when and
where he chooses to Live and work and
the same set of rights to contract and
Freely apply his trade which is denied
and/or removed retroactively and unconstitionally
by "the Act." Fundamental and inalienable
rights prompts the Strict Scrutiny Standard
of REVIEW.

Sworn Statement Under 28 USCS 1746
Around Sept, 2007, PLaintiff attempted to
give advance notice of a change in employment
Locations, but was denied his Federal and State
Constitutional rights of Liberty, the Pursuit of
Happiness and Property interests Rights
RETROACTIVELY in violation of Const. Laws,
PLaintiff was tentatively hired pending Registration
of such to Law Enforcement as prescribed by
statute, but was denied submission of the
information and form and was denied and
prevented from accepting employment by the
retro Application of "the Act."

(9)

Due to the Location of the Companies Office Property having the prohibited boundary Line running thru it and also the Location of where the work was actually to be performed was said to be near multiple in home day cares.

Then in Dec. 2007 and Jan. 2008 Plaintiff was directed by his Lawful Employer, on 24 hrs. notice, on 2 separate occassions to report to jobs out of State, in Mississippi, for jobs with 7 days duration. Plaintiff was denied his fundamental inalienable rights of Liberty, property and the pursuit of Happiness, retro-actively, and unconstitutionally due to the 7 days advance notice of intent to change Employment Locations. These fundamental inalienable rights infringments prompts the Strict Scrutiny Standard of review, most particularly when done retroactively for a classifying offense: occurring long before the enactment of the Act.

The foregoing is true and correct to the best of my knowledge and belief. Jan. 9, 2008

Jimmie E Parker

The foregoing affidavit is proof
positive of affirmative disabilities
and restraints, that are neither minor
nor indirect, proof the Act removes,
retroactively & unconstitutionally, Plaintiff's
Liberty, pursuit of Happiness, and
his right to contract and to freely
apply his trade, which are fundamental
inalienable rights and that "the Act"
as applied to Plaintiff, violates
Federal Const. Laws of Double
Jeopary, Ex Post Facto, Bill of Attainders
Due process, and the AL Const's Law
of the Separation of Powers Doctrine.

"The U.S. Supreme Court recognizes
punishment includes deprivations or suspension
of political or civil rights. Punishment
is not restricted to deprivations of life
Liberty or Property. ALL men have certain
inalienable rights, "including" Life, Liberty and
the pursuit of Happiness and in that pursuit
all trades, (etc) are alike, open to everyone
and in protection of all such rights all are
equal before the law. Any suspension or
deprivation of these Rights for past conduct
is punishment and cannot be otherwise defined."
Cummings v. Missouri, 71 U.S. 277, 18 L.Ed. 356

"Custody generally encompasses most restrictions on Liberty resulting from a criminal conviction, (ie; punishment) PACK Vs. Yusuff, 218 F.3d 448, 455, 5th Cir.(2000), cited in footnotes No.# 51 of Kirk Vs. Collier, U.S. Lexis 70434 5th Dist. (2006)

AL's Act is an oppressive punishing statute, which Removes inalienable fundamental Rights of Liberty And the Pursuit of Happiness And the Right to Contract and freely apply ones trade And when applied Retroactively for a criminal conviction occurring over A decade prior to the Enactment of the Statutes violates U.S. Federal Constitutional Laws and Alabama Constitutional Laws Against Double Jeopardy, Ex Post Facto, Bills of Attainder, Due Process and the Separation of Powers Doctrine, Plaintiffs Rights against self-incrimination, And prompts the Strict Scrutiny Standard of Review.

"No State shall pass ANY Ex Post Facto Law, which is ANY Law passed After the commission of An Act that increases the Legal consequences of the Act." Collins V. Youngblood, 497 U.S. 37, 111 Led. 2d 30, 110 St. Ct. 2715 (1990)

Courts Doc. 35-1 pg. 21, 17, 25, 29, 32, 38, 39

**3** Registration concerning Ex Post Facto, Bill of Attainder Double Jeopardy, Substantive Due Process And The Separation of Powers Doctrine

1. The Court continues to cite Smith v. Doe the Alaska case when Alaska's statutes have no residence nor employment restrictions as does Alabama's Act.

Doc. 35-1 pg. 21, states, "the Act does not restrain activities offenders may pursue but leaves them free to change jobs or residence." This is not true of Alabama's Act, making this case one of first impression as the Alaska case is no longer comparable, due to latter amendments to Alabama's "Act."

