In The United States District Court for The Middle District of Alabama, Northern Division.

Jimmie E. Parker
    Plaintiff, Pro Se
        V.
Troy King, et. al.,
        Defendants

CASE NO. #
2:07-CV-624-
-WKW (WO)

Plaintiff's Response to Reports filed By Defendants (dated July 24th, 2007, As Ordered by The Court on Jan. 8th 2008

Notice to the Court, As Per this Court's order that Plaintiff NOT Rely only on unsworn pleadings but should respond by filing sworn affidavits, Plaintiff submits his sworn affidavit, Attached to this response, (pgA1A2-A3), And that entire pleadings Are sworn to Under 28 USCS 1746, with statement of Legal Age and sound mind, witnessed And Notarized And signed And dated.

Response to: Defendants Special Report, (herein-after D.S.R.)
pg. 3, Defendants Supplemental Response, no 1

1. Defendants state all are immune from monetary damages in official capacities.

A. Al. Attny. Gen. Troy King is named in his official <u>and individual cap.</u>, (Plaintiffs' original complaint, pg.1, Cover sheet.)

B. In Federal Court, State officials, acting under color of State Law which violates civil rights, are not immune in individual cap. by Sovereign Immunity from Attorney Fees, damages, and punitive monetary Compensations.

C. In Federal Court, State officials who's actions or inactions, under color of State Law, alone or in consert with the actions, or inactions of other State Officials, which operates to violate civil rights, then these State Officials are criminally liable under 18 U.S.C.S. 241 and 242.

(2.)

Response to: D.S.R., pages 2, 5, 16, 17, And 23

1. DSR pg. 2 at 1, Plaintiffs Allegations, states Plaintiff Alledges a single, out of state (misdemeanor) 1983, conviction for sexual battery of a minor.

2. D.S.R. pgs. 5, 16, 17, And 23, state And/or infer Plaintiff was convicted of the greater offense of Felony Indecent Liberties with a child. This is a falsehood. See, Defendants own Exhibit B, And Plaintiffs Exhibit A.

3. Plaintiff has previously addressed this issue in response to Defendants Supplemental Response filed by Defendants on or about Sept. 10th, 2007. In compliance with the Courts order that Plaintiff file objections to the Courts determination, where this Federal Court accepted Defendants written false statements, in official documents submitted to the Court, as true. SEE Plaintiffs Objections filed on or about August 12th, pg. 2.

4. This is Defendants attempt to put Plaintiff and the present case in a worse light, much like Defendants stating everything Plaintiff was ever charged with (D.S.R. pg. 5) And also irrelavent convictions such as D.U.I.., And the statement (D.S.R. pg 5 bottom) "Defendants will Attempt to focus only on the sex offense." Well Duh !

5. Defendants are AL. State Legal/Law Officials (Professionals). However in Light of the Above, Plaintiff asks this court to address/sanction Defendants conduct as specifically Listed in sec.s' 3 and 4 Above.

(3)

RESPONSE TO; DSR, pg. 6, 7, 8, 9, 10,

3   Argument of Fact and Law

1. Defendants (on pg 7 DSR) Plaintiff contends the AL. Community Notification Act (herein after 'the Act.') violates the Ex Post Facto, Due Process, Equal Protection and Double Jeopardy clauses of the U.S. and AL. Constitutions and that "the Act." is overly broad and excessive "etc., but omits Ground no. #4 of the original complaint, Violations of the Separation of Powers Doctrine,

A. DSR, pg 7 seal, The Ex Post Facto Clause directs, the government may not apply a law retroactively that inflicts a greater punishment than the Law annexed to the crime, when committed, Calder v. Bull 3 U.S. 386, 390, 1 L.Ed 648 (1798) and,
Bill of Attainder Legislatures are forbidden to engage in legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial, U.S. v. Brown, 381 U.S. 437, 448-49, 85 S.Ct. 1707, 1715 (1965)

B. Plaintiff has submitted a number of times that "The U.S. Supreme Court recognises punishment includes deprivations or suspension of political or civil rights. Punishment is not restricted to deprivations of Life, Liberty or Property. All men have certain inalienable Rights, including Life, Liberty, and the Pursuit of Happiness and in that pursuit all trades, etc., are alike, open to everyone, ——

(4)

— And in protection of all such Rights, all
are equal before the Law.
Any Suspension or Deprivation of these
Rights for past conduct is punishment
and cannot be otherwise defined."
Cummings V. Missouri, 71 U.S. 277, 18 L.Ed.
356 (1867) and cited in
Lynce V. Mathis   U.S. 137 L.Ed. 2d 63,
117 S.Ct. 891 (1997)

Defendants also omit some off Plaintiffs
fundamental Inalienable Rights violations.
So Plaintiff AVERS "The Act" on is Face
and in it's effects removes and denies
Plaintiffs inalienable fundamental Rights
of Liberty, Pursuit of happiness, and
Property Rights, of interests in the right
to contract and to freely apply his
trade within the community, and also
removes Federal and Al. Const. Rights against
self-incrimination. See "The Acts" provisions of
Registration of information and the Residence and
employment Restrictions. See Plaintiff's Exhibit B.,
                          Enclosed - Sworn Affidavit
To clarify and simplify, Registration combined
with the Residence and employment restrictions,
compelled by statute under pain of prosecution
violates Constitutional Laws against
self-incrimination, not simply Registration
alone. See;
U.S. Federal Const. Amend. 5, "one shall not be compelled
to be witness against oneself." and See; Al. Const. of
1901, Art. 1 sec. 6, "one shall not be compelled to give
evidence against oneself."
                    (5.)