Doc. 35-1 pg. 22 states, "By contrast, offenders subject to the Alaska statute are free to move where they wish and to live and work as other citizens, with no supervision. Again overwhelming evidence AL's and Alaska's "Acts" are incomparable. See Plaintiff's foregoing Affidavit and 15-20-26 et. al. and 15-20-23 and 23.1

Removal of the Right against self incrimination retroactively for an offense occurring prior to "AL's Act," violates due process as the U.S. Supreme Court recognizes it and attendant residence and employment restrictions and the removal of fundamental inalienable rights as punishment.

In violation of the AL. Const.
Law of the Separation of powers
Doctrine prohibiting Legislative
punishment, and Art. I sec, 36
prohibiting governmental denial
of Rights enumerated in Art. I
of The AL. Const Bill of Rights,
Also Federal and AL Constitutional
Laws against Double Jeopardy,
Ex Post Facto and Bills of Attainder
and Laws of Due Process.

"Due Process clauses of the Constitution's,
protects interests in fair notice, comprimised
by retroactive Legislation, justification sufficient
to validate statutes prospective application
under due process may not suffice to
warrant statutes retro spective application."
Landraf v. U.S.I. Film Prods., 511 U.S. 244,
128 L.Ed. 2d 229  (1994)

Courts Doc. 35-1 pg 32, 33, 34, 35.

4. CONCERNING FLORIDA AND IOWA FEDERAL CASES

Florida's "Act" is incomparable to "AL's Act." as Florida's statutes does not restrict where an offender may or may not reside and/or work as does "AL's Act."

"Iowa's Act." does restrict where an offender may live but retroactive application (as is Plaintiffs' case) was not ajudicated in that case. Again this case is incomparable to "AL's Act." and Plaintiffs case.

The facts listed above should be perswaysive enough to shed new light on the fact that Plaintiffs case is one of first impression and alter the Courts' findings in relation to the above listed cases.

COURT'S Doc. 35-1 pg 39, 40

CONCERNING
5. SELF-incrimination AND RIPENESS

The Court erroniously states
Parker claims SELF-incrimination
due to registration.
Parker's claim is actually that one
can be prosecuted for, or an investigation
begun on the information given and
coerced by statute under pain of
prosecution, for violations of the
employment and residency restrictions
and prohibitions,
Not simply registering as an offender.
The Court on pg 40 states, "any challenge
based on possible future prosecution and
potential assertion of the right against
SELF-incrimination is simply not ripe
at this time."

While pre-enforcement review is the
exception rather than the rule, when Plaintiff
has alleged an intention to engage in a course
of conduct arguably affected with a Constitutional
interest but prescribed by statute and there
exists a credible threat of prosecution
thereunder, he should not be required
to await and undergo a criminal prosecution-

— As the sole means of seeking relief. Part of Case of Controversy requirement of Art. III Ripeness Requirement, A party must suffer injury or come into immediate danger of suffering an injury before challenging a statute, cited in O'Shea V. Littleton, 414 US 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)

The Likelihood of injurious disclosure, not prosecution prompts the Right against Self-incrimination. Lefkowitz V. Turley 38 LEd. 274 (1973)

Parker strongly avers and is supported by Const. Law and Relevant case Law that his Rights Against Self incrimination are being Retroactively and UnConstitutionally denied in violation of Due Process, Double Jeopardy Bill of attainder, Ex Post Facto, and the Separation of Powers Doctrine

[1] Notwithstanding phrase in any criminal case in text of Self-incrimination clause of the U.S. Const. 5th Amend. clauses protection encompasses compelled statements that lead to discovery of incriminating evidence, even though statements themselves are not incriminating and are —

— Not introduced into evidence."
U.S. V. Hubbell, 147 L Ed 2d 24 (2000)

THE   U.S. Courts have ruled
challenges to the "Act." Not Ripe
for Review, till one is actually
subjected to "the Act." see,
Kirby V. Siegelman, 195 F 3d. 1285,
U.S. Court of Appeals 5th and 11th Dist. (1999)

Plaintiff never registered till before
a Al. Dept. of Corrs. Release in 1999, for D.U.I.,
at which time in order to gain his
freedom (coerced) Early with "good time"
he was forced under (pain) of loss
of good time and continued incarceration
if he refused to comply with the
orders of a State Dept. of Corrs Official.
There—after Plaintiff was subjected to
"the Acts." full oppessive force, require-
— ment and restrictions + prohibitions, and
penalties.
The immediate foregoing statement is aimed
also at the Court's notation that Plaintiff
registerd "in the free world" under "the Act,"
prior to filing his complaint,

Courts Document 35 pg. 16

6. Concerning Registration

— The Court states and cites Court Doc #1 at 8 as Plaintiffs complaint of the modern day punishment of branding, this is erronious on the Courts part as Court Doc I at 10 concerning Documentation of Identity concerns the branding punishment and I at 8 concerns civil and/or criminal statutes.