Baxter V. Palmigiano 425 U.S. 308 47, L.Ed., 810. 96 S. CT. 1551 (1996) "ONE is priviledged NOT to answer to official questions in any proceeding civil, criminal, formal or informal, where answers might incriminate or form basis of INVESTIGATION for future criminal proceedings."

The Likelihood of injurious disclosure, Not prosecution prompts the right against self incrimination. Lefkowitz V. Turley, 386 Ed. 274 (1973). Plaintiff has standing to challenge and case is ripe for challenge and review. Not withstanding phrase "IN any criminal case" in text of self incrimination clause of the Federal Const.'s 5th Amend., clauses protection encompasses compelled statements that lead to discovery of incriminating evidence, eventhough statements themselves are not incriminating and are not introduced into evidence. U.S. V. Hubbell, 147 L.Ed. 2d 24. (2000)

Registration is <u>compelled</u> by statute and coerced under pain of prosecution. Registration retro actively removes Plaintiff's, Constitutionally vested rights against self incrimination as the likelihood of harmful and/or injurious disclosure is real and substantial, as not only can one be prosecuted for violating employment and residency restrictions, which must be accurately reported, but also one may be prosecuted for even procedural violations such as "failure to provide a timely declaration" of advance notice of intent to change residence locations 30 days in advance under 15-20-23, and 7 days in advance of begining new employment under 15-20-23.1. Which also increases one's financial burden under "The Act." due to having to secure a second residence for the stated 30 days before changing residence and being unable to contract or perform work for the stated 7 days the retroactive denial and removal of the U.S. const's 5th Amend, and the AL const's Art. I sec 6, is punishment in violation of Federal Constitutional laws Against Double Jeopardy, Ex Post facto laws, and Bills of attainder, and violates substantive due process and AL.'s separation of powers Doctrine.

AL's CONST. of 1901 ART. I sec.b,, Laws against self incrimination are obviously listed in ArT.I, the declaration of rights. AL's CONST. of 1901, ART.I section 36, states "Everything in the DeClaraTion of rights is excepted out of the general powers of government and shall forever remain inviolate, if 2 provisions of the constitution conflict Art. I will prevail." This prompts the strict scrutiny standard of review. Registration under AL's community Notification act, and the reporting requirements of residence and employment and the restrictions there of for which any violations of or the failure to report such in the time dictated by such statutes under pain of prosecution unconstitutionally removes and denies, retroactively, for a classifying offense occurring long before the effective date of such statutes plaintiff federal and AL. constitutional rights against self incrimination, in violation of AL's CONST. ART. I sec. 36, and federal CONST. Laws. of Double Jeopardy, Ex Post Facto Law, Bills of Attainder / Pains + Penalties, Due process and the separation of powers Doctrine.

Art. I sec. 10, cl. 9 of the U.S. Federal Const,
states; "No state shall pass Any bill of attainder
or ex post facto Law."


To violate Art. I sec. 10 cl 9 of the Federal
Const. "The Act."
(1.) "must be retroactive applying to events occurring
before it's enactment."
(1.XA) classifying conviction date    1983.
"The Act." was enacted 1996 and amended thru 2005
(2) "It must disadvantage the offender effected by it, ie;
change legal consequences, or alter a substaintial right."
"The Act" when applied retroactively to a conviction occurring
before it's effective date unconstitutionally removes the
constitutionally vested right against self incrimination and
alters the legal consequences for an offense to that which
was not authorized by statute at time of offense.
In violation of Double Jeopardy, Ex post facto, Bill of
attainder/pains + penalties, the separation of powers
Doctrine and due process.

"Custody generally encompasses most restrictions on Liberty resulting from a criminal conviction, (ie) punishment) Pack vs. Yusuf, 218 F. 3d 448, 455, 6th cir. (2000). Cited in footnotes No, #51 of Kirk vs. Collier, U.S. Lexis 70434 5th Dist. (2006)

AL.'s ACT is an oppressive punishing statute which removes invalienable fundamental rights of Liberty and the pursuit of happiness and the right to contract and freely apply ones trade and when applied retroactively for a criminal conviction occurring over a decade prior to the enactment of the. ACT. Violates U.S. Federal constitutional laws and Alabama constitutional laws against double jeopardy, Ex Post Facto, Bills of attainder, due process and the separation of powers doctrine, plaintiffs rights against self-incrimination, and prompts the strict scrutiny standard of review.

"No state shall pass any Ex post Facto Law, which is any Law passed after the commission of an act that increases the legal consequences of the act." Collins v. Youngblood, 497 U.S. 37, 111 L.Ed 2d 30, 110 ST. CT. 2715 (1990)

(10)

Due Process is denied by retroactive application
of statutes such as the act., which removes const.
vested rights, and is applied to a criminal conviction
occurring long before the statutes' creation.
See; Langraff v. U.S.I. film prods 511 u.s. 244,128
Led 2d 229 (1994)

This also violates Double Jepardy, bill of attainder,
ex post facto, and the Separation of powers Doctrine.