Document I at 17 concerns the Registration Vs. Self-incrimination Const. Laws that the Court attempts to Address.

This clouds and confuses the issues and invalidates the Courts recommendation concerning the issue of Registration which they are attempting to address, which is that Plaintiff challenges Registration under Federal and Al. Const. Laws against Self-incrimination that Plaintiff has maintained from the start and throughout this process.

The fact that Registration, compelled by statute, under pain of prosecution, requires residence and employment locations reporting; combined with their's restrictions and prohibitions of such locations, retroactively and unconstitutionally removes ones Constitutional Rights against Self-incrimination, not just simply registering as a sex offender.

Courts Doc, 35-1  pg 26

7. CONCERNING the Court's statement
   that Plaintiff maintains his misdemeanor
   conviction for sexual battery should
   not be considered a criminal sex offense,

A. After pursuing the Court's stated
   Document and being unable to find
   such statement and to the best
   of Plaintiff's memory I have never
   claimed such.
   I believe the defendants first erroneously
   attributed this claim to Plaintiff.

Court's Doc. 35-1 pg 39

8. Concerning Separation of Powers claim against the AL. Legislature.

"Due Process is denied by retroactive application of statutes such as the Act., which removes Const. vested rights, and is applied to a criminal conviction occurring long before the statutes creation, see, Langraff V. U.S. Film Prods., 511 U.S. 244, 128 L.Ed.2d 229 (1994)

(1)"Removal of indien fundamental rights for past conduct is punishment and cannot be otherwise defined", see, Cummings V. Missouri, 71 U.S. 277, 18 L.Ed. 356 (1867)

"Legislatures shall not pass laws after an act done, which shall have relation to such act or shall punish." see, Calder V. Bull, 3 U.S. 386, 390, 1 L.ed. 648 (1798)

Art. I sec.10 cl.9, US. Federal Const. — "No state shall pass any Bill of Attainder or Ex Post Facto Law." see foregoing pg. 7

AL. Const of 1901 Art. I sec.36 "Everything in the AL. Const. Art I is excepted out of the general powers of government and shall forever remain inviolate; if 2 provisions of the Const. conflict Art. I will prevail"

(pg.21)

"No state shall pass ANY Ex Post Facto Law, which is ANY Law passed after the commission of an act, that increases the legal consequences of the act." Collins V. Youngblood, 497 U.S. 37, 111 L.Ed. 2d 30, 110 S.Ct. 2715 (1990)

"Due Process clauses of the Federal and AL. Constitutions protects interests in fair notice, comprimised by retroactive legislation, justification sufficient to validate statutes prospective application under due process may not suffice to warrant statutes retrospective application." Langraf V. U.S.I. Film Prods. 377 U.S. 244, 128 L.Ed. 2d 229, (1994)

"The Act." retroactively applied to Plaintiff 1983 conviction unconstitutionally removes Plaintiffs rights against self-incrimination increases the legal consequences long after conviction to that not authorized by law at time of conviction, alters Plaintiffs legal status, removes and denies Plaintiff's inalienable fundamental federal and AL. Constitutional liberty, pursuit of happiness, the right to contract and the right to freely apply his trade (see sworn affidavit pgs. 9, 10 & 11) in violation of Federal and AL. Const. Laws of Double Jeopardy, Ex Post Facto, Bills of Attainder, Due Process and the Separation of Powers Doctrine

(P. 22)

Courts Doc. 35-1 pgs. 13-14

**9** Concerning 4 prerequisites for injunctive relief

(1) "Substantial likelihood of success on the merits."

   (A) See the foregoing regarding "retroactive"
   denial of fundamental inalienable rights
   and the Rights against self-incrimination
   in violation of U.S. Federal and AL. Constitutional
   Laws Regarding Double Jeopardy, Ex Post Facto,
   Bills of Attainder, Due Process, and the
   Separation of Powers Doctrine.

(2) "A substantial threat of injury will occur
   absent issuance of the injunction."

   (A) See the foregoing concerning the past
   present and future denial of Constitutional
   Liberty, the Pursuit of Happiness, Plaintiffs'
   Rights to Contract and freely apply his trade,
   and possible criminal prosecution with
   substantial felony penalties for exercising
   Plaintiff's Constitutionally vested fundamental
   inalienable Rights, due to the Unconstitutional
   Retroactive application of "AL's Act." which is
   a punishing statute in itself,

(3) "The threatened injury outweighs potential damage
   requested injunction may cause non-moving parties."