Removal of inalienable fundamental rights for past
conduct is punishment and cannot be otherwise defined,
stated in; Cummings v. Missouri, 71 u.s. 277, 18 Led.
356 (1867)

Legislatures shall Not pass Laws after an
act done which shall have relation to such
act or shall punish. See; Calder V. Bull, 3 u.s.
386, 390 1 Led. 648 (1798))

(11)

# The Separation of Powers Doctrine

1. Defendants continue to cite Smith V. Doe the Alaska case when Alaska's statutes have no residence or employment restrictions and Alabama's Act does.

2. Smith V. Doe, states, "The Act does not restrain activities offenders may pursue but leaves them free to change jobs and residence'" This is not true of Alabama's Act, making this case one of first impression, as the Alaska case is no longer comparable, due to latter amendments to Alabama's Act.

3. Smith V. Doe, states, "By contrast, offenders subject to the Alaska statute are free to move where they wish and to live and work as other citizens, with no supervision. Again overwhelming evidence AL.'s and Alaska's Acts. are incomparable. See Plaintiff's Affidavit, Plaintiff's Exhibit B and 15-20-26 et.al, and 15-20-23 and 23.1.

Removal of the right against self-incrimination retroactively for an offense occurring prior to 'the Act." violates Due Process as the U.S. Supreme Court recognizes it and fundamental inalienable rights violations as punishment. —

(12)

In violation of the Al. Const. Law of the Separation of powers Doctrine, prohibiting legislative punishment, and, and Art. 1 Sec. 36, Al. Const. prohibiting denial by government of Rights enumerated in Art. 1 of The Al. Const. Bill of Rights Also in violation of Federal and Al. Const. Laws against Double Jeopardy, Ex Post Facto, Bills of Attainder, Due Process, and the Privileges and Immunities Doctrine,

(1 Due process clauses of the Const's; protects interests in fair warning/notice, comprimised by Retroactive Legislation, justification sufficient to validate statutes prospective application under Due Process may not suffice to warrant statutes retrospective application. Landraf V. USI, Film Prods., 511 U.S. 244, 128 L.Ed. 2d 229 (1994)

<u>4</u>    The following are cases the Defendants cite as relevant and/or comparable, along with Plaintiff's showing the Defendents reliance is misplaced either by court holdings which emanated from an analysis tailored specifically to issues of that case and not comparable to the present case as not one case cited by Defendants contain arguments for or against self-incrimination and therefore are not dispositive, AND/OR heavy reliance on the Alaska Case, Smith V. Doe which as shown in the foregoing is irrelavent, and incomprable, AND/OR the fact retroactive application of "the Act." to a conviction occurring prior to the Act. was not considered, or argued, again as the present case does, and/or a rational Relation standard of review was used, when the case at present demands the higher standard of Strict Scrutiny due to violations of Fundamental Inalienable Constitutional Rights, retroactively for an offense occurring prior to "the Act."

<u>DSR, pgs. 8, 9, 10</u>

A. Kansas V. Hendricks - upholding Ex Post Facto applied to penal statutes, (ie punitive statutes)

B. Maples V. Mc Donald   decided Kansas's Act was not an Ex Post Facto Law
    The court explained a two step inquiry as to a statutes punitive nature.

(1A) The first is Statutory construction, adequately covered in AL. "Act." Legislative intent section.

(2A) The clearest proof Stautory schemd is so punitive in purpose or effect as to negate States' intention. <u>See</u> enclosed Plaintiffs Affidavit, Plantiffs Exhibit B, and all the foregoing and following here i. and
            (14)            , AL. title Code 15-20-20 et al.

DSR, pg 9, Lambert V. California, Concerning felony Registration, Plaintiff's complaint argues Registration combined with attendant Residence and employment Restrictions, Retroactive application, Fundamental inalienable Rights violations Retroactively, and Violations of Const. Laws, Not merly or simple Registration or disclosure. this case and present case is incomparable

DSR, pg 9 Clayton V. Board of School Comm., "statute Not Rendered Retro simply by drawing upon facts existing prior to it's enactment." AL's Act extends well beyond these parameters, this and present case is incomparable

DSR pg. 11 & 21
  Bush V. Whaley 2006 WL 2577819
Argued Const. Law Violations, But never Argued Nor proved Inalienable Fundamental Rights violations as present case does, there by prompting the higher Strict Scrutiny Standard of Review and not the Rational Relation Standard used in Bush. This case is incomparable, and Relied heavily on Smith V. Doe
Lee V. State, Concerning Registration and notification, but not Registration combined with Residence and employment Restrictions for violations of Const. Laws against self-incrimination, nor Retro-active application as present case does, again this case is incomparable, and also relied heavily on Smith V. Doe

<u>Salter V. State 2007 WL 130078,</u>
Relied heavily on Smith V. DOE, as stated
Redundantly in the foregoing, Smith V. DOE
is incomparable, ,
Salter was found to 'LACK standing to challenge.  ,
these cases are incomparable to present case.