   (A) For past present and continuous injury of denial
   of fundamental inalienable rights, unconstitutionally
   Retroactively and possible felony prosecution —

SEE the above listed at (1) and (2) and all the foregoing.

As for potential damage to non-moving parties plaintiff must still register with law enforcement under the statute in effect at the time of classifying offense, that being AL. Title Code 13A-11-200 registration of Sex Offenders.

Law enforcement and the Courts will be well aware of Plaintiff's whereabouts, there is no potential damage to defendants

(4) "The injunction would not be adverse to the public interest."

(A). Plaintiff's registration with Law Enforcement under 13A-11-200, - Registration of Sex Offenders,

(B). Petitioner/Plaintiff keeping a current address with the Courts, and

(C). The usual State and Federal Criminal statutes that protects the public's interests; will,

(D) Keep Law Enforcement and the Courts well aware of Plaintiff's whereabouts and protect the public's interests. Issuance of injunction would not be adverse to the public interest.

(25)

10. Examples of Similar cases where injunctive relief has issued

State V. C.M., 746 So. 2d. 410, AL Cr. App. (1999) Temp. stay of application of "the Act." "Act" violated Ex Post Facto clause of the U.S. Const., because 1998 amendment created "penalty" not prescribed in 1996 at time of conviction for classifying offense.

M.W.D. V. State, 748 Sa2d 225 (AL. 1999) injunction against residence restrictions inflicts "greater punishment than was authorized at time of conviction for classifying offense"

* Above cases show AL. Courts have previously determined "the Act" A penalizing and punishing set of statutes

Doe V. Pryor, US 11th Dist. 61 F. Supp. 1224, (AL. 1999), injunction against community notification.

Creekmore V. A.G., 341 F. Supp. 648, U.S. 5th Dist. (2004), injunction against registration and community Notification, citing Doe V. Pryor, noting "Alabama's Act" deprives a person of many rights, and changes a person's Legal status.

* Above case indicates retro application of "AL's Act" would be Constitutionally forbidden

(25)

## CONCLUSION

By the peponderance of evidence of the Statutary Language of "the Act et.al." sworn Affidavit, Relevant Case Law, U.S. Federal Constitutional Laws And Rights And Alabama Constitutional Laws And Rights Plaintiff has established a substantial Likelihood of success on the merits of claims for relief and the other 3 prerequisites for the issuance of the Preliminary Injunction sought, or, in the Alternative requests the Court sever and save such portions of "the Act." deemed not offensive to Federal And AL. Const. Laws, by severing sections 15-20-23 And 15-20-23.1 - Advanced notice of changes in residence and employment locations, and severing 15-20-26 et.al. - prohibiting and restricting residence and employment locations, for an classifying offense occurring in 1983, over a decade prior to "the Act."

Plaintiff respectfully requests this Court consider treating this objection to denial of Preliminary Injunction as a motion for Summary Judgement And enter judgement in either foregoing form in Favor of this Plaintiff,

Respectfully Submitted

Jimmie E. Parker

Jimmie E. Parker

## Attestation Under 28 USC, 1746

I certify under 28 USCS 1746 and penalty of perjury, the foregoing to be true and correct to the best of my knowledge and belief this 10th day of January, 2008.

Jimmie E. Parker.

Jimmie E. Parker
2960 Belle Air Blvd.
Theodore, AL. 36582

Proof of And

Certificate of Service under 28 U.S.C.S. 1746

I certify that I have this 10th day of January, 2008, served a true copy of the foregoing on all Defendants listed and addressed below, by placing same in the U.S. Mail, with proper postage affixed.

Jimmie E. Parker

Jimmie E. Parker
2960 Belle Aire Blvd.
Theodore, AL. 36582

AL. Attny. Gen.
Troy King
c/o Joshua Bearden
11 S. Union St.
Montgomery, AL.
36130-0152

AL. Dept. of Corrections,
% Neal P. Conner of Counsel
Legal Div., 301 S. Ripley St.
P.O. Box. 301501, Montgomery,
AL. 36130

Gen. Counsel for
The AL. Dept. of
Public Safety,
P.O. Bx. 1511
Montgomery, AL.
36102-1511

And also to,
U.S. Dist. Court Clerk
P.O. Bx. 711
Montgomery, AL.
36101-0711

(28)