<u>Robinson V. State 1998 WL 599472</u>
concerning withdrawal of a guilty plea,
and registration and Notification, but not
Registration combined with attendant residence
and employment restrictions for violations
of self-incrimination Constitutional Laws,
this case is incomparable

<u>D.S.R. pg12,</u> DeVeau V. Braisted, Defendants King etal,
use this case and accompanying argument under
the Rational Relation Standard as stated
Redundantly in the foregoing the higher standard
of strict scrutiny is demanded for review
of inalienable fundamental Rights violations
as present case entails, this case is incomparable.

Response to; <u>D.S.R. pg 12</u>
<u>5</u>    The State defendants fail to provide any
Relavant case Law to refute Plaintiffs
likelihood of success on the merits
of his complaint

<u>6</u> Response to:, D.S.R, pga, 13 thru, 20

CONCERNING A protected Liberty INTEREST
and DUE PROCESS,

Due process clause of 14th Amend, of the
U.S. Const. and equal clauses of the Al. Const.
provides, "NO State shall deprive ANY PERSON
of life liberty or property without
due process of law.

Thru Plaintiff's Affidavit enclosed, AND elsewhere
in the foregoing, plaintiff submits he has(1)established
"the Act." deprives him of not only A protected
liberty interest, (as Defendants deny, and fail
to integrate deprivations of also) And/or property
interests in the right to CONTRACT, and the
right to freely apply his trade within the
community, By the Act, on it's FACE and
in it's effects, thru the RETROACTIVE application
of the Act,    And
(2) procedures accompaning these deprivations
are Constitutionally inadequate; due to RETROAPLICATION
of the Act, for AN offense prior to the Act.
The DEfendant's ENTIRE ARGUMENTS here
presumes the Act. is NONpunitive, and Constitutionally
applied RETROACTIVE, and not violative of any
FUNDAMENTAL INALIENABLE Constitutional Rights
of liberty, the Pursuit of Happiness and
Property Rights of CONTRACTS for employment
And/or houseing, and to freely apply ones
trade in the Community, and therefore relies
on the RATIONAL RELATION STANDARD and not
the higher standard of Strict Scrutiny
demanded by violations of the fundamental
inalienable Rights, claimed by PLAINTIFF,

(17)

In light of the foregoing, Defendant's arguments fail to deny plaintiff's substantial likelihood of success on the merits of his complaint, and Plaintiff submits there is a substantial likelihood of success on the merits of his case.

Response to; D.S.R. pgs. 20 thru 22, concerning Double Jeopardy.

7.

Defendant's rely heavily on Bush V. Whaley, and Ks. V. Hendricks, as stated in the foregoing these cases are incomparable

Defendant's state; "The threshold question in a double jeopardy analysis is whether the governments conduct involves criminal punishment; Hudson V. U.S. (1997), 522 U.S. 93, 101, 118 S.Ct. 488, 494, 139 L.Ed. 2d 450, 460

- again -

The U.S. Supreme Court recognizes punishment includes deprivations or suspension of Political or Civil Rights. Punishment is not restricted to deprivations of Life, Liberty or Property. All men have certain inalienable Rights, including Life, Liberty, and the pursuit of Happiness and in that pursuit all trades honors and positions are alike, open to everyone and in protection of all such rights, all are equal before the Law. Any suspension or deprivation of these Rights for past conduct is punishment ———

(18)

— AND CAN NOT BE OTHERWISE DEFINED
Cummings V. Missouri, 71 U.S. 277
18 L.Ed. 356 (1867) AND SEE
Lynce V. Mathis, U.S. 137 L.Ed.2d 63,
117 S.Ct. 891 (1997)

" Custody generally encompasses most
restrictions on Liberty, resulting from a
criminal conviction, i.e. punishment."
Pack V. Yusuff, 218 F.3d 448, 455,
(5th Cir. 2000), cited in footnotes no. #51
of Kirk V. Collier, U.S. Lexis 70434,
(5th Dist. 2006)

When a punishing statute, such as "the Act."
is applied retroactively to an offense prior
to "the Act.", which denies and removes
fundamental inalienable rights of
Liberty, pursuits of Happiness, Property
Rights of the Lease of Lands, the Right to
Contract, and the right to freely apply
ones trade within the community,
thru the language and effects of "the Act."
violates not only Double Jeopardy but also
Bills of Attainder, Ex Post Facto Laws, Due
Process and the Separation of Powers Doctrine.

In light of the forgoing Defendants Arguments
fail and Plaintiff establishes a substantial
likelihood of success on the merits of
his case.

8   Plaintiff has previously withdrawn any equal protections claims listed in D.S.R. pg. 12. And Complaint Ground No.# 16 Plaintiff wishes to withdraw any unconstitutionally vague claims listed in D.S.R. pg 22 & 23., and as ground 11. of original complaint.

In the interest of Judicial economy, and to increase Plaintiffs likelihood of success on the merits of the case Plaintiff hereby withdraws the following grounds of his complaint under stipulation they may be reasserted at a later date in a separate complaint.

Original Complaint No.#'s  9. Overly broad and excessive
10. Concerning Documentation of Identity
11. Vagness, as stated above
13. Aggressive Notification Via the Flyer
15. In Person Reporting

Plaintiff has responded to the D.S.R. with respect to the remaining claims of his complaint as ordered by the Court.

(20)

# 9   ROSTER of REMAINING Claims

ORIGINAL Complaint No.ᵈ

1. Retro-Application of "the Act." to A Conv. prior to "the Act." violates; Due Process, Separation of Powers Doctrine, Double Jeopardy, Ex Post Facto AND Bills of Attainder Doctrine.

2. Retro-Application of "the Act." to A Conv. prior to "the Act." violates; Ex Post Facto Laws.

3. Retro-Application of "the Act." to A Conv. prior to "the Act." Violates; Due Process

4. Retro-Application of "the Act." to A Conv. Prior to "the Act." violates; The Separation of Powers Doctrine

5. Retro-Application of "the Act." to A Conv. prior to "the Act." violates; Double Jeopardy.

Original Complaint no.²

6. Retro-application of "the Act." to a
conv. prior to "the Act." violates
Bills of Attainder/Pains and Penalties Doctrine

7. Retro-application of "the Act." to a
conv. prior to "the Act." violates;
The Privileges and Immunities Clause
of The U.S. Const.

8. Retro-application of "the Act." to a
conv. prior to "the Act.", ;on it's face and
in it's effects violates Ex Post Facto Laws.

12. Retro-application of "the Acts." sec.s
15-20-26 et. al. prohibiting certain residence,
and Employment locations and living
accomodations, to a conv. prior to "the
Act." removes inalienable fundamental
rights, (ie Liberty, pursuits of happiness,
and property rights (to contracts for
housing and employment,), and the right
to freely apply ones trade within the
community, violates; Due Process, Double
Jeopardy, Ex Post Facto, Bills of Attainder
and the Separation of Powers Doctrine.
(22)

Original Complaint No.#

14. Retro-application of "The Act." Secs 15-20-23 and 23.1, advance notice of intent to change residence and/or employment Locations removes inalienable fundamental Const. Rights of Liberty, pursuits of happiness and Property rights, of Contracts and to freely apply ones trade within the community, and when applied to a conv. prior to "the Act." violates Due Process, Double Jeopardy, Ex Post Facto, Bills of Attainder/Pains and Penalties and the Separation of Powers Doctrine.

15. Retro-application of "the Act." Secs 15-20-24, in person reporting and giving of information and Secs 15-20-23 and 23.1, advance notice of intent to change residence (30 days advance notice) and/or employment (7dys advance notice), removes ones AL. State and Federal Constitutional Rights Against Self-incrimination as the reporting in person and the giving of information is compelled by statute under pain of prosecution for failure to comply —

(23)

ORIGINAL complaint.

— AND information MAY form basis of
investigation for prosecutions of
untimely Reporting, AND/OR violations
of the Residence AND Employment
Restrictions SEC. 15-20-26 et.al.;
AND when applied to A CONV. PRIOR
to "the Act." violates Due Process,
Double Jeopardy, Ex Post Facto, Bills of
Attainder, AND the Separation of
Powers Doctrine.

10.    Summary of Remaining Claims

✱ A. Remaining claims contain no claims
against disemination of information,—
ie, Community notification via whatever means.

B. Remaining claims challenge Retro-Application
of Registration (ie. giving of information)
"combined" with the Residence AND Employment
Restrictions, AND the failure AND/OR untimely
Reporting statutes for which an investigation
AND/OR prosecution may commence, from
information provided by offender ——

(24)

- WHERE the REPORTING AND giving of information of RESIDENCE AND/OR EMPLOYMENT LOCATIONS, AND/OR SPECIFIC dates, is compelled by STATUTE UNDER PENALTY of PROSECUTION, AND AN investigation AND/OR PROSECUTION MAY begin from this information, violates AL. AND FEDERAL CONSTITUTIONAL LAWS AGAINST SELF-INCRIMINATION AND when applied RETROACTIVELY to a CONVICTION PRIOR to "the Act.", violates Due PROCESS, Ex Post Facto, Double JEOPARDY, Bills of ATTAINDER AND the SEPARATION of POWERS DOCTRINE.

C. REMAING Claims challenge RETRO-Application of the RESIDENCE AND EMPLOYMENT RESTRICTIONS of WHEN AND WHERE ONE MAY RESIDE AND WORK, effectively RESTRAINING, REMOVING, AND denying ONE'S INALIENABLE FUNDAMENTAL CONSTITUTIONALLY VESTED Rights of LIBERTY, Pursuits of HAPPINESS AND PROPERTY Rights to CONTRACT for housing, AND EMPLOYMENT, AND the Right to FREELY APPLY ONE'S trADE within the COMMUNITY AS ONE is NOT ABLE to EXERCISE —

(25)

— One's Liberty to Live and work when
And where one desires in the
pursuits of happiness And property
interests lie in the Rights to
Contract and to freely apply one's
trade within the community
Any restraints on Liberty for a
past offense is punishment, Any
restraints or removal of fundamental
inalienable Constitutionally vested
Rights for a past offense is
punishment, And when "the Act" is
applied retroactively to a conviction
prior to the Act, violates Due
Process, Ex Post Facto, Double Jeopardy,
Bills of Attainder And the Separation
of Powers Doctrine.
Inalienable Fundamental Rights Violations
demand the Strict Scrutiny Standard of
review And not Rational Relation.
See. Cummings V. Missouri, 71 U.S. 277, 18 L.Ed. 356
(1867), Back Vs. Yusuft, 218 F.3d. 448, 455,
(5th Cir. 2000), cited in footnotes no.# 51 of
Kirk Vs. Collier, US Lexis 70434 5th Dist
(2006), Calder V. Bull 3 US. 386, 390
1 L.Ed. 648 (1798.)

(26)

<u>Collins V. Youngblood</u> 497 U.S. 37, 111 L.Ed.
2d 30, 110 S. Ct. 2715 (1990)
<u>Langraf V. U.S.I. Film Prods.</u> 511 U.S. 244,
128 L.Ed. 2d 299 (1994)

"The Likelihood of injurous disclosure
not prosecution prompts the Right
Against Self-Incrimination."
<u>Lefkowitz V Turley</u> 38 L.Ed 274 (1973)

"Notwithstanding phrase in any criminal
case in text of self-incrimination Clause
of U.S. Const's 5th Amed., Clauses protection
encompasses compelled statements that
lead to discovery of incriminating evidence,
even though statements themselves are
not incriminating and are not introduced
into evidence." <u>U.S. V. Hubbell,</u> 147
L.Ed. 2d 24, (2000)

"One is Privileged not to answer to official
questions in any proceeding, civil, criminal, formal
or informal where answers might incriminate
or form basis of investigation for future
criminal procedings." <u>Baxter V. Palmigiano</u>
<u>425 U.S. 308, 47 L.Ed. 810. 96 St.Ct. 1551 (1996)</u>
(27)

II. The ALASKA Act, and The ALASKA Case, Smith V. Doe 538 U.S. 84, 155 LEd. 2d 164, 123 S.Ct. 1140 (2003), V. ALi's "Act." and The Present Case

A. The ALASKA Act. has only 2 componets, (1) Registration and (2) Community Notification via the internet, with no restrictions on residence or employment.
Alabama's Act. restricts when and where one may reside and work

B. Smith V. Doe challenged Registration and Community Notification

C. Present case makes no challenge to Community Notification, notification cases are useless.

D. Present Case challenges Registration "combined" with the Residence and Employment restrictions,

E. Smith V. Doe, and any case relying on Smith V. Doe, or any case failing to charge retroactive application to a conviction prior to the "Act." or any case failing to challenge Registration —

(28)

— COMBINED with RESIDENCE AND EMPLOYMENT RESTRICTIONS FOR VIOLATIONS OF SELF-INCRIMINATION LAWS, ARE EFFECTIVELY RENDERED USELESS AND INCOMPRABLE TO PRESENT CASE.

F. Plaintiff submits PRESENT CASE is one of first impression.

12.    Effects of The Act, under
Kennedy v. Mendoza-Martinez,
372 U.S. 144, 168-169, 83 S.Ct. 554,
9 L.Ed. 2d 644 (1963), concerning Ex Post
Facto and Bills of Attainder

Deprivations of fundamental inalienable
rights for past conduct is punishment
and should satisfy and end the Court's
inquiry. However in order to be as
thourough as possible Plaintiff will
show the Unconstitutionality of "the Act,"
thru the seven factors of Kennedy v.
Mendoza-Martinez, "though they are
neither exhaustive nor dispositive"
U.S. v. Ward, 448 U.S. at 249, 100 S.Ct.
2636; Firearms, 465 U.S., at 365 N.7,
104 S.Ct. 1099, but are "useful guideposts"
Hudson, 522 U.S., at 99, 118 S.Ct. 488.

1. Whether or not thru it's necessary operation
the regulatory scheme has been regarded in our
history and traditions as a punishment.

A. As stated above and elsewhere herein,
the Act, removes fundamental Inalienable
rights of Liberty, Pursuits of Happiness and
Property Rights to Contract and freely apply
one trade within the community by the—

— Language and effects of "the Act".
Removal of these rights for a
past conviction is punishment, and
can not be otherwise defined,
See; <u>Cummings V. Missouri, 71 U.S. 277</u>
<u>18 L.Ed. 356 (1867)</u> and cited in;
<u>Lynce V. Mathis U.S. 137 LEd. 2d 63,</u>
<u>117 S. Ct. 891 (1997)</u>
and also removes the rights against
Self-incrimination, again "the Act" is
a punishing statute and can not
Constitutionally be applied to a conv.
occurring prior to "the Act", and
the Courts inquiry should end here, however,

2. Whether or not "the Act." imposes an affirmative
disability or restraint.
A. "The Act." on it's face and in effects
deprives one of the fundamental inalienable
rights of (A1.) Liberty to live and work
when and where one chooses in (A2.) The
Pursuits of Happiness and in that pursuit
to Exercise ones (A3.) Property rights of
contracts for housing, employment and to
freely apply ones trade within the community—
(31)

— thru "The Acts." Residence and employment restrictions, and one is disabled and restrained from exercising the rights against self-incrimination thru the registration and reporting requirements "combined" with the housing and employment restriction for which prosecution and/or an investigation may begin. SEE; "Custody generally encompasses most restrictions on liberty resulting from a criminal conviction," i.e. punishment." PACK Vs. Yusuft, 218 F. 3d. 448, 455, (5th Cir 2000) cited in footnotes No.# 51 of Kirk Vs. Collier, U.S. Lexis 70434, 5th Dist. 2006.

3 Promotes the traditional aims of punishment.
A. "The Act." promotes (1) deterance and (2) Public Saftey, just as all criminal statutes do. Deterance and Public safety would infer a Rationale Relation Standard of review, this present case demands the higher strict scrutiny Standard of Review for inalieable fundamental Constitutionally vested Rights of Liberty, Pursuits of Happiness and Property Rights of, Contracts for housing —

(32).

- And employment and the right to freely apply one's trade within the community, which are violated by "the Acts" residence and employment restrictions.

4. Rational connection to a nonpunitive purpose. Again this infers the Rational Relation Standard of Review, however this present case involves Fundamental Inalienable Rights Violations and demands the Higher Standard of Strict Scrutiny as stated above in 1. 2. and 3. and redundantly throughout the foregoing.

5. Excessive with respect to "the Acts" intended purpose. Again this infers a rational relation standard of review where this present case demands the higher Strict Scrutiny Standard of Review for Fundamental Inalienable Rights violations as stated in 1.2.3.and 4. above and redundantly throughout the fore going.

(33)

6. Whether "the Act." comes into play only on a finding of Scienter.

A. No guilty Knowledge is required, as even procedural violations, such as untimely registering and/or untimely reporting of changes in residence and/or employment locations are prosecuted as Class C felonies, and/or unknowingly violating the residence and/or employment restrictions.

7. Whether the conduct/behavior to which "the Act." applies is already a crime.

A. "The Act." makes criminal, conduct that was previously legal, such as the exercise of Fundamental Inalienable Rights of (1) Liberty to live and work when and where one chooses in, (2) The Pursuits of Happiness to (3) Exercise ones Property Rights of intents in Contracts for housing and employment and to freely apply ones trade within the community, and (4) the exercise of the Constitutionally vested Rights against Self-Incrimination, by "the Acts." Registering and reporting requirements and it's Residence and employment restrictions.

(34)

Art. 1 sec. 10 cl. 9, of the U.S. Federal Const., states; No State shall pass any Bill of Attainder or Ex Post Facto Law.

To violate U.S. Const Art. 1 sec. 10, cl. 9, "The Act,"

1. Must be retroactive, applying to events occurring before it's enactment.
(Plaintiff's classifying conviction date 1983 "Acts," effective date 1996 as amended thru 2005)
(The Act applies to plaintiff's conv. prior to it's enactment)

2. It must disadvantage the offender effected by it, ie, change legal consequences, or alter a substantial right. ("The Act.", as redundantly stated throughout herein, Removes the rights against ① self-incrimination thru the registering/reporting requirements "combined", with the residence and employment restrictions, and removes the fundamental Inalienable Rights of ② Liberty to live and work when and where one chooses in the ③ Pursuits of Happiness and to exercise ones ④ Property Rights of interests in contracts for housing and employment and to freely apply ones trade within the —

(35)

— COMMUNITY, thru the RESIDENCE AND
EMPLOYMENT RESTRICTIONS.)
Ex Post Facto Law - Collins Vs. Youngblood
497 U.S. 37, 111 L.Ed. 2d, 30 (1990)

Plain and obvious meaning that "NO State
shall pass ANY Ex Post Facto Law" is that
Legislatures shall not pass laws AFTER AN
act done which shall have RElation to
such act or shall punish.
Calder Vs. Bull, 3 U.S. 386, 390,
1 L.Ed. 648 (1798)

Plaintiff submits in light of
the forgoing, the Act. as applied
to Plaintiffs 1983 conv. for
misdemeanor sexual Battery, violates
Ex Post Facto Law and the Bills of
Attainder Doctrines.

13. Plaintiff reasserts the 4 prerequisites for
injunctive relief and the Examples of similar cases
where injunctive relief issued, contained in the
recently submitted (filed 11th of Jan. 2008) objection to
(pgs:
23,24,25) the Courts recommendation, and asks the Court
consider stated papers. along with this filing.
) (36)

## 15.    CONCLUSION

By Withdrawing certain claims, and By the perponderance of evidence of the statutory language of "the Act." et.al., sworn affidavit, the foregoing sworn response, relevent case law, the 7 Mendoza-Martinez factors, and the 2 Collins v. Youngblood factors, The laws and Rights of the Alabama Const. of 1901, and U.S. Federal Constitutional laws and Rights, plaintiff submits establishment of a substantial likelihood of success on the merits of his claims for relief and the issuance of the Preliminary Injunction sought, or, in the alternative requests the court sever and save such portions of "the Act." deemed not offensive to U.S. and AL. Const. laws, by severing secs 15-20-23 and 15-20-23.1 — advance notice of changes in residence and/or employment locations, and severing 15-20-26 et.al. — prohibiting/restricting residence and employment locations, for a classifying offense occurring in 1983, over a decade prior to "the Act."

Plaintiff respectfully requests this Court consider treating this Response to Defendants Special Report as a motion for Summary Judgement and enter judgement in either foregoing form in favor of this Plaintiff.

Respectfully Submitted.

Jimmie E. Parker

Jimmie E. Parker

# Attestation Under 28 U.S.C.S. 1746

I hereby certify under 28 U.S.C.S. 1746 and penalty of perjury the foregoing is true and correct to the best of my knowledge and belief this 22nd day of January, 2008

_Jimmie E. Parker_

Jimmie E. Parker

I Jimmie E. Parker and the undersigned witnesses and authority do hereby declare that Jimmie E. Parker is 18 yrs of age or older and of sound mind.

WITNESS 1. _Penny Blakley_    sign

_Penny Blakley_    print

WITNESS 2. _Sherry Adams_    sign

_Sherry Adams_    print

County of _Mobile_

State of _Alabama_

Subscribed, sworn, signed and witnessed before me this _22nd_ day of _January_ _2007_.

_Sally Garner_        7-25-2009

NOTARY            Comm. Exp. Date

(39)

Proof of Service and Certificate of Service,

Under 28 U.S.C.S. 1746

I certify that I have this 22nd day of January, 2008, served a true and correct copy of the foregoing on all Defendants listed and Addressed below, by placing same in the U.S. Mail with proper postage affixed. _Jimmie E. Parker_

AL. Attny. Gen. Troy King
% Joshua Bearden
11 S. Union St.
Montgomery, AL. 36130-0152

Jimmie E. Parker
2960 Belle Aire Blvd.
Theodore, AL. 36582

Gen. Counsel for The AL.
Dept. of Public Safety
P.O. Bx. 1511
Montgomery, AL. 36102-1511

_Jimmie E. Parker_
Signature

AL. Dept. of Corrections
% Neal P. Conner of Counsel
Legal Div., 301 S. Ripley St.
P.O. Bx. 301501, Montgomery AL.
36130

and to: U.S. District Court Clerk
P.O. Bx. 711,
Montgomery, AL. 36101-0711

Mobile,
County of Alabama
State of Alabama

Subscribed and sworn before me this 22nd day of January, 2008

_Sally Jarvis_
Notary

My Commission Expires
7-25-09
(140) Comm. Exp. date

U.S. District Court Clerk
P.O. Box 711
Montgomery, AL. 36101-0711

Simmie E. Parker
1960 Belle Air Blvd.
Theodore, AL. 36582.

Plaintiff's Exhibit __B__

<u>Sworn Affidavit Under 28 U.S.C.S. 1746.</u>

(1.)    Around September 2007 Plaintiff attempted to give advance Notice of a change in Employment locations, but was denied his Federal and State Const. Rights of ① Liberty to choose when and where he would work, in the ② Pursuits of his Happiness, and was denied exercising his ③ Property Rights interests in the right to contract for employment and to freely apply his trade within the community, retroactively for a conv. occurring prior to "the Act." in violation of AL. and Federal Const. Laws. Plaintiff was tentatively hired pending notification via Registration of such to Law Enforcement as prescribed by "the Act," but was denied submission of the information and I was prevented and denied from accepting employment by retro-application of "the Act.", due to the location of the companies Office location and also the location of where said work was to be actually performed-

A (1)

— which was a 2nd location.

(2) Then in Dec. 2007, Plaintiff was directed by his lawful employer, on 24 hrs. notice to report to a job out of State for a job with 7 days duration, I was again unable to exercise my fundamental Inalienable Rights Listed in no.#(1) of the foregoing, due to retro-application of "the Act."

(3) Then in Jan., 2008, Plaintiff was directed by his lawful employer to report to yet another job out of State, on 24 hrs notice, for a job with 7 days duration, I was again unable to exercise my fundamental inalienable Rights Listed in no.#1 of the foregoing, due to retro-application of "the Act." for a classifying offense in 1983, occurring over a decade prior to the "1996 Act." as amended thru 2005

(A) (2)

(4.) PLAINTIFF IN the PAST, 1999 thru
2003, has supplemented my INCOME
by WORKING FOR LABOR FINDERS, which
ASSIGNS jobs on AS little AS 30 mins
NOTICE, AND job site is UNKNOWN, AND
CAN change from day to day.
I AM PREVENTED AND DENIED EXERCISE
of fundamental INALIENABLE Rights
listed in No.# 1 of the FORGOING, by
RETRO-APPLICATION of "the Act.", 1996 AS
amended thru 2005, FOR A 1983 CONV..

I certify the foregoing to be true and correct to the best of my Knowledge & belief,
under 28 USC 1746. SWORN AND SIGNED this 22nd day of JANUARY,
2008.

_Jimmie E. Parker_
Jimmie E. PARKER
2960 BELLE AIRE Blvd.
Theodore AL. 36582

County of Mobile
State of Alabama

Subscribed AND SWORN before me this 22nd day of
January, 2007.

_Sally James_                    7-25-09
NOTARY                    COMM. EXP. Date

(A)(3)